1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **NORTHERN DISTRICT OF CALIFORNIA**

10 **OAKLAND DIVISION**

| | | |
|---|---|---|
| 11 | IN RE STATIC RANDOM ACCESS | ) Case No. M:07-cv-01819-CW |
| 12 | MEMORY (SRAM) ANTITRUST LITIGATION | ) MDL No. 1819 |
| 13 | | ) **JOINT CASE MANAGEMENT** |
| 14 | | ) **CONFERENCE STATEMENT** |
| 15 | This Document Relates to: | ) |
| 16 | ALL ACTIONS | ) |
| 17 | | ) |

18

19     In accordance with the Court's Standing Order and the First Pretrial Order, the parties

20 hereby submit this Joint Case Management Conference Statement in advance of the Case

21 Management Conference scheduled for June 1, 2007 at 1:30 p.m.

22     1.   <u>Jurisdiction</u>: The Direct-Purchaser complaints in this action have been filed under

23 Section 1 of the Sherman Act, 15 U.S.C. § 1, seeking damages under Section 4 of the Clayton

24 Act, 15 U.S.C. § 15, upon which federal jurisdiction is predicated. The Indirect-Purchaser

25 complaints in this action allege claims for injunctive relief under Section 16 of the Clayton Act,

26 15 U.S.C. § 26, for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, and violations of

27 various state antitrust and consumer protection laws, both as supplemental claims under 28

28

1   U.S.C. § 1367, and as original jurisdiction under the Class Action Fairness Act, 28 U.S.C. §

2   1332.

3        Plaintiffs contend that this Court has jurisdiction over the federal claims under 28 U.S.C.

4   §§ 1331 and 1337. Plaintiffs also contend that this Court has jurisdiction over the state law

5   claims asserted by the indirect-purchaser plaintiffs under 28 U.S.C. § 1367, as well as, under 28

6   U.S.C. § 1332, as amended by the Class Action Fairness Act.

7        Certain defendants may contest jurisdiction.

8        By Order dated February 9, 2007, the Judicial Panel on Multidistrict Litigation

9   transferred all related SRAM cases to this Court for coordination and/or consolidation of pretrial

10   proceedings.

11     2.   Service: All defendants in these actions have not been served. Some of the

12   parties will generally agree to an extension of the 120-day service period for those defendants

13   not yet served. Such period shall commence following the filing of a Consolidated Amended

14   Complaint ("Complaint") by the Direct-Purchaser Plaintiffs and a separate Consolidated

15   Amended Complaint by the Indirect-Purchaser Plaintiffs. However, all defendants are not

16   similarly situated, and service issues may need to be resolved on a case by case basis.

17     3.   Facts: There are two general categories of cases in these related actions: (1) those

18   brought under federal law on behalf of *direct* purchasers, and (2) those brought under federal law

19   for injunctive relief and pendant claims brought under state laws on behalf of *indirect*

20   purchasers, for which there are over seventy complaints covering twenty-five different states.

21   All plaintiffs allege that they purchased SRAM computer chips either directly or indirectly from

22   defendants or from their alleged co-conspirators. Plaintiffs sue to recover damages allegedly

23   caused by the defendants' alleged conspiracy to raise, fix, maintain and/or stabilize prices on

24   SRAM chips sold in the United States and elsewhere. All plaintiffs claim that the alleged

25   conspiracy began no later than January 1, 1998 and continued through at least December 31,

26   2005 (the "Class Period").

27

28

1      In or about October of 2006, the Antitrust Division of the United States Department of

2  Justice ("DOJ") sent out subpoenas to some but not all of the defendants in connection with an

3  investigation of alleged cartel activity in the SRAM industry.

4      4.    Legal Issues:

5          4.a.    Plaintiffs' Statement:  Plaintiffs respectfully suggest that legal issues

6  include, but are not limited to:

7            i.    Whether classes of persons who purchased SRAM chips directly or

8                indirectly from defendants should be certified and whether plaintiffs

9                adequately represent those classes;

10           ii.    Whether defendants engaged in a contract, combination or conspiracy to

11                fix, raise, maintain or stabilize the prices of, and/or allocate the markets

12                for, SRAM in the United States;

13          iii.    Whether the conduct of defendants that is allegedly unlawful under the

14                applicable laws caused prices of SRAM in the United States to be

15                artificially high and at anti-competitive levels;

16          iv.    Whether plaintiffs and other members of the class alleged by plaintiffs

17                were injured by the alleged unlawful conduct of defendants and, if so, the

18                appropriate class-wide measure of damages.

19          4.b.    Defendants' Statement:  Defendants respectfully suggest that legal issues

20  include, but are not limited to:

21            i.    Whether each defendant has been properly served with process;

22           ii.    Whether the Court has personal jurisdiction over defendants who have

23                been properly served;

24          iii.    Whether the Court has subject matter jurisdiction over each of the claims

25                plaintiffs assert;

26          iv.    Whether these proceedings should be stayed, in whole or in part, due to

27                the pending investigation of the United States Department of Justice

28

1    Antitrust Division;

2    v.    Whether plaintiffs have alleged a conspiracy that satisfies the pleading

3    requirements for a conspiracy under *Bell Atlantic Corp. v. Twombly*, ___

4    U.S. ___, 2007 WL 141066 (U.S. May 21, 2007);

5    vi.    Whether plaintiffs have standing to assert their claims;

6    vii.    Whether any class of direct or indirect purchasers of SRAM may be

7    certified;

8    viii.    Whether defendants engaged in a contract, combination or conspiracy to

9    fix, raise, maintain or stabilize the prices of, and/or allocate the markets

10    for, SRAM in the United States;

11    ix.    Whether "SRAM" constitutes a single relevant market and, if not, the

12    appropriate product market definition;

13    x.    Whether the conduct of defendants that is allegedly unlawful under the

14    applicable laws caused prices of SRAM in the United States to be

15    artificially high and at anti-competitive levels;

16    xi.    Whether plaintiffs and other members of the class alleged by plaintiffs

17    were injured by the alleged unlawful conduct of defendants and, if so, the

18    appropriate class-wide measure of damages.

19    5.    Amendment of Pleadings:  Interim Lead Class Counsel for the Direct-Purchaser

20    Plaintiffs and Interim Lead Class Counsel for the Indirect-Purchaser Plaintiffs shall file separate

21    Consolidated Amended Complaints by June 15, 2007.

22    6.    Threshold Motions:

23    6.a.  Plaintiffs' Statement:    At present, no motions have been filed. At this time,

24    plaintiffs have not been advised of anticipated motions that defendants intend to file. However,

25    plaintiffs believe that the conspiracy is sufficiently alleged and no motion could result in

26    dismissal of the entire case.  Plaintiffs do not know whether or which defendants will contend

27    that there is no personal jurisdiction.. If there turns out to be such a response, discovery likely

28

-4-

1   will be necessary on any jurisdictional motions. Motions may be necessary should discovery

2   disputes arise. It is anticipated that plaintiffs will file motions for class certification in

3   accordance with the schedule below. Because plaintiffs have yet to file their Consolidated

4   Amended Complaints, any discussion of *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 2007 WL

5   1461066 (U.S. May 21, 2007) is premature. Plaintiffs see no reason to discuss this decision at

6   this Case Management Conference.

7            6.b. Defendants' Statement: On May 21st, the United States Supreme Court

8   issued its decision in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 2007 WL 1461066 (U.S.

9   May 21, 2007), holding that a complaint fails to state an actionable claim under section 1 of the

10   Sherman Act where it fails to allege "enough factual matter . . . to suggest that an agreement was

11   made." See Opinion ("Op.") attached as Exhibit C, at 6. Conclusory allegations of

12   "conspiracy", without more, are insufficient. *Id.* In reaching this result the Court not only

13   affirmed the general principle that the "formulaic recitation of the elements of a cause of action

14   will not do" (*id.,* citing *Papasan v. Allain,* 478 U.S. 265, 286 (1976)), but expressly disapproved

15   the oft-quoted (though misinterpreted) language from *Conley v. Gibson,* 335 U.S. 41, 47 (1957),

16   that "a complaint should not be dismissed for failure to state a claim unless it appears beyond

17   doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

18   to relief." 335 U.S. at 45-46. "This famous observation," said the Court, "has earned its

19   retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading

20   standard." Op., Exh. C at 8.

21            Tested against the Supreme Court's decision in *Twombly,* there is no doubt that the

22   various complaints now before the Court fall seriously short. In *Twombly,* the Court ruled that a

23   complaint that contained no more than "an allegation of parallel conduct and a bare assertion of

24   conspiracy will not suffice." Op, Exh. C at 6. In these cases, not even that much is provided.

25   Taking, as an example, the complaint filed by lead counsel for the direct purchasers, *Ma. v.*

26   *Alliance Semiconductor Corp.*, No. C 06 6511 ("Complaint"), plaintiffs assert no more than that

27   the defendants are manufacturers of SRAM, that prices of SRAM declined for several years and

28

1  that "[i]n view of the economic conditions of the industry, the defendants entered into

2  agreements designed to combat the price decline in the industry." Complaint, paragraphs 45-47,

3  52-54. No factual information as to the time, place, date or parties to any such alleged

4  agreements is provided. The facially innocuous (and commonplace) fact that prices may have

5  varied over time does not, standing alone, remotely imply the existence of an agreement to fix

6  prices. The only additional gloss on these bare bones, conclusory assertions are the recitation

7  that a few of the defendants named in the complaint previously had been involved in the so-

8  called "DRAM" cases and the fact that the Antitrust Division is investigating "the SRAM

9  market." See Complaint, paragraphs 55-56. Those matters add nothing of substance to the

10  allegations made as against any defendant, particularly those firms that were not involved in the

11  DRAM cases and/or have not even received subpoenas from the United States as part of its

12  pending investigation.

13  Given the demonstrable failure of the present complaints to meet the standards

14  established by the Supreme Court's decision in *Twombly*, defendants expect to move to dismiss

15  the complaints in these proceedings unless plaintiffs are able to provide—consistent with Rule

16  11—"factual" allegations sufficient to show that each of the defendants sued here has

17  participated in a conspiracy to raise SRAM prices. Meanwhile, as we explain in greater detail in

18  Section 17, *infra*, there is no basis for these cases to proceed with discovery. The Court was

19  quite explicit in noting that—as it first said in another antitrust case, *Associated General*

20  *Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17 (1983)—"a district court must

21  retain the power to insist upon some specificity in pleading before allowing a potentially massive

22  factual controversy to proceed." Op., Exh. C at 7. See pp. 8-9, *infra*.

23  In addition to moving to dismiss the Consolidated Amended Complaints based on

24  *Twombly*, defendants anticipate that other threshold motions to dismiss may include motions

25  based on insufficiency of service of process, lack of personal jurisdiction, lack of subject matter

26  jurisdiction, lack of standing, and possibly other pleading defects. Defendants do not agree that a

27  motion based on lack of personal jurisdiction is likely to require discovery as to that issue.

28

1    Where practicable defendants will coordinate their efforts to minimize duplicative
2  motions directed to the Consolidated Amended Complaints; however, no defendant shall be
3  prevented from filing any motion that it deems to be in its best interest.

4       7.    Evidence Preservation:  The parties are taking reasonable steps to implement the
5  preservation of evidence provision in Pretrial Order No. 1.  Plaintiffs and defendants will meet
6  and confer with respect to electronic evidence in accordance with Federal Rule of Civil
7  Procedure 26.

8       8.    Disclosures:

9            8.a.    Plaintiffs' Statement:  Plaintiffs believe that Initial Disclosures should
10  occur on or before June 15, 2007.

11            8.b.    Defendants' Statement:  Defendants believe that Initial Disclosures should
12  be deferred until resolution of their anticipated motions to dismiss and those defendants who
13  remain in the case, if any, have filed Answers to the Consolidated Amended Complaints.

14       9.    Discovery:  Discovery for the Direct-Purchaser Plaintiffs and the Indirect-
15  Purchaser Plaintiffs shall be coordinated.

16       10.   Class Actions:  The Direct-Purchaser Plaintiffs and the Indirect-Purchaser
17  Plaintiffs each anticipate filing their own respective Motion for Class Certification.  Defendants
18  anticipate that they will oppose the Motions for Class Certification.

19       11.   Related Cases:  By Order dated February 9, 2007, the Judicial Panel on
20  Multidistrict Litigation transferred all related SRAM cases to this Court for coordination and/or
21  consolidation of pretrial proceedings.  The cases pending before this Court are set forth on the
22  attached **Exhibit A**.

23       12.   Relief:  Plaintiffs seek money damages, including treble damages for violations of
24  the federal antitrust laws, damages to the maximum extent allowed under the various state laws,
25  money, restitution and/or disgorgement for violations of state unfair competition laws, and
26  injunctive relief against continued practices.  Plaintiffs also seek their attorneys' fees and costs
27  pursuant to law.  Defendants deny that any plaintiff is entitled to any relief.

28

-7-

1      13.    Settlement and ADR: The parties agree that ADR procedures may be appropriate

2 at a future date. The parties do not believe a settlement conference is appropriate at this time, but

3 will endeavor to engage in settlement discussions independent of court involvement at such time

4 as those conversations may be appropriate.

5      14.    Consent to Magistrate Judge for All Purposes: The parties do not consent to have

6 a magistrate judge conduct all further proceedings including trial.

7      15.    Other References: The parties would not be adverse to the appointment of a

8 special master to address potential discovery disputes.

9      16.    Expedited Schedule: The parties do not believe this is the type of case that can be

10 handled on an expedited basis with streamlined procedures.

11      17.    Scheduling:

12            17.a.    Plaintiffs' Statement: See plaintiffs' proposed schedule attached as

13 **Exhibit B**.

14            17.b.    Defendants' Statement: As set forth in detail in defendants' proposed

15 schedule, defendants believe that any pre-trial schedule needs to take account of two overriding

16 considerations: first, that in light of the Supreme Court's decision yesterday in *Twombly* (Exh. C

17 hereto), no discovery is appropriate unless and until plaintiffs have filed a legally sufficient

18 complaint and, second, in light of the pending investigation involving some of the defendants

19 discovery ought to be stayed (with limited exceptions) pending completion of that investigation.

20 Defendants discuss each of these issues briefly, in turn.

21          1.     *Twombly*

22      As discussed previously, in Section 6b, *supra*, the Supreme Court on May 21 held that an

23 antitrust conspiracy complaint is insufficient unless it contains sufficient factual allegations

24 beyond conclusory assertions of a conspiracy among the defendants. In this case, not only are

25 such allegations lacking as a general matter, but it seems evident that plaintiffs have simply sued

26 any company that the plaintiffs were able to identify as a seller of SRAM without regard to the

27

28

1    nature of its business or, even, whether that defendant is subject to the pending investigation.

2    That is precisely the type of case, and the type of pleading, that *Twombly* intends to foreclose.

3       In reaching its decision, the Court went out of its way to discuss at some length the

4    essential relationship between a sufficient complaint and the commencement of discovery. The

5    Court noted that "it is one thing to be cautious before dismissing an antitrust complaint in

6    advance of discovery . . . but quite another to forget that proceeding to antitrust discovery can be

7    expensive." Op., Exh. C at 7. The Court then quoted, with approval, both its earlier statement in

8    *Associated General Contractors,* that we mentioned previously (see p. 6, *supra*) as well as the

9    Seventh Circuit's observation that "the costs of modern federal antitrust litigation and the

10    increasing caseload of the federal courts counsel against sending the parties into discovery"

11    when it is not apparent that there is a viable antitrust claim. *Id.*, *quoting Car Carriers, Inc. v.*

12    *Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).

13       The Court also expressly rejected the proposition that "a claim just shy of a plausible

14    entitlement to relief can, if groundless, be weeded out early in the discovery process through

15    'careful case management'." *Id.* Rather, "it is only by taking care to require allegations that

16    reach the level suggesting conspiracy that we can hope to avoid the potentially enormous

17    expense of discovery" in cases that lack merit. *Id.*

18       If plaintiffs can file a complaint that meets the *Twombly* standard, then it will impose

19    little burden on them to do so. On the other hand, if imposing that modest requirement

20    demonstrates—either generally, or as to certain defendants—that plaintiffs can state no more

21    than what can be gleaned from a newspaper and a list of industry participants, then that will

22    prevent the type of misuse of the litigation process to which *Twombly* speaks.

23       In addition, some defendants may have valid jurisdictional objections. If a defendant is

24    not subject to the jurisdiction of the Court, it should not be put to the burden of responding to

25    discovery requests.

26

27

28

1

          2.    The DOJ Investigation

2        *Twombly* dictates that discovery be stayed until motions to dismiss are resolved. In

3  addition, discovery ought to be stayed, with limited exceptions, pending resolution of what we

4  understand will be a request for stay that will be made in plaintiffs and, if necessary, the Court by

5  the United States. That request will be made in order to allow the investigative process to be

6  carried out without interference by private litigation. Defendants' proposed discovery schedule

7  builds in a one-year period for such a stay, having in mind that less or more time may be ordered

8  by the Court. That is an issue that the Court can monitor with the assistance of the Antitrust

9  Division.

10       Defendants' proposed schedule carves out from this "stay" production of documents

11  produced to the Grand Jury as well as basic sales data. Under defendants' schedule, those will be

12  produced 30 days after an answer is filed. It is defendants' understanding that these carve-outs

13  will be acceptable to the United States.

14       Staying discovery (except as above provided) in light of the pending investigation will

15  not bring these cases to a halt since it will take several months for the Court to hear and resolve

16  pleading and jurisdictional motions. See Exhibit B. Since, in defendants' view, *Twombly*

17  requires a stay until that time in any event, the potential delay may not end up being particularly

18  lengthy. In all events, however, a stay pending completion of the government investigation is

19  appropriate not only in the interests of the defendants, but in the interests of allowing the

20  government to proceed efficiently in what it believes is the public interest.

21      18:    Trial and Narrowing of Issues:  All plaintiffs have demanded trial by jury.  The

22  parties are not presently in a position to address whether: (a) it is feasible or desirable to

23  bifurcate issues for trial; (b) to estimate the anticipated length of trial; or (c) it is possible to

24  reduce the length of the trial by stipulation, use of summaries or other expedited means of

25  presenting evidence.

26      19.    Disclosure of Non-party Interested Entities or Persons:  The parties are in the

27  process of filing their "Certification of Interested Entities or Persons" as required by Civil Local

28

1 Rule 3-16. The following individuals or entities have filed their "Certification of Interested

2 Entities or Persons" as required by Civil Local Rule 3-16: Sharp Electronics Corporation;

3 Cypress Semiconductor Corporation; Alliance Semiconductor Corporation; Integrated Device

4 Technology, Inc.; GSI Technology, Inc.; IBM Corporation; Sony Electronics Inc.; Sony

5 Corporation of America; Sony Corporation; Winbond Electronics Corporation America; Reclaim

6 Center, Inc.; STMicroelectronics N.V.; STMicroelectronics Design and Applications S. de R.L.

7 de C.V.; STMicroelectronics Ltd.; STMicroelectronics, Inc.; NEC Electronics America, Inc.;

8 Hynix Semiconductor, Inc.; Hynix Semiconductor America, Inc.; Micron Technology, Inc.; NEC

9 Electronics Corporation; Samsung Electronics America; Toshiba America Inc.; Toshiba America

10 Electronic Components; Telular Corporation; Westell Technologies, Inc.; Frederick Rozo;

11 Arthur Madsen; Don Thompson; David Takeda; Candace Rowlette; Kym Masters; Chad Klebs;

12 Susan Juilfs; Craig Friedson; Mark Pierce; Stephanie Truong; Henry Truong; Trong H. Nguyen;

13 Jo Nash; Judd Eliasoph; Roxanne Miller; Lawrence Markey; Karol Juskiewicz; Jaimie

14 Thompson; Michael Francis Ayers; Jamie Maites; Alexander Ma; Alec Berezin; Dataplex, Inc.

15     20.    Defense Liaison Counsel. Defendants propose a steering committee for issues of

16 common interest consisting of the following: (1) Thelen Reid Brown Raysman & Steiner LLP

17 (NEC Electronics America, Inc.); (2) Sheppard, Mullin, Richter & Hampton LLP (Samsung

18 Semiconductor, Inc.); (3) Covington & Burling LLP (Integrated Device Technology, Inc.); (4)

19 O'Melveny & Myers LLP (Hynix Semiconductor America, Inc.) and (5) Latham & Watkins LLP

20 (Toshiba America, Inc.). For notice and administrative purposes only, defendants propose

21 Thelen Reid Brown Raysman & Steiner LLP as defense liaison counsel. Defense Liaison

22 Counsel have no ability to bind other defendants.

23     21.    Other Matters. The parties agree, and ask the Court to order, that electronic filing

24 of documents with the Court constitutes sufficient notice to all parties in the case. No service of

25 hard-copy documents on parties is required.

26

27

28

1   Date:   May 22, 2007

2

3

4   By _____/s/_____                    By _____/s/_____
              Steven N. Williams                            Francis R. Scarpulla
5

6   Joseph W. Cotchett (S.B. No.36324)        Craig C. Corbitt (SB No. 83251)
    Philip L. Gregory (S.B. No. 95217)        Pamela E. Woodside (SB No. 226212)
    Barbara L. Lyons (S.B. No. 173548)        Qianwei Fu (SB No. 242669)
7   Douglas Y. Park (S.B. No. 233398)         **ZELLE HOFMANN VOELBEL**
    **COTCHETT, PITRE & McCARTHY**            **MASON & GETTE, LLP**
8   San Francisco Airport Office Center       44 Montgomery Street, Suite 3400
    840 Malcolm Road, Suite 200               San Francisco, CA  94104
9   Burlingame, CA 94010                      Telephone:   (415) 693-0700
    Telephone:   (650) 697-6000               Facsimile:   (415) 693-0770
10  Facsimile:   (650) 697-0577

11  *Interim Lead Counsel and Liaison Counsel for*   *Interim Lead Counsel and Liaison Counsel for*
    *the Direct-Purchaser Plaintiffs and the*        *the Indirect-Purchaser Plaintiffs And the*
12  *Proposed Class*                                 *Proposed Class*

13

14  By _____/s/_____                    By _____/s/_____
              Kevin C. McCann                              Kenneth E. Keller
15

16  **Paul, Hastings, Janofsky & Walker LLP**  **Krieg, Keller, Sloan, Reilly & Roman LLP**
    Kevin C. McCann                            Kenneth E. Keller
17  Shinyung Oh                                Michael D. Lisi
    55 Second Street, 24th Floor               114 Sansome Street, 4th Floor
18  San Francisco, CA 94105-3441               San Francisco, CA 94104
    Tel: (415) 856-7000                        Tel: (415) 249-8330
19  Fax: (415) 856-7100                        Fax: (415) 249-8333

20  **Paul, Hastings, Janofsky & Walker LLP**  **Jenner & Block LLP**
    Peter M. Stone                             Donald R. Harris (*pro hac vice* pending)
21  695 Town Center Drive, 17th Floor          Terrence J. Truax (*pro hac vice* pending)
    Costa Mesa, CA 92626-1924                  Michael T. Brody (*pro hac vice* pending)
22  Tel: (714) 668-6200                        Melanie K. Nelson *(pro hac vice* pending)
    Fax: (714) 979-1921                        330 N. Wabash Avenue
23                                             Chicago, IL 60611
    *Attorneys   for   Alliance   Semiconductor*   Tel: (312) 222-9350
24  *Corporation*                              Fax: (312) 527-0484

25                                             *Attorneys for Mitsubishi Electric & Electronics*

26                                             *USA, Inc.*

27

28

-12-

1

2

3

By _____/s/_____                        By _____/s/_____
4          Robert P. Feldman                              Paul R. Griffin

5   **Wilson Sonsini Goodrich & Rosati**      **Thelen Reid Brown Raysman & Steiner LLP**
    Robert P. Feldman                         Robert B. Pringle
6   Maura Rees                                Paul R. Griffin
    650 Page Mill Road                        Jonathan E. Swartz
7   Palo Alto, CA 94304                       101 Second Street, Suite 1800
    Tel: (650) 493-9300                       San Francisco, CA 94105-3606
8   Fax: (650) 565-5100                       Tel: (415) 371-1200
                                              Fax: (415) 371-1211
9   *Attorneys for Cypress Semiconductor*
                                              *Attorneys for NEC Electronics America, Inc.*
10

11

12  By _____/s/_____                      By _____/s/_____
          Julia B. Strickland                         Craig Seebald
13
    **Stroock & Stroock & Lavan LLP**         **McDermott Will & Emery LLP**
14  Julia B. Strickland                       Craig Seebald
    Daniel A. Rozansky                        Joseph Eckhardt
15  Lucas A. Messenger                        600 13th Street, N.W.
    2029 Century Park East, Suite 1600        Washington, D.C. 20005
16  Los Angeles, CA 90067-3086                Tel: (202) 756-8217
    Tel: (310) 556-5800                       Fax: (202) 756-8087
17  Fax: (310) 556-5900
                                              **McDermott Will & Emery LLP**
18  *Attorneys for Epson America, Inc. and*   Daniel E. Alberti
    *Epson Electronics America, Inc.*         3150 Porter Drive
19                                            Palo Alto, CA 94304
                                              Tel: (650) 813-5019
20                                            Fax: (650) 813-5100

21                                            *Attorneys for Renesas Technology America, Inc.*

22

23

24

25

26

27

28

-13-

1
2
By _____/s/_____
Matthew S. Leddicotte

By _____/s/_____
James L. McGinnis

3   **White & Case LLP**
Matthew S. Leddicotte (*pro hac vice* pending)
4   Douglas M. Jasinski (*pro hac vice* pending)
701 Thirteenth Street, N.W.
5   Washington, D.C. 20005
Tel: (202) 626-3600
6   Fax: (202) 639-9355

**Sheppard, Mullin, Richter & Hampton LLP**
Gary L. Halling
James L. McGinnis
Ted C. Lindquist, III
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel: (415) 434-9100
Fax: (415) 434-3937

7   **White & Case LLP**
Mark F. Lambert
8   Ellen McGinty King
3000 El Camino Real
9   5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
10  Tel: (650) 213-0300
Fax: (650) 213-8158

*Attorneys for Samsung Semiconductor, Inc.*

11

*Attorneys for Etron Technology, Inc., Etron*
12  *Technology America, Inc. and Integrated*
*Silicon Solution, Inc.*

13

14  By _____/s/_____
Penelope A. Preovolos

By _____/s/_____
Roxane Polidora

15

**Morrison & Foerster LLP**
16  Penelope A. Preovolos
Stuart C. Plunkett
17  425 Market Street
San Francisco, CA 94105
18  Tel: (415) 268-7000
Fax: (415) 268-7522

**Pillsbury Winthrop Shaw Pittman LLP**
Roxane Polidora
John Janhunen
50 Fremont Street
San Francisco, CA 94105
Tel: (415) 983-1000
Fax: (415) 983-1200

19

*Attorneys for Fujitsu Ltd.*

*Attorneys for Sharp Electronics Corporation*

20
21
22
23
24
25
26
27
28

-14-

1

By _____/s/_____
2        Jeffrey M. Shohet

3  **DLA Piper US LLP**
   Jeffrey M. Shohet
4  Mark H. Hamer
   Christopher J. Beal
5  401 B Street, Suite 1700
   San Diego, CA 92101
6  Tel: (619) 699-2700
   Fax: (619) 699-2701

7
   DLA Piper US LLP
8  Noelle Dunn
   2000 University Avenue
9  East Palo Alto, CA 94303
   Tel: (650) 833-2000
10 Fax: (650) 833-2001

11 *Attorneys for GSI Technology, Inc.*

12

13
   By _____/s/_____
14        Craig Seebald

15 **McDermott Will & Emery LLP**
   Craig Seebald
16 Joseph Eckhardt
   600 13th Street, N.W.
17 Washington, D.C. 20005
   Tel: (202) 756-8217
18 Fax: (202) 756-8087

19 **McDermott Will & Emery LLP**
   Daniel E. Alberti
20 3150 Porter Drive
   Palo Alto, CA 94304
21 Tel: (650) 813-5019
   Fax: (650) 813-5100

22
   *Attorneys for Hitachi America Ltd.*
23

24

25

26

27

28

By _____/s/_____
         Stephen V. Bomse

**Heller Ehrman LLP**
Stephen V. Bomse
David M. Goldstein
Elisabeth R. Brown
333 Bush Street
San Francisco, CA 94104
Tel: (415) 772-6000
Fax: (415) 772-6268

*Attorneys for Sony Corporation of America*

*and Sony Electronics Inc.*

By _____/s/_____
         Samuel R. Miller

**Sidley Austin LLP**
Samuel R. Miller
Edward V. Anderson
Russell L. Johnson
Teague I. Donahey
Patrick M. Lonergan
555 California Street, Suite 2000
San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400

*Attorneys for STMicroelectronics, Inc.*

-15-

1

By _____/s/_____
2          Michael F. Tubach

3  **O'Melveny & Myers LLP**
   Kenneth R. O'Rourke
4  Steven H. Bergman
   Kristina M. Hersey
5  400 South Hope Street
   Los Angeles, CA 90071
6  Tel: (213) 430-6000
   Fax: (213) 430-6407
7
   **O'Melveny & Myers LLP**
8  Michael F. Tubach
   275 Battery Street, Suite 2600
9  San Francisco, CA 94111
   Tel: (415) 984-8700
10 Fax: (415) 984-8701

11 *Attorneys for Hynix Semiconductor America,*
   *Inc.*
12

13

14

15

16

17

18

By _____/s/_____
           Daniel M. Wall

**Latham & Watkins LLP**
Daniel M. Wall
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 393-2000
Fax: (415) 395-8095

**Latham & Watkins LLP**
Belinda S. Lee
Heather L. Mayer
Andrea Yamamoto
633 West Fifth Street, Suite 4000
Los Angeles, CA 90071
Tel: (213) 485-1234
Fax: (213) 891-8763

**Latham & Watkins LLP**
Catherine E. Palmer
140 Scott Drive
Menlo Park, CA 94025
Tel: (650) 328-4600
Fax: (650) 463-2600

*Attorneys for Toshiba America, Inc. and*
*Toshiba America Electronic Components, Inc.*

By _____/s/_____
           Anita F. Stork

By _____/s/_____
           Joel S. Sanders

19 **Covington & Burling LLP**
   Anita F. Stork
20 James R. Atwood
   Tara M. Steeley
21 Jessica Gabel
   One Front Street, 35th Floor
22 San Francisco, CA 94111
   Tel: (415) 591-6000
23 Fax: (415) 591-6091

24 *Attorneys for Integrated Device Technology,*
   *Inc.*
25

26

27

28

**Gibson, Dunn & Crutcher LLP**
Joel S. Sanders
G. Charles Nierlich
Adam Wilson
Joshua Hess
One Montgomery Street, Suite 3100
San Francisco, CA 94104
Tel: (415) 393-8200
Fax: (415) 986-5309

*Attorneys for Micron Technology, Inc. and*
*Micron Semiconductor Products, Inc.*
*(including Crucial Technology,*
*an unincorporated division)*

-16-

1

2

By _____/s/_____
                Steven H. Morrissett

3

4

**Finnegan, Henderson, Farabow, Garrett & Dunner LLP**
Steven H. Morrissett
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304
Tel: (650) 849-6624
Fax: (650) 849-6666

5

6

7

8

**Collette Erickson Farmer & O'Neill LLP**
William S. Farmer
Jacob P. Alpren
235 Pine Street, Suite 1300
San Francisco, CA 94104
Tel: (415) 788-4646
Fax: (415) 788-6929

9

10

11

12

*Attorneys for Winbond Electronics Corporation*

*America*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

# EXHIBIT A

## DIRECT PURCHASER CONSOLIDATED ACTIONS

| Title of Action | Case Number | Date Filed |
|---|---|---|
| *Autotime Corporation v. Samsung Electronics Company, Ltd. et al* | 4:06-cv-07851-CW | 10/17/06 |
| *Ma v. Alliance Semiconductor Corporation et al* | 4:06-cv-06511-CW | 10/18/06 |
| *Westell Technologies Inc. v. Alliance Semiconductor Corporation et al* | 4:06-cv-06652-CW | 10/25/06 |
| *Chip-Tech, Ltd. v. Cypress Semiconductor Corporation et al* | 4:06-cv-06698-CW | 10/27/06 |
| *Telular Corporation v. Alliance Semiconductor Corporation et al* | 4:06-cv-07637-CW | 12/13/06 |
| *Berezin v. Alliance Semiconductor Corporation et al* | 4:07-cv-01037-CW | 02/20/07 |

## INDIRECT PURCHASER CONSOLIDATED ACTIONS

| Title of Action | Case Number | Date Filed |
|---|---|---|
| *Dataplex, Inc. v. Alliance Semiconductor Corporation et al* | 4:06-cv-06491-CW | 10/17/06 |
| *Proiette v. Cypress Semiconductor Corporation et al* | 4:06-cv-06501-CW | 10/18/06 |
| *Reclaim Center, Inc. et al v. Samsung Electronics Co., Ltd. et al* | 4:06-cv-06533-CW | 10/18/06 |
| *Ribo v. Cypress Semiconductor Corporation, et al.* | 4:06-cv-06535-CW | 10/19/06 |
| *Price v. Cypress Semiconductor Corporation et al* | 4:07-cv-01018-CW | 10/19/06 |
| *Madsen v. Samsung Electronics Co., Ltd. et al* | 4:06-cv-06541-CW | 10/19/06 |
| *Maites et al v. Samsung Electronics Co., Ltd. et al* | 4:06-cv-06542-CW | 10/19/06 |
| *Bisel v. Cypress Semiconductor Corporation et al* | 4:07-cv-01621-CW | 10/23/06 |
| *Juskiewicz v. Samsung Electronics Co. Ltd. et al* | 4:06-cv-06668-CW | 10/26/06 |

| Title of Action | Case Number | Date Filed |
|---|---|---|
| Munoz v. Samsung Electronics Co. Ltd. et al | 4:07-cv-01622-CW | 10/27/06 |
| Takeda v. Alliance Semiconductor Corporation et al | 4:06-cv-06663-CW | 10/27/06 |
| Benson et al v. Alliance Semiconductor Corporation et al | 4:07-cv-01648-CW | 10/27/06 |
| Miles v. Samsung Electronics Company Ltd. et al | 4:07-cv-01617-CW | 10/31/06 |
| Ayers et al v. Samsung Electronics Co., Ltd. et al | 4:06-cv-06770-CW | 10/31/06 |
| Fairmont Orthopedics & Sports Medicine, PA v. Samsung Electronics Co. Ltd. et al | 4:07-cv-01635-CW | 11/01/06 |
| Kornegay v. Samsung Electronics, Co., Ltd. et al | 4:07-cv-01637-CW | 11/02/06 |
| Barnes v. Samsung Electronics Co. Ltd. et al | 4:07-cv-01625-CW | 11/03/06 |
| Stawski v. Samsung Electronics Co, Ltd. et al | 4:07-cv-01651-CW | 11/06/06 |
| Jacobs v. Alliance Semiconductor Corporation et al | 4:07-cv-01655-CW | 11/07/06 |
| Morgan v. Alliance Semiconductor Corp. et al | 4:07-cv-01616-CW | 11/08/06 |
| Thompson et al v. Alliance Semiconductor Corporation et al | 4:06-cv-07006-CW | 11/08/06 |
| Cater v. Samsung Electronics Co., Ltd. et al | 4:07-cv-01640-CW | 11/09/06 |
| Stargate Films Inc. v. Alliance Semiconductor Corporation et al | 4:06-cv-07007-CW | 11/09/06 |
| Bly v. Alliance Semiconductor Corp. et al | 4:07-cv-01623-CW | 11/13/06 |
| Ferguson v. Samsung Electronics Company, Ltd. et al | 4:07-cv-01628-CW | 11/13/06 |
| Hawk v. Cypress Semiconductor Corporation et al | 4:07-cv-01642-CW | 11/13/06 |
| Lambert et al v. Samsung Electronics Co. Ltd. et al | 4:07-cv-01656-CW | 11/13/06 |
| Davis et al v. Alliance Semiconductor Corp. et al | 4:07-cv-01627-CW | 11/14/06 |
| Lauttamus v. Cypress Semiconductor Corporation et al | 4:07-cv-01654-CW | 11/14/06 |

JOINT CASE MANAGEMENT STATEMENT

| Title of Action | Case Number | Date Filed |
|---|---|---|
| Sterenberg v. Alliance Semiconductor Corporation et al | 4:07-cv-01619-CW | 11/15/06 |
| Steinberg v. Alliance Semiconductor Corporation et al | 4:07-cv-01641-CW | 11/15/06 |
| Crawford v. Cypress Semiconductor Corporation et al | 4:07-cv-01647-CW | 11/17/06 |
| Katz v. Samsung Electronics Co Ltd et al | 4:06-cv-07194-CW | 11/20/06 |
| Bagwell v. Alliance Semiconductor Corporation et al | 4:07-cv-01634-CW | 11/21/06 |
| Romero v. Alliance Semiconductor Corporation et al | 4:07-cv-01643-CW | 11/21/06 |
| Livingston v. Cypress Semiconductor Corporation et al | 4:07-cv-01636-CW | 11/22/06 |
| McDonald v. Alliance Semiconductor Corp. et al | 4:07-cv-01646-CW | 11/22/06 |
| CMP Consulting, Inc. v. Cypress Semiconductor Corporation et al | 4:07-cv-01626-CW | 11/27/06 |
| Cuevas v. Cypress Semiconductor Corporation et al | 4:07-cv-01644-CW | 11/21/06 |
| Hall v. Alliance Semiconductor Corporation et al | 4:07-cv-01615-CW | 11/28/06 |
| Kramer v. Alliance Semiconductor Corp. et al | 4:07-cv-01632-CW | 11/29/06 |
| Martin v. Cypress Semiconductor Corporation et al | 4:07-cv-01633-CW | 11/30/06 |
| Watson v. Cypress Semiconductor Corporation et al | 4:07-cv-01650-CW | 11/30/06 |
| Paguirigan v. Cypress Semiconductor Corporation et al | 4:06-cv-01653-CW | 12/01/06 |
| Markey v. Alliance Semiconductor Corporation et al | 4:06-cv-07428-CW | 12/05/06 |
| Olson v. Alliance Semiconductor Corp. et al | 4:07-cv-01639-CW | 12/08/06 |
| Reedy v. Cypress Semiconductor Corporation et al | 4:06-cv-07731-CW | 12/18/06 |
| Harmon v. Alliance Semiconductor Corporation et al | 4:07-cv-01618-CW | 12/20/06 |
| Luekel v. Alliance Semiconductor Corp. et al | 4:07-cv-01630-CW | 12/20/06 |

JOINT CASE MANAGEMENT STATEMENT

| Title of Action | Case Number | Date Filed |
|---|---|---|
| Gertzen v. Cypress Semiconductor Corporation et al | 4:07-cv-01645-CW | 12/21/06 |
| Birdsong v. Samsung Electronics Company Limited et al | 4:07-cv-01649-CW | 12/21/06 |
| Canada v. Samsung Electronics Co., Ltd et al | 4:07-cv-01624-CW | 12/22/06 |
| Greenwell et al v. Alliance Semiconductor Corp. et al | 4:06-cv-07950-CW | 12/29/06 |
| Ralik v. Cypress Semiconductor Corporation et al | 4:07-cv-00228-CW | 01/12/07 |
| Hickman v. Cypress Semiconductor Corporation et al | 4:07-cv-01638-CW | 01/12/07 |
| Vinson et al v. Cypress Semiconductor Corp. et al | 4:07-cv-01620-CW | 01/17/07 |
| Van Dyk v. Cypress Semiconductor Corporation et al | 4:07-cv-01629-CW | 01/17/07 |
| Clarke v. Cypress Semiconductor Corporation et al | 4:07-cv-01631-CW | 01/19/07 |
| Belke v. Cypress Semiconductor Corporation et al | 4:07-cv-01652-CW | 01/19/07 |
| Baranic v. Samsung Electronics Co, Ltd. et al | 4:07-cv-00509-CW | 01/25/07 |
| Barnes v. Alliance Semiconductor Corporation et al | 4:07-cv-00916-CW | 02/13/07 |
| Perez v. Alliance Semiconductor Corporation et al | 4:07-cv-00918-CW | 02/13/07 |
| Koch v. Samsung Electronics Co. Ltd. et al | 4:07-cv-00949-CW | 02/14/07 |
| Hochstein v. Samsung Electronics Co., Ltd. et al | 4:07-cv-00950-CW | 02/14/07 |
| Kreitzer et al v. Cypress Semiconductor Corporation et al | 4:07-cv-00969-CW | 02/15/07 |
| Salzman et al v. Cypress Semiconductor Corporation et al | 4:07-cv-00993-CW | 02/16/07 |
| Sparks v. Cypress Semiconductor Corporation el al | 4:07-cv-01999-CW | 02/01/07 |
| Carrillo v. Cypress Semiconductor Corporation et al | 4:07-cv-02138-CW | 03/01/07 |
| Zaas v. Samsung Electronics Co., Ltd et al | 4:07-cv-02136-CW | 03/02/07 |

JOINT CASE MANAGEMENT STATEMENT

| Title of Action | Case Number | Date Filed |
|---|---|---|
| *Austin v. Samsung Electronics Co. Ltd. et al* | 4:07-cv-02137-CW | 03/02/07 |
| *Allen v. Cypress Semiconductor Corporation et al* | 4:07-cv-02134-CW | 03/03/07 |
| *Karadsheh v. Cypress Semiconductor Corporation et al* | 4:07-cv-02135-CW | 03/06/07 |
| *Fitzsimmons v. Samsung Electronics Co. Ltd. et al* | 4:07-cv-02287-CW | 03/08/07 |
| *Sullivan v. Cypress Semiconductor Corporation et al* | 4:07-cv-02386-CW | 03/30/07 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT CASE MANAGEMENT STATEMENT

**EXHIBIT B**

**CASE MANAGEMENT SCHEDULE**

| Event | Plaintiffs' Proposed Dates | Defendants' Proposed Dates | Ordered Date |
|---|---|---|---|
| Defendants produce all documents provided to the Department of Justice or any Grand Jury in connection with investigation of SRAM chips and agree that for those Defendants who are also Defendants in the DRAM Antitrust Litigation, all documents produced in that case that refer to SRAM should be deemed produced in this case and used in this case. | June 8, 2007 | See schedule below.<br><br>(Defendants have not so agreed.) | |
| Last day for Direct-Purchaser and Indirect-Purchaser Plaintiffs to file their respective Consolidated Amended Complaints. | June 15, 2007 | June 15, 2007 | |
| Last day for Defendants to produce to Plaintiffs all transaction materials in an electronic form to be agreed upon by the parties, including sales data separated by quarter, along with all materials or information needed to read or utilize that data. | June 15, 2007 | See schedule below. | |
| Last day for *served* defendants to respond to Consolidated Amended Complaints | | July 30, 2007 | |
| Oppositions to motions challenging Consolidated Amended Complaints | | August 27, 2007 | |
| Reply in support of motions challenging Consolidated Amended Complaints due | | September 17, 2007 | |
| Hearing on motions challenging Consolidated Amended Complaints | | October 11, 2007 | |
| Plaintiffs to complete service of the named foreign defendants. | | October 15, 2007 | |
| | | | |

JOINT CASE MANAGEMENT STATEMENT

| | | | |
|---|---|---|---|
| Defendants Produce All Documents Provided To the Department of Justice or Any Grand Jury in Connection With Investigation of SRAM chips. | | For each defendant, 30 days after that defendant answers either Consolidated Amended Complaint. | |
| Last day for Defendants to produce to Plaintiffs annual SRAM sales data | | For each defendant, 30 days after that defendant answers either Consolidated Amended Complaint. | |
| Full fact discovery (fact & expert) commences, including written discovery and depositions, subject to the terms of the Stipulated Protective Order. | July 1, 2007 (fact & expert discovery) | June 2, 2008[1] (fact discovery only) | |
| Last day for Direct-Purchaser Plaintiffs and Indirect-Purchaser Plaintiffs to file (a) Class Certification expert reports, and (b) Motions for Class Certification. | October 1, 2007 | October 1, 2008 | |
| Opposition to Motions for Class Certification due | Defendants shall respond to motions pursuant to the Northern District of California Local Rules. | November 26, 2008 | |
| Reply briefs in support of Motions for Class Certification due | Plaintiffs shall reply to oppositions pursuant to the Northern District of California Local Rules. | December 22, 2008 | |

---

[1] This and all following dates includes a 12-month "stay" period in light of the pending federal investigation. This date, and all subsequent dates are subject to adjustment based on the Court's evaluation and subsequent orders with respect to any requests of the United States stemming from the progress and needs of its investigation.

-24-

| | | | |
|---|---|---|---|
| Hearing on Motions for Class Certification | | January 22, 2009 | |
| Fact discovery closes. | February 1, 2008 | April 1, 2009 | |
| Last date for Plaintiffs and Defendants to serve expert reports on merits. | February 29, 2008 | Defendants propose sequential expert discovery - see below | |
| Last date for Plaintiffs to serve expert reports on merits | | April 29, 2009 | |
| Last date to depose Plaintiffs' Experts | | May 27, 2009 | |
| Last date for Defendants to serve expert reports | | June 24, 2009 | |
| Last date to depose Defendants' Experts | | July 22, 2009 | |
| Reports in reply to responsive reports due | | August 19, 2009 | |
| Close of expert discovery | | September 16, 2009 | |
| Last date to file dispositive motions | | October 16, 2009 | |
| Oppositions to dispositive motions due | Oppositions shall be filed to motions pursuant to the Northern District of California Local Rules. | November 20, 2009 | |
| Reply briefs in support of dispositive motions due | Reply briefs shall be filed to motions pursuant to the Northern District of California Local Rules. | December 18, 2009 | |
| Hearing on dispositive motions | May 23, 2008 | January 21, 2010 | |

-25-

| | | | |
|---|---|---|---|
| Pretrial Exchange | | April 11, 2010 | |
| Settlement Conference | June 13, 2008 | April 21, 2010 | |
| Pre-trial Conference | June 27, 2008 | May 11, 2010 | |
| Trial | August 4, 2008 | June 14, 2010 | |