JOSEPH W. COTCHETT (36324)
STEVEN N. WILLIAMS (175489)
PHILIP L. GREGORY (95217)
BARBARA L. LYONS (173548)
DOUGLAS Y. PARK (233398)
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Fax: 650-697-0577

*Interim Lead and Liaison Class Counsel for the Direct Purchaser Plaintiffs*

[See Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION**<br><br>**This Document Relates to:**<br><br>**ALL ACTIONS** | Master File No. M:07-CV-01819-CW<br><br>MDL No. 1819<br><br>**SUPPLEMENTAL CASE MANAGEMENT CONFERENCE STATEMENT OF PLAINTIFFS**<br><br>Date: June 1, 2007<br>Time: 1:30 p.m.<br>Ctrm: 2<br>Hon. Claudia Wilken |

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY

SUPPLEMENTAL CASE MANAGEMENT STATEMENT OF PLAINTIFFS

**SUPPLEMENTAL CASE MANAGEMENT STATEMENT OF PLAINTIFFS**

On Monday, May 21, 2007, the United States Supreme Court issued its decision in *Bell Atlantic Corp. v. Twombly* (No. 05-1126), __ S.Ct. __. See Exhibit C to Joint Case Management Conference Statement. Late on Tuesday, May 22, 2007, the day the Joint Case Management Conference Statement was due, plaintiffs received defendants' portion of the Joint CMC Statement, which included an extensive discussion of the *Twombly case*. Because plaintiffs did not have an adequate opportunity to respond to Defendants' discussion of the *Twombly* case as part of the Joint Case Management Conference Statement, plaintiffs submit this Supplemental CMC Statement.

The rationale of the *Twombly* decision was that antitrust defendants should not be subjected to the burden of responding to discovery if a legitimate issue exists concerning the sufficiency of the plaintiffs' complaint. Plaintiffs do not believe that *Twombly* presents any impediment to this action, but make the following proposal in order to provide for the most efficient case management and best interests of the classes:

1. All defendants who have produced documents to the Department of Justice should produce copies of those same documents, in the same format, to plaintiffs. To the extent any defendant hereafter produces documents to the Department of Justice, those documents should also be produced to plaintiffs. In addition, all defendants who have received subpoenas as part of the Department of Justice's grand jury proceedings should provide plaintiffs copies of the subpoenas and copies of any written communications between the Department of Justice and the defendants or their counsel concerning the subpoenas. It is plaintiffs' understanding that the Department of Justice has no objection to the plaintiffs' request to receive the subpoenas and the documents that have been produced in response to the subpoenas.

2. All documents produced by defendants in the DRAM class actions should be available for use by plaintiffs here.

Plaintiffs will then have the opportunity to make use of these materials to the extent necessary in order to prepare the consolidated amended complaints. Plaintiffs propose that amended consolidated complaints be filed on or before August 31, 2007, and that a further case management conference be set shortly thereafter in September of 2007. Attached to this supplemental case management conference statement as Exhibit A is a revised proposed schedule for these actions.

Dated: May 31, 2007          By _____/s/_____

                                STEVEN N. WILLIAMS (175489)

**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

*Interim Lead and Liaison Class Counsel for the Direct Purchaser Plaintiffs*

By _____/s/_____

                                FRANCIS R. SCARPULLA (41059)

CRAIG C. CORBITT (83251)
PAMELA E. WOODSIDE (226212)
QIANWEI FU (242669)
**ZELLE HOFMANN VOELBEL MASON & GETTE, LLP**
44 Montgomery Street,
Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770

*Interim Lead and Liaison Class Counsel for the Indirect Purchaser Plaintiffs*