United States District Court
For the Northern District of California

1

IN THE UNITED STATES DISTRICT COURT

2

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3   IN RE: STATIC RANDOM ACCESS (SRAM)        No. C 07-01819 CW
    ANTITRUST LITIGATION,
4   _____/        MINUTE ORDER AND
                                             CASE MANAGEMENT
5                                            ORDER

6
    Clerk: Sheilah Cahill        Reporter: Diane Skillman
7   Plaintiff Attorney: see attached
    Defendant Attorney: see attached
8
         A case management conference was held on: 6/1/07.  The Case
9   Management Statement and Proposed Order filed by the parties is hereby
    adopted by the Court as the Case Management Order for the case, except
10  as may be noted below.  The Court's standard Order for Pretrial
    Preparation also applies.
11
    The case is hereby referred to the following ADR process:
12  Non-binding Arbitration: [ ]      Early Neutral Evaluation: [ ]
    Court-connected mediation: [ ]     Private mediation: [ X ]
13  Magistrate Judge settlement conference: [ ]
    Initial ADR session to be held by:                        (02/28/08)
14  (or as soon thereafter as is convenient to the mediator's schedule)

15  Deadline to add additional parties or claims:            (not set)
    Date of next case management conference:                 (12/20/08)
16
    Completion of Fact Discovery:                            (12/31/08)
17  Disclosure of identities and reports of expert witnesses:
        Plaintiffs: (1/30/09); Defendants: [2/27/09]; Rebuttal: [3/13/09]
18  Completion of Expert Discovery:                          (05/15/09)

19  All case-dispositive motions to be heard at 2:00 P.M.
        on or before:                                        (09/17/09)
20  Final Pretrial Conference at 2:00 P.M. on:               (02/09/10)
    A 2 month Jury Trial will begin at 8:30 A.M. on:         (03/01/10)
21
    Additional Matters:   Lead Counsel for Direct Purchaser Plaintiffs
22  shall prepare a proposed order addressing the additional matters ruled
    on at the conference and seek approval as to form from the other lead
23  and liaison counsel.

24       IT IS SO ORDERED.

25  _____
    Dated: 6/7/08
26                                   CLAUDIA WILKEN
                                     United States District Judge
27

28  Copies to:  Chambers; ADR; MDL

United States District Court
For the Northern District of California

1

2                                    <u>NOTICE</u>

3

4      **Case Management Conferences and Pretrial Conferences** are
conducted on **Tuesdays** at 2:00 p.m.  **Criminal Law and Motion** calendar
is conducted on **Wednesdays** at 2:00 p.m. for defendants in custody and
2:30 p.m. for defendants not in custody.  **Civil Law and Motion**
calendar is conducted on **Thursdays** at 2:00 p.m.  Order of call is
determined by the Court.  Counsel need not reserve a hearing date for
civil motions; however, counsel are advised to check the legal
newspapers or the Court's website at www.cand.uscourts.gov for
unavailable dates.

5

6

7

8

9      Motions for Summary Judgment:  All issues shall be contained
within one motion of 25 pages or less, made on 35 days notice.  (<u>See</u>
Civil L.R. 7-2).  Separate statements of undisputed facts in support
of or in opposition to motions for summary judgment will not be
considered by the Court. (<u>See</u> Civil Local Rule 56-2(a)).  The motion
and opposition should include a statement of facts supported by
citations to the declarations filed with respect to the motion.
Evidentiary and procedural objections shall be contained within the
motion, opposition or reply; separate motions to strike will not be
considered by the Court. Any cross-motion shall be contained within
the opposition to any motion for summary judgment, shall contain 25
pages or less, and shall be filed 21 days before the hearing.  The
reply to a motion may contain up to 15 pages, shall include the
opposition to any cross-motion, and shall be filed 14 days before the
hearing.  (<u>See</u> Civil Local Rule 7-3).  The Court may, *sua sponte* or
pursuant to a motion under Civil L.R. 6-3, reschedule the hearing so
as to give a moving party time to file a reply to any cross-motion.

10

11

12

13

14

15

16

17

18     All DISCOVERY MOTIONS are referred to a Magistrate Judge to be
heard and considered at the convenience of his/her calendar.  All such
matters shall be noticed by the moving party for hearing on the
assigned Magistrate Judge's regular law and motion calendar, or
pursuant to that Judge's procedures.

19

20

21

22     (rev. 3/9/07)

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

ORDER FOR PRETRIAL PREPARATION

PRETRIAL CONFERENCE

1.    Not less than 30 days prior to the pretrial conference, counsel shall **exchange** (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7),(8),(9), and (10), and their motions in limine.

2.    At least 20 days before the final pretrial conference, lead counsel who will try the case shall meet and confer with respect to:

(a)    Preparation and content of the joint pretrial conference statement;

(b)    Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order for Pretrial Preparation.  To the extent such differences are not resolved, parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the pretrial conference; and

(c)    Settlement of the action.

3.    Not less than 10 days prior to the pretrial conference, counsel shall submit the following.

(a)    Pretrial Conference Statement.  The parties shall file a joint pretrial conference statement containing the following information:

(1)    The Action.

(A) Substance of the Action.  A brief description of the substance of claims and defenses which remain to be decided.

(B) Relief Prayed.  A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed.

(2)    The Factual Basis of the Action.

(A)    Undisputed Facts.  A plain and concise statement of all relevant facts not reasonably disputed.

(B)    Disputed Factual Issues.  A plain and concise

statement of all disputed factual issues which remain to be decided.

(C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) Disputed Legal Issues. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief.

(4) Further Discovery or Motions. A statement of all remaining discovery or motions.

(5) Trial Alternatives and Options.

(A) Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

(B) Consent to Trial Before a Magistrate Judge. A statement whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

(C) Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(6) Miscellaneous. Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

(b) Exhibit List and Objections. The exhibit list shall list each proposed exhibit by its number, description, and sponsoring witness, followed by blanks to accommodate the date on which it is marked for identification and the date on which it is admitted into evidence. **No party shall be permitted to offer any exhibit in its case-in-chief that is not disclosed in its exhibit list without leave of the Court for good cause shown.** Parties shall also deliver a set

of premarked exhibits to the Courtroom Deputy.  The exhibit markers shall each contain the name and number of the case, the number of the exhibit, and blanks to accommodate the date admitted and the Deputy Clerk's initials.  (Appropriate sample forms are available on the Court's website at www.cand.uscourts.gov).  Any objections to exhibits which remain after the pretrial meeting shall be indicated in the pretrial statement.

(c)  Witness List.  In addition to the requirements of FRCivP 26(a)(3)(A), a brief statement describing the substance of the testimony to be given by each witness who may be called at trial.  **No party shall be permitted to call any witness in its case-in-chief that is not disclosed in its pretrial statement without leave of Court for good cause shown.**

(d)  Use of Discovery Responses.  In addition to the requirements of FRCivP 26(a)(3)(B), a designation of any excerpts from interrogatory answers or from responses for admissions intended to be offered at trial.  Counsel shall indicate any objections to use of these materials and that counsel have conferred respecting such objections.

(e)  Trial briefs.  Briefs on all significant disputed issues of law, including foreseeable procedural and evidentiary issues, which remain after the pretrial meeting.

(f)  Motions in Limine.  Any motions in limine that could not be settled at the pretrial meeting shall be filed with the pretrial statement.  All motions in limine shall be contained within one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading.  Opposition to the motions in limine shall be contained within one document, limited to 25 pages,

with corresponding subheadings, and filed five (5) days thereafter.

(g)  Joint Proposed Voir Dire.  The attached voir dire questionnaire will be given to the venire members, and copies of the responses will be made available to counsel at the beginning of voir dire.  Counsel may submit a set of additional requested voir dire, to be posed by the Court, to which they have agreed at the pretrial meeting.  Any voir dire questions on which counsel cannot agree shall be submitted separately.  Counsel may be allowed brief follow-up voir dire after the Court's questioning.

(h)  Joint Proposed Jury Instructions.  Jury instructions §1.1 through §1.12, §1.13 through §2.2, and §3.1 through §4.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2001 Edition) will be given absent objection.  Counsel shall jointly submit one set of additional proposed jury instructions, to which they have agreed at the pretrial meeting.  The instructions shall be ordered in a logical sequence, together with a table of contents.  Any instruction on which counsel cannot agree shall be marked as "disputed," and shall be included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given.  Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on separate sheets directly following the disputed instruction.

Whenever possible, counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a computer disk in WordPerfect or ASCII format.  The disk label should include the name of the parties, the case number and a description of the document.

1          (I)   Proposed Verdict Forms, Joint or Separate.

2          (j)  Proposed Findings of Fact and Conclusions of Law (Court

3   Trial only).    Whenever possible, counsel shall deliver to the

4   Courtroom Deputy a copy of their proposed findings of fact and

5   conclusions of law on a computer disk in WordPerfect or ASCII format.

6   The disk label should include the name of the parties, the case number

7   and a description of the document.

8   JURY SELECTION

9       The Jury Commissioner will summon 20 to 25 prospective jurors.

10  The Courtroom Deputy will select their names at random and seat them

11  in the courtroom in the order in which their names are called.

12      Voir dire will be asked of sufficient venire persons so that

13  eight (or more for a lengthy trial) will remain after all peremptory

14  challenges and an anticipated number of hardship dismissals and cause

15  challenges have been made.

16      The Court will then take cause challenges, and discuss hardship

17  claims from the individual jurors, outside the presence of the venire.

18  The Court will inform the attorneys which hardship claims and cause

19  challenges will be granted, but will not announce those dismissals

20  until the process is completed.   Each side may then list in writing

21  up to three peremptory challenges.   The attorneys will review each

22  other's lists and then submit them to the Courtroom Deputy.

23      Then, from the list of jurors in numerical order, the Court will

24  strike the persons with meritorious hardships, those excused for

25  cause, and those challenged peremptorily, and call the first eight

26  people in numerical sequence remaining.   Those people will be the

27  jury.

28      All jurors remaining at the close of the case will deliberate.

**United States District Court**
For the Northern District of California

1 There are no alternates.

2 <u>SANCTIONS</u>

3  Failure to comply with this Order is cause for sanctions under

4 Federal Rule of Civil Procedure 16(f).

5  IT IS SO ORDERED.

6

7 Dated: _____

          _Claudia Wilken_

8           CLAUDIA WILKEN

           UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

<u>JUROR QUESTIONNAIRE</u>

Please fill out this form as completely as possible and print clearly.
Since we want to make copies for the attorneys and the Court, do not
write on the back of any page.  If you need more room, continue at the
bottom of the page.  Thank you for your cooperation.

1.   Your name: _____

2.   Your age: _____

3.   The city where you live: _____

4.   Your place of birth: _____

5.   Do you rent or own your own home? _____

6.   Your marital status: (circle one)

     single     married     separated     divorced     widowed

7.   What is your occupation, and how long have you worked in
     it?  (If you are retired, please describe your main
     occupation when you were working).

_____

_____

8.   Who is (or was) your employer?

_____

9.   How long have you worked for this employer? _____

10.  Please list the occupations of any adults with whom you
     live.

_____

11.  If you have children, please list their ages and sex and,
     if they are employed, please give their occupations.

_____

_____

     _____

12.  Please describe your educational background:

     Highest grade completed: _____

College and/or vocational schools you have attended:

_____

_____

_____

_____

Major areas of study:_____

13.  Have you ever served on a jury before? _____   How many

times?_____

If yes:  State/County Court _____   Federal Court _____

When? _____

Was it a civil or criminal case? _____

Did the jury(ies) reach a verdict? _____

(rev. 3/9/07)