Belinda S Lee
Direct Dial: +1.213.891.7817

633 West Fifth Street, Suite 4000
Los Angeles, California 90071-2007
Tel: +213.485.1234  Fax: +213.891.8763
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

Barcelona     New Jersey
Brussels      New York
Chicago       Northern Virginia
Frankfurt     Orange County
Hamburg       Paris
Hong Kong     San Diego
London        San Francisco
Los Angeles   Shanghai
Madrid        Silicon Valley
Milan         Singapore
Moscow        Tokyo
Munich        Washington, D.C.

September 25, 2007

**VIA ECF AND FEDERAL EXPRESS**

The Honorable Claudia Wilken
United States District Court
Northern District of California, Oakland Division
1301 Clay Street, Suite 400S
Oakland, CA  94612

      Re:   *In re SRAM Antitrust Litigation*, Case No. M:07-cv-01819-CW

Dear Judge Wilken:

      The undersigned Defendants respectfully submit the enclosed Proposed Protective Order in the above-captioned consolidated cases.

      As an initial matter, Defendants respectfully request that the Court enter the Proposed Order on the Stipulation for Appointment of a Discovery Master that was jointly lodged by the parties on September 12, 2007.  Through this Stipulation of the parties, and if entered by the Court, Judge Smith will serve as Discovery Master in these consolidated matters and will be called upon to resolve discovery disputes that may arise between the parties.[1]  As such, Defendants believe that the present issues relating to the Protective Order – which will then govern all discovery in this case – should be referred to Judge Smith.

* * *

      The parties have been negotiating the provisions of a stipulated protective order for several weeks.[2]  However, the parties have not been able to reach agreement on two

---

[1]    We use the term "party" to refer to both named defendants, previous defendants with whom plaintiffs have entered into a tolling agreement, and third parties from whom documents are subpoenaed.

[2]    Under Supplemental Case Management Order No. 1, "documents produced, or deemed produced, in this action shall be treated as outside counsel attorneys'-eyes-only until the entry of a stipulated protective order governing production of the documents."  The Supplemental Case Management Order No. 1 then further states that the "model stipulated protective order found on the Court's website is hereby entered in this case."  To date, the parties have not been able to agree upon a stipulated protective order and, as a result, have agreed to each lodge their respective Proposed Protective Orders and tender the remaining disputed issues to the Court for resolution in our respective letters.  In light of Supplemental Case Management Order No. 1, Defendants respectfully submit that the Protective Order entered by the Court in resolution of these issues should govern discovery on an ongoing basis and that no stipulated protective order be required.

LA\1774493.5

LATHAM&WATKINSᴸᴸᴾ

issues: (1) a party's need to be able to upward designate documents produced by someone else if those documents include the party's own Information; and (2) the need for advance notice identifying any CONFIDENTIAL Information sought to be shared with a deposition witness who is not otherwise eligible for access to that Information under the Protective Order.

As discussed below, given the highly sensitive nature of the documents and information that will inevitably be sought and produced in discovery in these actions, Defendants believe it is important to include these provisions in the Protective Order.

**1.      The Ability to Upward Designate Documents Produced by Another Party is Necessary to Preserve the Integrity of the Information being Disclosed.**

Defendants request that the Court include the following provision as Paragraph 5.4 of the Protective Order to ensure that parties can protect the integrity of their Information:

> 5.4      <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties.</u>  Subject to the standards of paragraph 5.1, a Party may upward designate (i.e., change any Discovery Material produced without a designation to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or designate any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") any Discovery Material produced by any other Party or non-Party, provided that said Discovery Material contains the upward designating Party's own confidential, proprietary, competitive or private information.  Upward designation shall be accomplished by providing written notice to all Parties identifying (by bates number or other individually identifiable information) the Discovery Material to be re-designated within 30 days of production by the Producing Party.  Failure to upward designate within 30 days of production, alone, will not prevent a Party from obtaining the agreement of all Parties to upward designate certain Discovery Material, or otherwise move the Court for such relief. Any Party may object to the upward designation of Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging designations. The upward designating Party shall bear the burden of establishing the basis for the upward designation.

The ability to upward designate documents produced by someone else in discovery is imperative to preserve the integrity of all Information produced in discovery.  Given the nature of the industry involved in this litigation, discovery (particularly third party discovery) will inevitably involve the production of documents and information by one discovery respondent that includes the confidential information of another person or entity.  For example, a Defendant's customer could be subpoenaed to produce documents or information relating to its contracts with that Defendant.  However, if that customer (who likely will not be actively involved in this litigation) produces copies of those contracts without designating them as HIGHLY CONFIDENTIAL, this highly sensitive information would then be available to all parties (i.e., to all of the Defendant's competitors) or even publicly available if produced by the customer without any designation at all.  The parties require the ability to upward designate such

LATHAM&WATKINSᴸᴸᴾ

documents in order to ensure that all highly sensitive information is properly designated, regardless of the who actually produces the documents at issue.

During negotiations over this provision, Plaintiffs articulated only one concern – the possible abuse of this provision by a party in indiscriminately upward designating all Information produced in discovery. In response to Plaintiffs' concern, Defendants added language to Paragraph 5.4 which permits a party to upward designate only when the Information qualifies under the appropriate standards for designations under the Protective Order and places the burden on the upward designating party to establish the basis for such upward designation. This will prevent any party from using Paragraph 5.4 to abuse or over-designate under the Protective Order.

In light of the highly sensitive nature of the Information that will undoubtedly be produced by the parties and, often, by third parties who seek to minimize their own costs and could pay less attention to the sensitive nature of this Information, Defendants request that the Court include the foregoing proposed language on upward designations as Paragraph 5.4.

## 2. Advance Notice of CONFIDENTIAL Information Sought to Be Used at Deposition and In Deposition Preparation Serves the Purpose of This Protective Order.

Defendants also request that the Court include a provision in the Protective Order that requires a party to provide advance notice of any CONFIDENTIAL Information that will be shown to a witness, at deposition or in preparation for a deposition, who otherwise would not be entitled to see this Information. Accordingly, Defendants propose that the following language highlighted in bold below also be included in Paragraph 7.2, subsection (f):

7.2    Disclosure of "CONFIDENTIAL" Information or Items. . . .

[¶¶]

(f)    during the preparation for and conduct of their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). **Any Party intending to use Protected Material at a deposition preparation session or during a deposition pursuant to this paragraph shall provide written notice to the Producing Party identifying (by bates number or other individually identifiable information) the Protected Material no later than five (5) business days before preparation session or deposition.**

Paragraph 7.2(g) of the Protective Order, like most Protective Orders, allows a party to share a document containing CONFIDENTIAL Information with "the author, recipient or original source of the document or information." At Plaintiffs' request, Defendants are willing to go further in this Protective Order and agree that CONFIDENTIAL Information also may be shared with a deposition witness who otherwise would not be allowed to see this

LATHAM&WATKINS LLP

Information if it is "reasonably necessary" to do so (*i.e.,* the first sentence of Paragraph 7.2, subsection (f)). However, there must be limitations to this type of disclosure to ensure the protection of CONFIDENTIAL Information. Defendants ask only that parties be provided advance notice of disclosure under this provision so they may object to the disclosure of CONFIDENTIAL information to a witness who never knew the information, if necessary.

Defendants understand Plaintiffs' opposition to this provision to be related to work product concerns. This issue arises only because of Plaintiffs' somewhat unusual request to be able to show CONFIDENTIAL Information to a person who never knew or had access to that Information. Under Plaintiffs' version of this provision, for example, a customer being called as a deposition witness could be freely shown Defendants' contracts with other customers (*i.e.,* the witness' own competitors). Without Defendants' proposed language, Paragraph 7.2, subsection (f) would give any party unchecked latitude to show CONFIDENTIAL Information to a deposition witness – including in deposition preparation sessions without the participation or even the knowledge of any other parties – and therefore essentially defeat the purpose of this Protective Order.

If the Court is inclined not to require advance notice under these circumstances, Defendants request that the Court strike Paragraph 7.2(f) in its entirety.

\* \* \*

For the foregoing reasons, Defendants respectfully request that the Court include the language proposed above as Paragraphs 5.4 and 7.2(f), and enter the enclosed Proposed Protective Order.

Very truly yours,

/s/ Belinda S Lee

Belinda S Lee
of LATHAM & WATKINS LLP
*Counsel for Defendant Toshiba America Electronic Components, Inc., and with the permission of Defendants Cypress Semiconductor Corporation, Etron Technology, Inc., Hitachi America, Ltd., Hynix Semiconductor America, Inc., Integrated Silicon Solution, Inc., Micron Technology, Inc., Mitsubishi Electric & Electronics USA, Inc., Mosel Vitelic Corporation, NEC Electronics America, Inc., Renesas Technology America, Inc., and Samsung Semiconductor, Inc.*

Enclosure (Defendants' Proposed Protective Order)

cc:    Hon. Fern M. Smith (Ret.) (by Federal Express)
       Service on Parties through ECF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION** | Master Docket File: M:07-CV-01819-CW<br><br>MDL No. 1819<br><br>[PROPOSED] PROTECTIVE ORDER |
| **This Document Relates to:**<br><br>**ALL ACTIONS** | |

1    1.    PURPOSES AND LIMITATIONS

2    Disclosure and discovery activity in this action are likely to involve production of

3    confidential, proprietary, competitive, or private information for which special protection from

4    public disclosure and from use for any purpose other than prosecuting this litigation would be

5    warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

6    following Stipulated Protective Order. The parties acknowledge that this Order does not confer

7    blanket protections on all disclosures or responses to discovery and that the protection it affords

8    extends only to the limited information or items that are entitled under the applicable legal

9    principles to treatment as confidential. The parties further acknowledge, as set forth in Section

10   10, below, that this Stipulated Protective Order creates no entitlement to file confidential

11   information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

12   and reflects the standards that will be applied when a party seeks permission from the court to

13   file material under seal.

14   2.    DEFINITIONS

15   2.1    Party: any party to this action, including all of its officers, directors,

16   employees, consultants, retained experts, and outside counsel (and their support staff).

17   2.2    Disclosure or Discovery Material: all items or information, regardless of the

18   medium or manner generated, stored, or maintained (including, among other things, testimony,

19   transcripts, or tangible things) that are produced or generated in disclosures or responses to

20   discovery in this matter.

21   2.3    "CONFIDENTIAL" Information or Items: information (regardless of how

22   generated, stored or maintained) or tangible things that qualify for protection under standards

23   developed under Fed. R. Civ. P. 26(c).

24   2.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

25   or Items: extremely sensitive "CONFIDENTIAL" Information or Items whose disclosure to

26   another Party or non-party would create a substantial risk of serious injury that could not be

27   avoided by less restrictive means.

28   2.5    Receiving Party: a Party that receives Disclosure or Discovery Material

1    from a Producing Party.

2          2.6    Producing Party: a Party or non-party that produces Disclosure or

3    Discovery Material in this action.

4          2.7    Designating Party: a Party or non-party that designates information or items

5    that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7          2.8    Protected Material: any Disclosure or Discovery Material that is designated

8    as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

9          2.9    Outside Counsel: attorneys, paralegals and other support personnel who are

10   not employees of a Party but who are retained to represent or advise a Party in this action.

11         2.10   House Counsel: attorneys, paralegals and other legal department personnel

12   who are employees of a Party.

13         2.11   Counsel (without qualifier): Outside Counsel and House Counsel (as well

14   as their support staffs).

15         2.12   Expert:  a person with specialized knowledge or experience in a matter

16   pertinent to the litigation, including his or her employees and support personnel, who has been

17   retained by a Party or its counsel to serve as an expert witness or as a consultant in this action

18   and who is not a past or a current employee of a Party or of a competitor of a Party and who, at

19   the time of retention, is not anticipated to become an employee of a Party or a competitor of a

20   Party.  This definition includes a professional jury or trial consultant retained in connection with

21   this litigation.

22         2.13   Professional Vendors: persons or entities that provide litigation support

23   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

24   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

25   subcontractors.

26   3.    SCOPE

27         The protections conferred by this Stipulated Protective Order cover not only Protected

28   Material (as defined above), but also any information copied or extracted therefrom, as well as

1   all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

2   presentations by parties or counsel to or in court or in other settings that might reveal Protected

3   Material.

4       4.      DURATION

5       Even after the termination of this litigation, the confidentiality obligations imposed by

6   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

7   order otherwise directs.

8       5.      DESIGNATING PROTECTED MATERIAL

9           5.1     Exercise of Restraint and Care in Designating Material for Protection.

10  Each Designating Party must take care to limit any such designation to specific material that

11  qualifies under the appropriate standards.  A Designating Party must take care to designate for

12  protection only those parts of material, documents, items, or oral or written communications that

13  qualify - so that other portions of the material, documents, items, or communications for which

14  protection is not warranted are not swept unjustifiably within the ambit of this Order.

15          Mass, indiscriminate, or routinized designations are prohibited.  Designations that

16  are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

17  unnecessarily encumber or retard the case development process, or to impose unnecessary

18  expenses and burdens on other parties), expose the Designating Party to sanctions.

19  Notwithstanding the foregoing, Defendants producing Materials pursuant to the Court's Case

20  Management Order No. 1, may designate such Material as "HIGHLY CONFIDENTIAL -

21  ATTORNEYS' EYES ONLY" at the time of production, subject to redesignating such

22  documents appropriately in accordance with this Stipulated Protective Order after production.

23          If it comes to a Party's or non-party's attention that information or items that it

24  designated for protection do not qualify for protection at all, or do not qualify for the level of

25  protection initially asserted, that Party or non-party must promptly notify all other parties that it

26  is withdrawing the mistaken designation.

27          5.2     Manner and Timing of Designations: Except as otherwise provided in this

28  Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

1    ordered, material that qualifies for protection under this Order must be clearly so designated

2    before the material is disclosed or produced.

3                    Designation in conformity with this Order requires:

4                            (a) <u>for information in documentary form</u> (apart from transcripts or

5    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

6    "CONFIDENTIAL" of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

7    page that contains protected material.  Use of the legend "HIGHLY CONFIDENTIAL" shall be

8    construed as and shall have the same meaning and effect of use of the legend "HIGHLY

9    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10                           A Party or non-party that makes original documents or materials available

11   for inspection need not designate them for protection until after the inspecting Party has

12   indicated which material it would like copied and produced.  During the inspection and before

13   the designation, all of the material made available for inspection shall be deemed "HIGHLY

14   CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

15   the documents it wants copied and produced, the Producing Party must determine which

16   documents, or portions thereof, qualify for protection under this Order, then, before producing

17   the specified documents, the Producing Party must affix the appropriate legend

18   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each

19   page that contains Protected Material.

20                           (b)      <u>for testimony given in deposition or in other pretrial or trial</u>

21   <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the

22   record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

23   and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

25   testimony that is entitled to protection, and when it appears that substantial portions of the

26   testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

27   testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

28   identify the specific portions of the testimony as to which protection is sought and to specify the

1  level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

2  ATTORNEYS' EYES ONLY"), no later than the time when review by the witness and

3  corrections to the transcript shall be due.  Only those portions of the testimony that are

4  appropriately designated for protection within the time specified above shall be covered by the

5  provisions of this Stipulated Protective Order.

6         Transcript pages containing Protected Material must be separately bound

7  by the court reporter, who must affix to the top of each such page the legend

8  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

9  instructed by the Party or non-party offering or sponsoring the witness or presenting the

10  testimony.

11         (c)    for information produced in some form other than documentary,

12  and for any other tangible items, that the Producing Party affix in a prominent place on the

13  exterior of the container or containers in which the information or items are stored the legend

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

15  portions of the information or item warrant protection, the Producing Party, to the extent

16  practicable, shall identify the protected portions, specifying whether they qualify as

17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

18         5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

19  failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

20  CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

21  Designating Party's right to secure protection under this Order for such material.  If material is

22  appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY"  after the material was initially produced, the Receiving Party, on

24  timely notification of the designation, must make reasonable efforts to assure that the material is

25  treated in accordance with the provisions of this Order.

26         5.4    Upward Designation of Information or Items Produced by Other Parties or

27  Non-Parties.  Subject to the standards of paragraph 5.1, a Party may upward designate (i.e.,

28  change any Discovery Material produced without a designation to a designation of

1   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or

2   designate any Discovery Material produced as "CONFIDENTIAL" to a designation of

3   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") any Discovery Material

4   produced by any other Party or non-Party, provided that said Discovery Material contains the

5   upward designating Party's own confidential, proprietary, competitive or private information.

6   Upward designation shall be accomplished by providing written notice to all Parties identifying

7   (by bates number or other individually identifiable information) the Discovery Material to be re-

8   designated within 30 days of production by the Producing Party.  Failure to upward designate

9   within 30 days of production, alone, will not prevent a Party from obtaining the agreement of all

10  Parties to upward designate certain Discovery Material, or otherwise move the Court for such

11  relief.  Any Party may object to the upward designation of Discovery Materials pursuant to the

12  procedures set forth in paragraph 6 regarding challenging designations. The upward designating

13  Party shall bear the burden of establishing the basis for the upward designation.

14        6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

15             6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

16  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

17  economic burdens, or a later significant disruption or delay of the litigation, a Party does not

18  waive its right to challenge a confidentiality designation by electing not to mount a challenge

19  promptly after the original designation is disclosed.

20             6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

21  Designating Party's confidentiality designation must do so in good faith and must begin the

22  process by conferring directly (in voice to voice dialogue; other forms of communication are not

23  sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

24  explain the basis for its belief that the confidentiality designation was not proper and must give

25  the Designating Party an opportunity to review the designated material, to reconsider the

26  circumstances, and, if no change in the designation is offered, to explain the basis for the chosen

27  designation.  A challenging Party may proceed to the next stage of the challenge process only if

28  it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Protected Material may be disclosed only to the categories of persons under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  The restrictions on Discovery Material shall not apply to information which, at or prior to disclosure thereof in this action, is or was public knowledge as a result of publication by one having the unrestricted right to do so, or which is otherwise in the public domain.  Nothing in this Protective Order shall in any way restrict the use or dissemination by a Party or third Party of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless

1    otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

2    Party may disclose any information or item designated as CONFIDENTIAL only to:

3        (a)    the Receiving Party's Outside Counsel of record in this action, as

4    well as employees of said Counsel to whom it is reasonably necessary to disclose the information

5    for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

6    attached hereto as Exhibit A, provided, however, that support personnel of Outside Counsel do

7    not need to execute an "Agreement to Be Bound by Protective Order";

8        (b)    the officers, directors, and employees (including House Counsel)

9    of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who

10   have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

11       (c)    Experts (as defined in this Order) of the Receiving Party to whom

12   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

13   Bound by Protective Order" (Exhibit A);

14       (d)    the court and its personnel;

15       (e)    court reporters, their staffs, and professional vendors to whom

16   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17   Bound by Protective Order" (Exhibit A);

18       (f)    during the preparation for and conduct of their depositions,

19   witnesses in the action to whom disclosure is reasonably necessary and who have signed the

20   "Agreement to Be Bound by Protective Order" (Exhibit A).  Any Party intending to use

21   Protected Material at a deposition preparation session or during a deposition pursuant to this

22   paragraph shall provide written notice to the Producing Party identifying (by bates number or

23   other individually identifiable information) the Protected Material no later than five (5) business

24   days before preparation session or deposition.

25       (g)    the author or recipient of the document or the original source of the

26   information.

27       7.3    Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

28   ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

1  the Designating Party, a Receiving Party may disclose any information or items designated

2  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

3        (a)    the Receiving Party's Outside Counsel of record in this action, as

4  well as employees of said Counsel to whom it is reasonably necessary to disclose the information

5  for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is

6  attached hereto as Exhibit A, provided, however, that support personnel of Outside Counsel do

7  not need to execute an "Agreement to Be Bound by Protective Order";

8        (b)    House Counsel of a Receiving Party (1) who has no involvement

9  in competitive decision-making or in patent prosecutions involving Static Random Access

10  Memory products, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who

11  has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided, however,

12  that each individual House Counsel must be approved in writing by each affected Producing

13  Party before that Producing Party's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

14  ONLY" documents may be disclosed to such House Counsel, unless otherwise ordered by the

15  Court;

16        (c)    Experts (as defined in this Order) (1) of the Receiving Party to

17  whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement

18  to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in

19  paragraph 7.4, below, have been followed

20        (d)    the Court and its personnel;

21        (e)    court reporters, their staffs, and professional vendors to whom

22  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

23  Bound by Protective Order" (Exhibit A); and

24        (f)    the author or recipient of the document or the original source of

25  information.

26      7.4    Procedures of Approving Disclosure of "HIGHLY CONFIDENTIAL -

27  ATTORNEYS' EYES ONLY" Information or Items to AExperts

28        (a)    Unless otherwise ordered by the court or agreed in writing by the

1    Designating Party, a Party that seeks to disclose to an AExpert" (as defined in this Order) any

2    information or item that has been designated "HIGHLY CONFIDENTIAL - ATTORNEYS'

3    EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

4    specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

5    disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

6    her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

7    Expert's current employer(s), (5) identifies each person or entity from whom the Expert has

8    received compensation for work in his or her areas of expertise or to whom the Expert has

9    provided professional services at any time during the preceding five years, and (6) identifies (by

10   name and number of the case, filing date, and location of court) any litigation in connection with

11   which the Expert has provided any professional services during the preceding five years.

12              (b)     A Party that makes a request and provides the information

13   specified in the preceding paragraph may disclose the subject Protected Material to the identified

14   Expert unless, within seven court days of delivering the request, the Party receives a written

15   objection from the Designating Party.  Any such objection must set forth in detail the grounds on

16   which it is based.

17              (c)     A Party that receives a timely written objection must meet and

18   confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

19   matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the

20   Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local

21   Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must

22   describe the circumstances with specificity, set forth in detail the reasons for which the

23   disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would

24   entail and suggest any additional means that might be used to reduce that risk.  In addition, any

25   such motion must be accompanied by a competent declaration in which the movant describes the

26   parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and

27   confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

28   approve the disclosure.

1           In any such proceeding the Party opposing disclosure to the Expert shall

2    bear the burden of proving that the risk of harm that the disclosure would entail (under the

3    safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to

4    its Expert.

5           8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

6    OTHER LITIGATION.

7           If a Receiving Party is served with a subpoena or an order issued in other

8    litigation that would compel disclosure of any information or items designated in this action as

9    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the

10   Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

11   immediately and in no event more than three court days after receiving the subpoena or order.

12   Such notification must include a copy of the subpoena or court order.

13          The Receiving Party also must immediately inform in writing the party

14   who caused the subpoena or order to issue in the other litigation that some or all the material

15   covered by the subpoena or order is the subject of the Protective Order.  In addition, the

16   Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in

17   the other action that caused the subpoena or order to issue.

18          The purpose of imposing these duties is to alert the interested parties to the

19   existence of this Protective Order and to afford the Designating Party in this case an opportunity

20   to try to protect its confidentiality interest in the court from which the subpoena or order is

21   issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in

22   that court of its confidential material - and nothing in these provisions should be construed as

23   authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

24   another court.

25          9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

26          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

27   Material to any person or in any circumstance not authorized under this Stipulated Protective

28   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

1    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

2    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

3    this Order, and (d) request such person or persons to execute the "Acknowledgment and

4    Agreement to Be Bound" that is attached hereto as Exhibit A.

5        10.    FILING PROTECTED MATERIAL.  Without written permission from the

6    Designating Party or a court order secured after appropriate notice to all interested persons, a

7    Party may not file in the public record in this action any Protected Material.  A Party that seeks

8    to file under seal any Protected Material must comply with Civil Local Rule 79-5.

9        11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

10   Producing Party, within sixty days after the final termination of this action, each Receiving Party

11   must return all Protected Material to the Producing Party.  As used in this subdivision, Aall

12   Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

13   reproducing or capturing any of the Protected Material.  With permission in writing from the

14   Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

15   of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

16   must submit a written certification to the Producing Party (and, if not the same person or entity,

17   to the Designating Party) by the sixty day deadline that identifies (by category, where

18   appropriate) all the Protected Material that was returned or destroyed and that affirms that the

19   Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

20   of reproducing or capturing any of the Protected Material.  Notwithstanding this provision,

21   Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

22   memoranda, correspondence or attorney work product, even if such materials contain Protected

23   Material.  Any such archival copies that contain or constitute Protected Material remain subject

24   to this Protective Order as set forth in Section 4 (DURATION), above.

25       12.    INADVERTENTLY PRODUCED DOCUMENTS.  If a Party at any time notifies

26   any other Party that it inadvertently produced documents, testimony, information, and/or things

27   that are protected from disclosure under the attorney-client privilege, work product doctrine,

28   and/or any other applicable privilege or immunity from disclosure, or the Receiving Party

1   discovers such inadvertent production, the inadvertent production shall not be deemed a waiver

2   of the applicable privilege or protection.  The Receiving Party shall return all copies of such

3   documents, testimony, information and/or things to the inadvertently producing party within five

4   (5) business days of receipt of such notice or discovery and shall not use such items for any

5   purpose until further order of the Court.  The return of any discovery item to the inadvertently

6   producing Party shall not in any way preclude the Receiving Party from moving the Court for a

7   ruling that the document or thing was never privileged.

8         13.     Nothing in this Protective Order will bar or otherwise restrict an attorney from

9   rendering advice to his or her client with respect to this matter or from generally referring to or

10  relying upon "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY" Discovery Material in rendering such advice, provided however, that in rendering such

12  advice or in otherwise communicating with his or her client, the attorney shall not reveal or

13  disclose the specific content thereof if such disclosure is not otherwise permitted under this

14  Protective Order.

15        14.     <u>MISCELLANEOUS</u>

16              14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

17  person to seek its modification by the Court in the future.

18              14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

19  Protective Order no Party waives any right it otherwise would have to object to disclosing or

20  producing any information or item on any ground not addressed in this Stipulated Protective

21  Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the

22  material covered by this Protective Order.

23  GOOD CAUSE APPEARING THERE FOR, IT IS SO ORDERED.

26  DATED:_____          _____
                                            Honorable Claudia Wilken
27                                          United States District Judge

1

<u>EXHIBIT A</u>

2

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3

I, _____ [print or type full name], of _____ [print

4

or type full address], declare under penalty of perjury that I have read in its entirety and

5

understand the Stipulated Protective Order that was issued by the United States District Court for

6

the Northern District of California on [date] in the case of *In re Static Random Access Memory*

7

*(SRAM) Antitrust Litigation*, Master Docket File M:07-cv-01819-CW. I agree to comply with

8

and to be bound by all the terms of this Stipulated Protective Order and I understand and

9

acknowledge that failure to so comply could expose me to sanctions and punishment in the

10

nature of contempt. I solemnly promise that I will not disclose in any manner any information or

11

item that is subject to this Stipulated Protective Order to any person or entity except in strict

12

compliance with the provisions of this Order.

13

I further agree to submit to the jurisdiction of the United States District Court for the

14

Northern District of California for the purpose of enforcing the terms of this Stipulated

15

Protective Order, even if such enforcement proceedings occur after termination of this action.

16

17

18

Date: _____

19

City and State where sworn and signed: _____

20

Printed name: _____

21

Signature: _____

22

23

24

25

26

27

28

LATHAM&WATKINS LLP   LA\1761177.2
ATTORNEYS AT LAW
LOS ANGELES

14