UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. M:07-CV-01819-CW |
| | MDL No. 1819 |
| | **REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** |
| This Document Relates to: | **(LETTER ROGATORY)** |
| ALL INDIRECT PURCHASER ACTIONS | |

The United States District Court Northern District of California, Oakland Division, presents its compliments to the Appropriate Judicial Authority of Taiwan, and requests international assistance to effect service of process to be used in a civil proceeding before this Court in the above-captioned matter.

**I.    REQUEST**

This Court requests the assistance described herein as necessary in the interests of justice. The assistance requested is that the Appropriate Judicial Authority of Taiwan effect Service of Process of: (1) Amended Summons in a Civil Case; (2) Indirect-Purchaser Plaintiffs' Placeholder Complaint; (3) Civil Cover Sheet; (4) First Pretrial Order; (5) Amended Minute Order and Case Management Order; (6) Supplemental Case Management Order No. 1; (7) Dispute Resolution Procedures in the Northern District of California; (8)

United States District Court Northern District of California ECF Registration Information Handout; and (9) Certified Translations on the below-named corporation:

> Winbond Electronics Corporation
> 4, Creaton Road,
> 111, Science-Based Industrial Park
> Hsinchu, Taiwan

The Appropriate Judicial Authority of Taiwan is requested to serve the above-mentioned documents, and the Chinese translations thereof, by personal service into the hands of a director, managing agent or other person authorized to accept service at the above-listed address or in any manner prescribed for the service of such documents consistent with the law of Taiwan.

## II.     FACTS OF THE CASE

The Complaint in this action was been filed under Section 16 of the Clayton Act, (15 U.S.C. § 26), to obtain injunctive relief for violations of Section 1 of the Sherman Act, (15 U.S.C. § 1), and to recover damages and/or restitution under various state antitrust and consumer protection laws, including to recover the costs of suit, and reasonable attorneys' fees.  This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1337. The Court has jurisdiction over the state law claims under 28 U.S.C. § 1367.

There are two general categories of cases in these related actions:  (1) those brought under federal law on behalf of direct purchasers; and (2) those brought generally under state law on behalf of indirect purchasers, for which there are over seventy complaints covering twenty-three different states.  All plaintiffs allege that they purchased Static Random Access Memory ("SRAM") computer chips either directly or indirectly from defendants or from their alleged co-conspirators.  Plaintiffs claim damages caused by the defendants' conspiracy to fix prices on SRAM chips sold in the United States and elsewhere.  The plaintiffs allege the conspiracy began in November 1, 1996 and continued through at least December 31, 2006 (the "Class Period").

In or about October of 2006, the Antitrust Division of the United States Department of Justice ("DOJ") sent out subpoenas to various companies in connection with an investigation of cartel activity in the SRAM industry.  Several of these companies being investigated have

already pled guilty to price-fixing in the DRAM industry and have paid substantial fines to the DOJ for those unlawful activities.

### III. RECIPROCITY

The United States District Court for the Northern District of California, Oakland Division, represents that, in the event, a citizen of Taiwan required assistance serving process on a citizen of California, this Court would be willing to provide similar assistance to the Appropriate Judicial Authority of Taiwan in effectuating service on the California resident as is being requested through this Letter Rogatory.

### IV. REIMBURSEMENT FOR COSTS

The United States District Court for the Northern District of California, Oakland Division, will not reimburse the Appropriate Judicial Authority of Taiwan for costs incurred in executing this Letter Rogatory.  Interim Lead and Liaison Counsel for the Indirect-Purchaser Plaintiffs are willing to, and will be responsible for, reimbursing the Appropriate Judicial Authority of Taiwan for costs incurred in executing this Letter Rogatory in an amount not to exceed Fifteen Hundred ($1,500.00) United States Dollars (USD).  If the costs for executing this Letter Rogatory will exceed $1,500 USD, please contact Interim Lead and Liaison Counsel for the Indirect-Purchaser Plaintiffs: Francis O. Scarpulla, Zelle Hofmann Voebel Mason & Gette, LLP, 44 Montgomery Street, Suite 3400, San Francisco, CA 94104.

///

///

///

1    In acknowledgment of the additional time which is needed to prepare and file an
2    Answer to the attached documents, the time period for answering is extended to 45 days after
3    service.
4    The Court extends to the judicial authorities of Taiwan assurances of its highest
5    consideration.

6              9/26/07
7    DATED: _____     By: _____
                                              The Hon. Claudia Wilken
8                                             United States District Judge
                                              United States District Court
9                                             Northern District of California
                                                  Oakland Division
10                                            1301 Clay Street, Suite 400S
11                                            Oakland, CA 94612

19   3170279.1

4
REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)