FILED

SEP 26 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION

No. M:07-cv-01819 CW
MDL No. 1819

ORDER GRANTING AS MODIFIED PARTIES' STIPULATION FOR APPOINTMENT OF DISCOVERY MASTER

WHEREAS, pursuant to Supplemental Case Management Order #1, the parties have meet and conferred regarding the selection of a Special Master to oversee Discovery in this matter.

WHEREAS, the parties have agreed upon a nominee, Hon. Fern M. Smith (Ret.), and she has agreed to serve as a Discovery Master in this matter;

NOW, THEREFORE, the parties by and through their respective counsel of record, hereby stipulate and agree as follows:

1. The Discovery Master shall be appointed to resolve discovery disputes which may arise among and between the parties in accordance with Federal Rules of Civil Procedure 1 and 26 through 37 and the Local Civil Rules of the United States District Court for the Northern District of California. All discovery motions and other discovery disputes in the above captioned action shall be

1. decided by a the Discovery Master pursuant to Federal Rule of Civil Procedure 53.

2. The Discovery Master shall be Hon. Fern M. Smith (Ret.). Her business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA 94111.

3. Judge Smith shall serve as the Discovery Master until all issues herein have been finally disposed of or determined or until she shall withdraw in accordance with applicable law. If at any time she becomes unavailable or unable to serve as the Discovery Master, the parties shall confer to present an alternative agreed-upon designee to the Court. In the event that the parties cannot agree to an alternate designee, then the Court shall appoint a Discovery Master.

4. The Discovery Master shall have the authority to set the date, time and place for all hearings determined by the Discovery Master to be necessary; to preside over hearings (whether telephonic or in-person); to take evidence in connection with discovery disputes; to issue orders resolving discovery motions submitted to the Discovery Master; to conduct telephonic conferences to resolve discovery disputes arising during depositions; to issue orders awarding non-contempt sanctions, including, without limitation, the award of attorney's fees, as provided by Rules 37 and 45.

5. All discovery disputes shall be resolved by motion (except those arising during a deposition which the Discovery Master determines can be resolved by telephonic conference during the deposition). The moving party shall first identify each

dispute, state the relief sought, and identify authority supporting the requested relief in a meet and confer letter that shall be served on all parties against whom relief is sought by facsimile or electronic mail. The parties to the discovery dispute shall have five court days from the date of service of that letter to attempt to resolve the dispute. If the dispute has not been resolved within five court days after such service, the moving party may seek relief from the Discovery Master by formal motion or letter brief, at the moving party's option. The opposing party shall have ten court days from the date of service of the motion or letter brief to submit a formal opposition or response. Any reply brief or letter brief shall be served within five court days from the date of service of a formal opposition or response. The hearing on the motion shall take place within ten court days of the service of any reply brief or letter unless (a) the parties agree to another hearing date or agree that no hearing is necessary; (b) the Discovery Master determines that no hearing is necessary; or (c) the Discovery Master is not available, in which case the hearing shall take place on the Discovery Master's first available date. The foregoing shall not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from seeking the Discovery Master's immediate resolution of a dispute or resolution of a dispute upon shortened time upon a showing of good cause why a party would be prejudiced absent prompt resolution. Service of any document by fax or electronic mail prior to 6:00 p.m. (PST) shall constitute service on that day.

    6.    The Discovery Master's orders resolving discovery

disputes, reports and recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a Magistrate Judge of the United States District Court.

7. A court reporter shall transcribe any hearing or other proceeding before the Discovery Master, unless otherwise agreed to by the parties and the Discovery Master.

8. The cost of any proceeding before the Discovery Master, including the fees of the Discovery Master, the fees of court reporters who transcribe hearings or other proceedings before the Discovery Master, and the fees of any other person necessary to the efficient administration of the proceeding before the Discovery Master, shall be paid one-third by Direct Purchaser Plaintiffs, one-third by Indirect Purchaser Plaintiffs and one-third by Defendants then in the case, consistent with the Federal Rules of Civil Procedure, unless the Discovery Master Orders otherwise. In instances where fewer than all parties are involved in a particular proceeding before the Discovery Master, the fees of such proceeding shall be allocated pro rata amongst the parties to that proceeding. By agreeing to share costs among the parties, no party waives its right to seek recovery or reimbursement for such costs from any other party.

9. The Discovery Master shall be compensated according to her regular hourly rate of $700.

10. Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery Master shall proceed with all reasonable diligence.

11. Based on an affidavit filed by Honorable Fern M. Smith (Ret.) pursuant to 28 U.S.C. § 455 and Federal Rule of Civil

4

Procedure 53(b)(3), the parties are not aware that she has a relationship to the parties, to counsel, to the action, or to the Court that would require disqualification of a judge under 28 U.S.C. § 455, and based thereon the parties expressly waive any ground for disqualification disclosed therein of the Hon. Fern M. Smith to serve as master in these proceedings.

12. The Discovery Master shall not have ex parte communications with a party or counsel.

13. The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the Stipulated Protective Order entered in this matter. The Discovery Master agrees to be bound by said Protective Order.

14. The parties shall provide the Discovery Master with a list of any pending discovery motions and courtesy copies of their briefs on each. On all future motions, the parties shall file with the Clerk only the original motion papers[1] and serve a courtesy copy on the Discovery Master. For sealed documents, the parties shall follow Civil Local Rule 79-5 except that the requested sealed document shall be lodged with the Discovery Master and not with the Clerk. If the Discovery Master orders the document to be filed under seal, the party seeking to file the document shall submit to the Clerk one copy of the original document and the Discovery Master's sealing order for filing under seal. Otherwise, the lodged document shall be returned by the Discovery Master to the

---

[1] No chambers' copy shall be submitted to the Clerk.

submitting party and the document shall not be placed in the file.

15. When the Discovery Master issues an order on a party's motion, the moving party shall file a notice of order indicating the docket number of the original motion and attaching a copy of the order.

16. The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports and recommendations issued by the Discovery Master. These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

17. All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

IT IS SO ORDERED.

Dated: _____

CLAUDIA WILKEN
United States District Judge

I consent to serve as Discovery Master in the above-referenced matter consistent with this order

Dated: _Sept. 21, 2007_

HON. FERN M. SMITH

submitting party and the document shall not be placed in the file.

15. When the Discovery Master issues an order on a party's motion, the moving party shall file a notice of order indicating the docket number of the original motion and attaching a copy of the order.

16. The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports and recommendations issued by the Discovery Master. These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

17. All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

IT IS SO ORDERED.

Dated: _____SEP 2 6 2007_____        _____
                                     CLAUDIA WILKEN
                                     United States District Judge


I consent to serve as Discovery Master in the above-referenced matter consistent with this order


Dated: _____        _____
                                      HON. FERN M. SMITH

6