UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION** | Master Docket File: M:07-CV-01819-CW |
| | MDL No. 1819 |
| _____ | |
| **This Document Relates to:** | PROTECTIVE ORDER |
| **ALL ACTIONS** | |
| _____ | |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, competitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   <u>"CONFIDENTIAL"  Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "CONFIDENTIAL" Information or Items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

1    from a Producing Party.

2            2.6    <u>Producing Party</u>: a Party or non-party that produces Disclosure or

3    Discovery Material in this action.

4            2.7    <u>Designating Party</u>: a Party or non-party that designates information or items

5    that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7            2.8    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated

8    as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9            2.9    <u>Outside Counsel</u>: attorneys, paralegals and other support personnel who are

10   not employees of a Party but who are retained to represent or advise a Party in this action.

11           2.10   <u>House Counsel</u>: attorneys, paralegals and other legal department personnel

12   who are employees of a Party.

13           2.11   <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well

14   as their support staffs).

15           2.12   <u>Expert</u>:  a person with specialized knowledge or experience in a matter

16   pertinent to the litigation, including his or her employees and support personnel, who has been

17   retained by a Party or its counsel to serve as an expert witness or as a consultant in this action

18   and who is not a past or a current employee of a Party or of a competitor of a Party and who, at

19   the time of retention, is not anticipated to become an employee of a Party or a competitor of a

20   Party.  This definition includes a professional jury or trial consultant retained in connection with

21   this litigation.

22           2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support

23   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

24   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

25   subcontractors.

26       3.    <u>SCOPE</u>

27           The protections conferred by this Stipulated Protective Order cover not only Protected

28   Material (as defined above), but also any information copied or extracted therefrom, as well as

all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.      DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Designating Party must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. Notwithstanding the foregoing, Defendants producing Materials pursuant to the Court's Case Management Order No. 1, may designate such Material as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the time of production, subject to redesignating such documents appropriately in accordance with this Stipulated Protective Order after production.

If it comes to a Party's or non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

1   ordered, material that qualifies for protection under this Order must be clearly so designated

2   before the material is disclosed or produced.

3                              Designation in conformity with this Order requires:

4                   (a) <u>for information in documentary form</u> (apart from transcripts or

5   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

6   "CONFIDENTIAL" of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each

7   page that contains Protected Material.  Use of the legend "HIGHLY CONFIDENTIAL" shall be

8   construed as and shall have the same meaning and effect of use of the legend "HIGHLY

9   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

10                  A Party or non-party that makes original documents or materials available

11  for inspection need not designate them for protection until after the inspecting Party has

12  indicated which material it would like copied and produced.  During the inspection and before

13  the designation, all of the material made available for inspection shall be deemed "HIGHLY

14  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

15  the documents it wants copied and produced, the Producing Party must determine which

16  documents, or portions thereof, qualify for protection under this Order, then, before producing

17  the specified documents, the Producing Party must affix the appropriate legend

18  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each

19  page that contains Protected Material.

20                  (b)      <u>for testimony given in deposition or in other pretrial or trial</u>

21  <u>proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the

22  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

23  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

25  testimony that is entitled to protection, and when it appears that substantial portions of the

26  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

27  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

28  identify the specific portions of the testimony as to which protection is sought and to specify the

level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY"), no later than the time when review by the witness and

corrections to the transcript shall be due.  Only those portions of the testimony that are

appropriately designated for protection within the time specified above shall be covered by the

provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound

by the court reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as

instructed by the Party or non-party offering or sponsoring the witness or presenting the

testimony.

(c)     for information produced in some form other than documentary,

and for any other tangible items, that the Producing Party affix in a prominent place on the

exterior of the container or containers in which the information or items are stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

portions of the information or item warrant protection, the Producing Party, to the extent

practicable, shall identify the protected portions, specifying whether they qualify as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent

failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material.  If material is

appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY"  after the material was initially produced, the Receiving Party, on

timely notification of the designation, must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Order.

5.4     Upward Designation of Information or Items Produced by Other Parties or

Non-Parties.  Subject to the standards of paragraph 5.1, a Party may upward designate (i.e.,

change any Discovery Material produced without a designation to a designation of

1  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or

2  designate any Discovery Material produced as "CONFIDENTIAL" to a designation of

3  "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") any Discovery Material

4  produced by any other Party or non-Party, provided that said Discovery Material contains the

5  upward designating Party's own confidential, proprietary, competitive or private information.

6          Upward designation shall be accomplished by providing written notice to all

7  Parties identifying (by Bates number or other individually identifiable information) the

8  Discovery Material to be re-designated within 30 days of production by the Producing Party.

9  Failure to upward designate within 30 days of production, alone, will not prevent a Party from

10 obtaining the agreement of all Parties to upward designate certain Discovery Material, or

11 otherwise move the court for such relief.  Any Party may object to the upward designation of

12 Discovery Materials pursuant to the procedures set forth in paragraph 6 regarding challenging

13 designations. The upward designating Party shall bear the burden of establishing the basis for the

14 upward designation.

15          6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

16          6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

17 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

18 economic burdens, or a later significant disruption or delay of the litigation, a Party does not

19 waive its right to challenge a confidentiality designation by electing not to mount a challenge

20 promptly after the original designation is disclosed.

21          6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a

22 Designating Party's confidentiality designation must do so in good faith and must begin the

23 process by conferring directly (in voice to voice dialogue; other forms of communication are not

24 sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

25 explain the basis for its belief that the confidentiality designation was not proper and must give

26 the Designating Party an opportunity to review the designated material, to reconsider the

27 circumstances, and, if no change in the designation is offered, to explain the basis for the chosen

28 designation.  A challenging Party may proceed to the next stage of the challenge process only if

1    it has engaged in this meet and confer process first.

2            6.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

3    confidentiality designation after considering the justification offered by the Designating Party

4    may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

5    79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

6    challenge.  Each such motion must be accompanied by a competent declaration that affirms that

7    the movant has complied with the meet and confer requirements imposed in the preceding

8    paragraph and that sets forth with specificity the justification for the confidentiality designation

9    that was given by the Designating Party in the meet and confer dialogue.

10            The burden of persuasion in any such challenge proceeding shall be on the

11   Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

12   material in question the level of protection to which it is entitled under the Producing Party's

13   designation.

14       7.       ACCESS TO AND USE OF PROTECTED MATERIAL

15            7.1       <u>Basic Principles.</u>  A Receiving Party may use Discovery Material that is

16   disclosed or produced by another Party or by a non-party in connection with this case only for

17   prosecuting, defending, or attempting to settle this litigation.  Protected Material may be

18   disclosed only to the categories of persons under the conditions described in this Order.  When

19   the litigation has been terminated, a Receiving Party must comply with the provisions of section

20   11, below (FINAL DISPOSITION).

21            Protected Material must be stored and maintained by a Receiving Party at a

22   location and in a secure manner that ensures that access is limited to the persons authorized

23   under this Order.  The restrictions on Discovery Material shall not apply to information which, at

24   or prior to disclosure thereof in this action, is or was public knowledge as a result of publication

25   by one having the unrestricted right to do so, or which is otherwise in the public domain.

26   Nothing in this Protective Order shall in any way restrict the use or dissemination by a Party or

27   third Party of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28   EYES ONLY" Discovery Material.

  7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as CONFIDENTIAL only to:

  (a)  the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, provided, however, that support personnel of Outside Counsel do not need to execute an "Agreement to Be Bound by Protective Order";

  (b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (c)  pursuant to the provision in 7.4 (a)-(c), experts or consultants to whom disclosure is reasonably necessary for this litigation;

  (d)  the court and its personnel;

  (e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

  (f)  during the preparation for and conduct of their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Any Party intending to use Protected Material at a deposition preparation session or during a deposition pursuant to this paragraph shall provide written notice to the Producing Party identifying (by Bates number or other individually identifiable information) the Protected Material no later than five (5) business days before preparation session or deposition.

  (g)  the author or recipient of the document or the original source of the information.

  7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by

8

the Designating Party, a Receiving Party may disclose any information or items designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A, provided, however, that support personnel of Outside Counsel do not need to execute an "Agreement to Be Bound by Protective Order";

(b)     House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving Static Random Access Memory products, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), provided, however, that each individual House Counsel must be approved in writing by each affected Producing Party before that Producing Party's "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents may be disclosed to such House Counsel, unless otherwise ordered by the court;

(c)     pursuant to the provision in 7.4 (a)-(c), experts or consultants to whom disclosure is reasonably necessary for this litigation;

(d)     the court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(f)     the author or recipient of the document or the original source of information.

7.4     Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items to Experts or Consultants.

(a)     If any party wishes to disclose Protected Materials produced by any other party and designated as "Confidential" or "Highly Confidential" to any expert or consultant, the expert or consultant must sign the "Agreement to Be Bound by Protective Order"

(Exhibit A).  Nothing in this Protective Order shall require that non-testifying experts or consultants be deposed or otherwise be the subject of discovery.

(b)     If any party desires to disclose another party's information designated "HIGHLY CONFIDENTIAL" to any expert or consultant who, in the five years priors to the date this Order is entered, has worked for one of the defendants (or their predecessors) then and only then, that party must first identify in writing to the attorneys for the producing party that expert or consultant and a general description of the nature of that engagement sufficient to allow the producing party to determine if it will object to the disclosure of its "HIGHLY CONFIDENTIAL" information to that expert or consultant, unless the producing party agrees to permit disclosure without such information.  The attorney for the producing party shall have five (5) days from receipt of such notice to undertake informal dispute resolution procedures, and any objections not informally resolved shall be the subject of a regularly noticed motion by the producing party who shall have the burden to support the restriction on dissemination of its "HIGHLY CONFIDENTIAL" information to that expert or consultant.

(c)     Such identification of an expert or consultant under section 7.4(b) shall include the full name, professional address and affiliation of the expert or consultant, the present and prior employments or consultancies of the expert or consultant and work done for defendants and/or their predecessors (other than work done for the party engaging that expert or consultant in this litigation.)

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party

1   who caused the subpoena or order to issue in the other litigation that some or all the material

2   covered by the subpoena or order is the subject of the Protective Order.  In addition, the

3   Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in

4   the other action that caused the subpoena or order to issue.

5              The purpose of imposing these duties is to alert the interested parties to the

6   existence of this Protective Order and to afford the Designating Party in this case an opportunity

7   to try to protect its confidentiality interest in the court from which the subpoena or order is

8   issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in

9   that court of its confidential material - and nothing in these provisions should be construed as

10  authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

11  another court.

12         9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14  Material to any person or in any circumstance not authorized under this Stipulated Protective

15  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

16  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

17  (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

18  this Order, and (d) request such person or persons to execute the "Acknowledgment and

19  Agreement to Be Bound" that is attached hereto as Exhibit A.

20         10.     FILING PROTECTED MATERIAL

21         Without written permission from the Designating Party or a court order secured after

22  appropriate notice to all interested persons, a Party may not file in the public record in this action

23  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

24  with Civil Local Rule 79-5.

25         11.     FINAL DISPOSITION

26         Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

27  after the final termination of this action, each Receiving Party must return all Protected Material

28  to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

1    abstracts, compilations, summaries or any other form of reproducing or capturing any of the

2    Protected Material.  With permission in writing from the Designating Party, the Receiving Party

3    may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

4    Material is returned or destroyed, the Receiving Party must submit a written certification to the

5    Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

6    deadline that identifies (by category, where appropriate) all the Protected Material that was

7    returned or destroyed and that affirms that the Receiving Party has not retained any copies,

8    abstracts, compilations, summaries or other forms of reproducing or capturing any of the

9    Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

10   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

11   work product, even if such materials contain Protected Material.  Any such archival copies that

12   contain or constitute Protected Material remain subject to this Protective Order as set forth in

13   Section 4 (DURATION), above.

14          12.    <u>INADVERTENTLY PRODUCED DOCUMENTS</u>

15          If a Party at any time notifies any other Party that it inadvertently produced documents,

16   testimony, information, and/or things that are protected from disclosure under the attorney-client

17   privilege, work product doctrine, and/or any other applicable privilege or immunity from

18   disclosure, or the Receiving Party discovers such inadvertent production, the inadvertent

19   production shall not be deemed a waiver of the applicable privilege or protection.  The Receiving

20   Party shall return all copies of such documents, testimony, information and/or things to the

21   inadvertently producing party within five (5) business days of receipt of such notice or discovery

22   and shall not use such items for any purpose until further order of the court.  The return of any

23   discovery item to the inadvertently producing Party shall not in any way preclude the Receiving

24   Party from moving the court for a ruling that the document or thing was never privileged.

25          13.    <u>ADVICE TO CLIENT</u>

26          Nothing in this Protective Order will bar or otherwise restrict an attorney from rendering

27   advice to his or her client with respect to this matter or from generally referring to or relying

28   upon "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1    Discovery Material in rendering such advice, provided however, that in rendering such advice or

2    in otherwise communicating with his or her client, the attorney shall not reveal or disclose the

3    specific content thereof if such disclosure is not otherwise permitted under this Protective Order.

4        14.    <u>MISCELLANEOUS</u>

5        14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

6    person to seek its modification by the court in the future.

7        14.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

8    Protective Order no Party waives any right it otherwise would have to object to disclosing or

9    producing any information or item on any ground not addressed in this Stipulated Protective

10   Order.  Similarly, no Party waives any right to object on any ground to use in evidence any of the

11   material covered by this Protective Order.

12   GOOD CAUSE APPEARING THERE FOR, IT IS SO ORDERED.

13

14

15   DATED: December 14, 2007                    _____/s/_____

16                                              Honorable Fern M. Smith
                                               Discovery Master

17

18   DATED:____12/21/07_____         _____

19                                              Honorable Claudia Wilken
                                               United States District Judge

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6

## EXHIBIT A

7

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

8         I, _____ [print or type full name], of _____ [print

9 or type full address], declare under penalty of perjury that I have read in its entirety and

10 understand the Stipulated Protective Order that was issued by the United States District Court for

11 the Northern District of California on [date] in the case of *In re Static Random Access Memory*

12 *(SRAM) Antitrust Litigation*, Master Docket File M:07-cv-01819-CW. I agree to comply with

13 and to be bound by all the terms of this Stipulated Protective Order and I understand and

14 acknowledge that failure to so comply could expose me to sanctions and punishment in the

15 nature of contempt. I solemnly promise that I will not disclose in any manner any information or

16 item that is subject to this Stipulated Protective Order to any person or entity except in strict

17 compliance with the provisions of this Order.

18         I further agree to submit to the jurisdiction of the United States District Court for the

19 Northern District of California for the purpose of enforcing the terms of this Stipulated

20 Protective Order, even if such enforcement proceedings occur after termination of this action.

21
22
23 Date: _____

24 City and State where sworn and signed: _____

25 Printed name: _____

26 Signature: _____

27
28