IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITigation / | No. M:07-cv-01819 CW<br>MDL No. 1819<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS INDIRECT PURCHASER PLAINTIFFS' SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT |

Defendants[1] have moved to dismiss the Indirect Purchasers' second consolidated amended complaint (SAC). Indirect-Purchaser Plaintiffs (IP Plaintiffs) oppose the motion. The motion was heard on June 12, 2008. Having considered the parties' papers and oral argument on the motion, the Court grants the motions in part.

BACKGROUND

As stated in the Court's order on the initial motions to dismiss, IP Plaintiffs allege that Defendants sold Static Random Access Memory (SRAM) to customers throughout the United States. IP

---

[1] The motion to dismiss was filed by Defendants Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Cypress Semiconductor, Inc., Etron Technology America, Inc., Renesas Technology America, Inc., Toshiba America, Inc., Toshiba America Electronic Components, Inc., Micron Technology, Inc., Micron Semiconductor Products, Inc., Mitsubishi Electric & Electronics USA, Inc., Mitsubishi Electric Corporation, NEC Electornics America, Inc., Samsung Electronics America, Inc., and Samsung Semiconductor Inc. In addition, Defendants Toshiba Corporation, Renesas Technology Corp., Samsung Electronics Company, Ltd., and NEC Electronics Corporation have filed notices of joinder in the motion to dismiss.

Plaintiffs are individuals and companies that indirectly purchased SRAM from one or more Defendants for end use and not for resale.

On February 14, 2008, the Court granted in part Defendants' motion to dismiss IP Plaintiffs' claims. Among other things, the Court found that IP Plaintiffs failed to state a claim under the New York, Pennsylvania and Rhode Island consumer protection statutes. In response to the Court's order, IP Plaintiffs filed their SAC, adding allegations and continuing to assert claims under the New York, Pennsylvania and Rhode Island statutes. Defendants argue that IP Plaintiffs did not comply with the Court's instructions in its order dismissing these state law claims and now move to dismiss them with prejudice. Defendants also move to dismiss IP Plaintiffs' claim under the laws of the District of Columbia because none of the remaining named IP Plaintiffs reside in the District of Columbia.

## LEGAL STANDARD

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. <u>NL Indus., Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are

2

required." Fed. R. Civ. P. 8(e). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which it bases its claim. See Twombly, 127 S. Ct. at 1964. To the contrary, all the Rules require is that the plaintiff "give the defendant fair notice of what the [plaintiff's] claim is and the grounds on which it rests." Id. (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (internal quotation marks omitted).

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. The complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level." Id. at 1965.

## DISCUSSION

I.  New York Consumer Protection Claims

When it granted Defendants' motion to dismiss IP Plaintiffs' claims under New York's General Business Law § 349, the Court instructed that IP Plaintiffs could re-plead the claims if they could "allege any misrepresentations directed at Indirect Purchasers," noting that "New York courts require that conduct be 'consumer-oriented' to be actionable under that statute." February 14, 2008 order (February order) at 23.

In their amended complaint, IP Plaintiffs allege that

> Defendants made public statements about the price of SRAM and products containing SRAM that Defendants knew would be seen by New York consumers; such statements either omitted material information that rendered the statements that they made materially misleading or

3

          affirmatively misrepresented the real cause of price increases for SRAM and products containing SRAM; Defendants alone possessed material information that was relevant to consumers, but failed to provide the information.

SAC ¶ 253(e).  In addition, IP Plaintiffs allege that "Defendants knew that their unlawful trade practices with respect to pricing SRAM would have an impact on New York consumers;" and "Defendants' consumer-oriented violations adversely affected the public interest in the State of New York."  SAC ¶ 253(h), (j).

    Defendants now argue that IP Plaintiffs' claims fail because they do not include statements made by Defendants directly to consumers.  However, Defendants' position reads the Court's order too narrowly.  In its order dismissing the First Consolidated Amended Complaint (FAC), the Court noted that IP Plaintiffs alleged only that Defendants "publicly provided pre-textual and false justifications regarding their price increases."  February order at 23, citing FAC ¶ 160.  Because the Court found that "there is nothing to suggest that Defendants must have provided false justifications for price increases to the IP Plaintiffs," it dismissed the claims.  Id.

    Now, however, IP Plaintiffs have provided allegations to suggest that Defendants provided information that they knew would be seen by IP Plaintiffs and failed to provide other material information necessary to prevent the provided information from being misleading.  For purposes of a motion to dismiss, this is sufficient to allege that Defendants made a "consumer-oriented" misrepresentation or, in other words, directed a misrepresentation at IP Plaintiffs.  Defendants' motion to dismiss IP Plaintiffs'

4

§ 349 claim is denied.

II. Pennsylvania Consumer Protection Claims

The Court dismissed IP Plaintiffs' Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) claims, finding that IP Plaintiffs had not plead (1) any conduct by Defendants which can be interpreted as deceptive conduct creating a likelihood of confusion or of misunderstanding on IP Plaintiffs' part or (2) that they purchased the products containing SRAM for personal, family or household purposes. The SAC names two Pennsylvania IP Plaintiffs who purchased SRAM for personal, family or household purposes.[2]

Defendants argue that IP Plaintiffs' UTPCPL claims must again be dismissed because IP Plaintiffs do not allege "that Defendants made any allegedly misleading representation directly to the indirect purchasers in Pennsylvania." Motion at 6. However, nothing in either the Court's February order or the cases cited by Defendants requires a direct representation from one party to the other.

In Christopher v. First Mutual Corp., 2006 WL 166566, *3 (E.D. Pa.), the plaintiff brought an UTPCPL claim against Associates, the company to which the plaintiff's refinanced mortgage and home equity loan had been assigned. Working with a mortgage broker that was also a defendant, the plaintiff again refinanced the loan. After the loan was refinanced it was assigned to yet another

---

[2] Defendants also move to dismiss IP Plaintiffs' Pennsylvania and Rhode Island state law claims on behalf of IP entities that did not purchase SRAM for personal, family or household use and therefore do not have standing under the Pennsylvania and Rhode Island consumer protection laws. However, the Court does not construe the complaint to make any such claims.

5

company. The plaintiff alleged that Associates "imposed expressly prohibited credit costs and other charges and otherwise engaged in fraudulent or deceptive conduct which created a likelihood of confusion or misunderstanding." Id. at *2. However, the court noted that "the only fact attributed to Associates," rather than to the other defendants, was the "overcharge of the mortgage" when "the two loans were ultimately assigned to [Associates] and they received more than the outstanding principal when he refinanced." Id. at *2 and n.2.

This absence of any representation at all in Charles is distinguishable from IP Plaintiffs' allegations in this case. Here, IP Plaintiffs allege that Defendants made misleading statements in earnings conference calls. Although those calls were not directed at consumers, the transcripts of those calls were posted on the Internet. The Court finds that these allegations are sufficient to withstand a motion to dismiss. Cf., Valley Forge Towers South Condominium v. Ron-Ike Foam Insulators, Inc., 393 Pa. Super. 339, 350-51 (1990) (holding that condominium association was the "person" that "purchased" roofing materials and could therefore could bring a UTPCPL cause of action against the manufacturer of the materials based on misrepresentations in warranty even though contractor, not condominium association, selected and purchased warrantied materials).

In their reply, Defendants argue for the first time that IP Plaintiffs' UTPCPL claims also fail because IP Plaintiffs have not plead that they reasonably relied on the alleged misrepresentations. See id. "To bring a private cause of action

6

1  under the UTPCPL, a plaintiff must show that he justifiably relied
2  on the defendant's wrongful conduct or representations and that he
3  suffered harm as a result of that reliance." Yocca v. Pittsburgh
4  Steelers Sports, Inc., 578 Pa. 479, 501 (2004).  At the hearing, IP
5  Plaintiffs asserted that they can plead additional facts to support
6  a finding of reliance.

7  The Court grants Defendants' motion to dismiss IP Plaintiffs'
8  Pennsylvania UTPCPL claims and grants IP Plaintiffs leave to amend.
9  IP Plaintiffs may replead these claims if they can allege facts
10 sufficient to support a finding that Pennsylvania IP Plaintiffs
11 relied on the alleged misrepresentations.

III. Rhode Island Consumer Protection Claims

In the February order, the Court dismissed IP Plaintiffs' claims under the Rhode Island Unfair Trade Practices and Consumer Protection Act (UTPCPA) and instructed IP Plaintiffs that they could re-plead these claims if they could allege deceptive conduct creating a likelihood of confusion or misunderstanding and that they purchased the products containing SRAM for personal, family or household purposes.

The SAC names a Rhode Island Plaintiff who purchased SRAM for personal, family or household purposes. SAC ¶ 56. Further, the SAC alleges as follows:

> Because of Defendants' unlawful and unscrupulous trade practices in Rhode Island, natural persons in Rhode Island who indirectly purchased SRAM primarily for personal, family or household purposes were misled or deceived to believe that they were paying a fair price for SRAM or the price increases for SRAM were for valid business reasons.

SAC ¶ 256(e).

7

These allegations are sufficient to establish a statutory claim under the UTPCPA. As set out in <u>Ames v. Oceanside Welding and Towing Co., Inc.</u>, 767 A.2d 677, 681 (R.I. 2001), the determination of whether a practice is "unfair" under the UTPCA is based on the consideration of three factors:

> (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise --whether, in other words, it is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen).

<u>Id.</u> at 681 (quoting <u>FTC v. Sperry & Hutchinson Co.</u>, 405 U.S. 233, 244-45 n. 5 (1972)).[3]

The Court finds that the allegations in the SAC "set forth practices by defendants that are likely to offend public policy as has been established by statute and/or common law (e.g., statutory prohibitions on price-fixing)." <u>In re Dynamic Random Access Memory (DRAM Antitrust Litigation</u>, 536 F. Supp. 2d 1129, 1145 (N.D. Cal. 2008). Moreover, IP Plaintiffs' allegations of secret meetings and agreements artificially to maintain high prices for SRAM constitute unscrupulous conduct. Finally, IP Plaintiffs have alleged injury to consumers in Rhode Island. Therefore, the Court denies Defendants' motion to dismiss the amended Rhode Island UTPCA

---

[3]. As IP Plaintiffs point out, Defendants' argument--that the revised UTPCPA claim fails because it does not assert that Defendants' conduct caused Rhode Island consumers to purchase SRAM rather than competing products--improperly applies the standard for common law unfair competition claims to IP Plaintiffs' statutory claim. <u>Compare</u> <u>ERI Max Entm't v. Streisand</u>, 690 A.2d 1351, 1353-54 (R.I. 1997) (common law claim) <u>with</u> <u>Ames</u>, 767 A.2d at 681 (statutory claim).

8

1  claims.

2  IV.  District of Columbia Claims

3      Both of the District of Columbia residents named in the IPSCAC
4  have voluntarily dismissed their claims against all Defendants.
5  See IPSCAC at ¶¶ 22, 36; Docket Nos. 393, 396.  IP Plaintiffs do
6  not dispute that the complaint no longer includes a Plaintiff who
7  resides in or purchased SRAM in the District of Columbia.  Nor do
8  IP Plaintiffs argue that they have standing to bring claims under
9  the laws of the District of Columbia.  Instead, IP Plaintiffs argue
10 that the Court should grant them leave to amend their complaint to
11 include a plaintiff from the District of Columbia.  However, as
12 Defendants argue, IP Plaintiffs must file a properly noticed motion
13 for leave to amend the complaint. See Civil Local Rules 7-1 and 7-
14 2; Phleger v. Countrywide Home Loans, Inc., 2008 WL 65677, *5 (N.D.
15 Cal.).  Therefore, Defendants' motion to dismiss the claims brought
16 pursuant to District of Columbia law is granted, without prejudice
17 to seeking leave to amend to add proper plaintiffs.

                                CONCLUSION

19      For the foregoing reasons, Defendants' motion to dismiss is
20 GRANTED in part and DENIED in part (Docket No. 412).

21      As discussed at the hearing, IP Plaintiffs shall provide
22 Defendants with the names of the plaintiff(s) from the District of
23 Columbia and Florida whom they wish to add to the complaint.  If
24 Defendants agree that IP Plaintiffs may do so, the parties shall
25 submit a stipulation to the Court.  If the parties are unable to
26 reach an agreement, IP Plaintiffs shall file within two weeks of
27 the date of this order a motion for leave to file an amended

                                    9

complaint.  Defendants shall file their opposition within one week of the date the motion is filed and Plaintiffs shall file their reply three days thereafter.  The motion for leave to amend will be taken under submission on the papers.

If IP Plaintiffs wish to pursue their Pennsylvania UTPCPL claims, they shall, within five weeks of the date of this order, file an amended complaint including additional allegations that Pennsylvania IP Plaintiffs relied on the alleged misrepresentations.

IT IS SO ORDERED.

Dated: 6/27/08

CLAUDIA WILKEN
United States District Judge