1   JOSEPH W. COTCHETT (36324)
    STEVEN N. WILLIAMS (175489)
2   NEIL SWARTZBERG (215133)
    COTCHETT, PITRE & MCCARTHY
3   San Francisco Airport Office Center
    840 Malcolm Road, Suite 200
4   Burlingame, CA 94010
    Telephone:    (650) 697-6000
5   Facsimile:    (650) 697-0577
    jcotchett@cpmlegal.com
6   swilliams@cpmlegal.com
    nswartzberg@cpmlegal.com
7
    *Interim Lead Counsel for*
8   *Direct Purchaser Class*

9   FRANCIS O. SCARPULLA (41059)
    CRAIG C. CORBITT (83251)
10  PAMELA E. WOODSIDE (226212)
    QIANWEI FU (242669)
11  ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
    44 Montgomery Street, Suite 3400
12  San Francisco, CA 94104
    Telephone:    (415) 693-0700
13  Facsimile:    (415) 693-0770
    fscarpulla@zelle.com
14  ccorbitt@zelle.com

15  *Interim Lead and Liaison Counsel for*
    *Indirect Purchaser Class*
16

17                        UNITED STATES DISTRICT COURT

18                       NORTHERN DISTRICT OF CALIFORNIA

19                                OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. M:07-CV-01819-CW |
| | MDL No. 1819 |
| | **STIPULATION AND [PROPOSED] ORDER ESTABLISHING PRESERVATION PROTOCOL** |
| This Document Relates to: ALL ACTIONS | |

WHEREAS, the Court's Order of May 17, 2007 established interim obligations on the parties for the preservation of relevant information providing that: "Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation"; and

WHEREAS, the parties have met and conferred and agreed to the following preservation obligations pursuant to the Court's May 17, 2007 Order; and

WHEREAS, except as expressly set forth herein, nothing in this Stipulation shall add to or detract from the rights and obligations of a party under applicable law, including the Federal Rules of Civil Procedure; and

WHEREAS, the parties believe that this Stipulated Order Establishing Preservation Protocol will alleviate the expense, burden and invasiveness of such discovery and will facilitate just, speedy and efficient proceedings;

NOW, THEREFORE, the parties hereby stipulate that they shall observe the following protocol:

1. ESI refers to any electronically stored information in the possession, custody or control of the parties to this action. The duties under this order shall extend to ESI held by a third party in circumstances where such ESI is deemed to be in a party's possession, custody or control.

2. ESI is to be interpreted broadly, to include: writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, messages, email, voicemail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as external hard drives, flash drives, tapes, disks, and cards, printouts, document image files, web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks, statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, photographs, drafts, jottings and notes, as well as video, phonographic, tape, or digital recordings or transcripts. Information that serves to identify, locate, or link such

material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

3. "Preservation" is to be interpreted broadly to accomplish the goal of preserving, while maintaining the integrity of, all ESI and documents reasonably anticipated to be subject to discovery in this action, excluding redundant ESI. Preservation includes taking all reasonable steps needed to prevent the partial or complete destruction, alteration, erasure, deletion, shredding, incineration, wiping, theft, or mutation of such material or making material incomplete or electronically irretrievable.

4. The parties shall take all reasonable steps necessary to preserve throughout the duration of the above-captioned litigation all documents and ESI created from January 1, 1996 through December 31, 2007 that are reasonably anticipated to contain information potentially relevant to the subject matter of this litigation.

5. From and after the date of entry of this Order, the parties shall take all reasonable steps necessary to preserve the following documents and ESI:

   (a) A single set of transaction-level data for the period January 1, 1996 – December 31, 2007, in the most disaggregated form as each party may maintain in the ordinary course of business in the database used to store transaction-level data, for sales of SRAM in the United States (regardless of the country of manufacture); and

   (b) General ledger data, and such information, in the most disaggregated form as each party may maintain in the ordinary course of business, that is sufficient to show overhead, sales/marketing, labor, aggregated to a level of detail as in regular or periodic departmental or division reporting (and excluding, for example, source cost materials), from January 1, 1996 – December 31, 2007.

6. The parties agree that they will use good faith efforts to avoid imposing excessive costs and burdens upon each other regarding the preservation of ESI. Upon taking all reasonable steps needed to comply with the preservation obligations in Paragraphs 4 and 5, above, a party may resume routine business processes relating to the storage or destruction of ESI.

7. The parties shall circulate retention notices designed to ensure the preservation of information reasonably anticipated to be subject to discovery in this action consistent with both the Federal Rules of Civil Procedure and with this Order to those employees reasonably likely to possess such information.

8. Any party shall give 30-days advance written notice, within which time period any other party may have the opportunity to object, in the event the party intends not to retain any pertinent current or legacy system software or hardware, including application programs and utilities, that may be necessary to access, process manipulate, print, etc., ESI that either is "live" or has been archived or backed up.

9. The parties may, without leave of Court, agree in writing that certain documents, ESI or categories of documents or evidence need not be preserved in accordance with this Order. If such agreement is reached, such agreement is effective upon signing without further order of the Court. In the event this litigation is terminated, with prejudice, and without any appellate recourse available as to any party, that party's obligations under this Protocol shall be terminated as well.

10. Unless the Court orders otherwise, each party shall bear its own costs in preserving and retaining any documents, ESI, or data under this Order.

11. By agreeing to preserve ESI or documents in accordance with the terms hereof, the parties are not waiving any objection to the ultimate discoverability or admissibility of such information.

12. By agreeing to this Protocol, the parties are not waiving any rights to object to any claims of spoliation of potentially relevant information that may have occurred at any time during this litigation.

13. Nothing herein shall be deemed to affect the parties' obligations to preserve hardcopy documents pursuant to the Federal Rules of Civil Procedure.

14. Nothing herein shall be deemed to affect the parties' obligations pursuant to Fed. R. Civ. P. 26(e).

1   15.  The parties shall continue to meet and confer regarding the preservation of transactional-level data for SRAM-containing products.

   16.  This Order may be amended by agreement of counsel for the parties in the form of a written stipulation filed with the Court and subject to the Court's approval, except in accordance with Paragraph 9, above.

IT IS SO STIPULATED this 19th day of August, 2008.

Dated: August 19, 2008

COTCHETT, PITRE & McCARTHY

By:  /s/ Steven N. Williams
     Steven N. Williams

*Interim Lead Counsel and Liaison Counsel for the Direct-Purchaser Plaintiffs and the Proposed Class*

ZELLE, HOFMANN, VOELBEL, MASON & GETTE, LLP

By:  /s/ Francis O. Scarpulla
     Francis O. Scarpulla

*Interim Lead and Liaison Counsel for Indirect-Purchaser Class*

THELEN REID BROWN RAYSMAN & STEINER LLP
Paul R. Griffin
Jonathan E. Swartz
101 Second Street, Suite 1800
San Francisco, CA 94105-3606
Tel: (415) 371-1200
Fax: (415) 371-1211

By:  /s/ Paul R. Griffin
     Paul R. Griffin

*Interim Liaison Counsel for Defendants*

///
///

```
 1  PURSUANT TO STIPULATION, IT IS SO ORDERED.
 2
 3
 4                                          [signature]
 5
 6  Dated: August 20, 2008                  _____
                                            Hon. Fern M. Smith (Ret)
 7                                          Discovery Master
 8                                          [signature]
                  28
 9  Dated: August ___, 2008                 _____
                                            Hon. Claudia Wilken
10
                                            United States District Judge
11                                          Northern District of California
12                      ATTESTATION OF FILING
13      Pursuant to N.D. Cal. General Order No. 45, section 45 X(B), I, Steven N. Williams,
14  hereby attest that concurrence in the filing of this stipulation and proposed order has been
15  obtained from: Lead Counsel for the Indirect-Purchaser Plaintiffs and the Proposed Class, and
16
17  Liaison Counsel for Defendants who have provided the conformed signatures above.
18
                                            COTCHETT, PITRE & MCCARTHY
19
20                                          By:   /s/ Steven N. Williams
                                                  Steven N. Williams
21
                                            Interim Lead Counsel and Liaison Counsel for
22                                          the Direct-Purchaser Plaintiffs and the Proposed
                                            Class
23
```