1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: STATIC RANDOM ACCESS (SRAM)
ANTITRUST LITIGATION,

_____/

No. C 07-01819 CW

ORDER DEFINING
CUSTOM SRAM

On September 29, 2008, the Court issued an order granting Plaintiff's motion for class certification. In the Order, the Court noted that both parties agreed that "analyzing the impact of customized SRAM would require an individualized analysis to prove an antitrust violation." Docket no. 566 at 12 n.2. Therefore, the Court excluded purchasers of custom SRAM from the class. On October 31, 2008, the Court ordered both parties to meet and confer regarding a definition of customized SRAM. The parties did not agree on a definition and instead submitted their proposed definitions to the Court. The matter was heard on December 18, 2008. Having considered oral argument and all of the papers filed by the parties, the Court adopts Plaintiff's definition of customized SRAM.

Customized SRAM is defined as

(1) SRAM that was designed and sold by only one manufacturer

    in order to meet a set of defined performance characteristics

established by only one purchaser; and

(2) that set of defined performance characteristics was not met by SRAM designed or sold by any other manufacturer; and

(3) the SRAM was designed as a completely new SRAM or required substantial change to an already-existing SRAM.

Defendants' challenge this definition as too lengthy and difficult to apply. The Court disagrees. The above definition encapsulates only the type of SRAM that would require an individualized analysis to prove an antitrust violation. This definition takes into consideration that "customers buying custom products would not be affected by any alleged conduct targeted at the market generally because there is no competition from the other Defendants for a custom product." Opposition to Class Certification at 25.

Defendants' proposed definition is too simple and risks engulfing non-customized SRAM. Defendants suggest that custom SRAM is "SRAM designed, manufactured, or tested to meet individual purchaser's specifications or needs." This definition would include SRAM that might be customized for one purchaser but is actually sold to multiple purchasers. Thus, under Defendants' definition, custom SRAM would not in fact be an individualized product for a particular customer. Defendants' definition would also include SRAM with only minor modifications. Insubstantial modifications of SRAM would not alter the predominantly common impact of the conspiracy on purchases of such SRAM. Defendants' proposed definition would likely exclude SRAM purchases that would have been commonly impacted by a conspiracy among Defendants to fix SRAM prices.

United States District Court
For the Northern District of California

For these reasons the Court adopts Plaintiff's definition.

IT IS SO ORDERED.

Dated: 12/19/08

_____
CLAUDIA WILKEN
United States District Judge