Robert B. Pringle (CA Bar No. 051365)
Paul R. Griffin (CA Bar No. 083541)
Patrick M. Ryan (CA Bar No. 203215)
Jonathan E. Swartz (CA Bar No. 203624)
Laura A. Guillen (CA Bar No. 248874)
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:     415-591-1000
Facsimile:      415-591-1400
rpringle@winston.com
pgriffin@winston.com
pryan@winston.com
jswartz@winston.com
lguillen@winston.com

Attorneys for Defendants
NEC ELECTRONICS CORPORATION and
NEC ELECTRONICS AMERICA, INC.
*Liaison Counsel for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No.:  M:07-cv-1819 CW <br><br> MDL No. 1819 |
| This Document Relates To: <br><br> All Indirect Purchaser Actions | **ORDER ADOPTING SPECIAL MASTER'S REPORT AND RECOMMENDATION FOR ALLEGED DISCOVERY VIOLATIONS BY INDIRECT PURCHASER PLAINTIFFS** |

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1. The Court has before it the matter of whether to adopt the Special Master's Report and Recommendation for Alleged Discovery Violations by Indirect Purchaser Plaintiffs ("Report"), Defendants' Motion To Adopt the Report (DE 707), Indirect-Purchaser Plaintiffs' Objections to the Report (DE 701), Defendants' Statement of Partial Non-Opposition and Response to Plaintiff's Objections (DE 713), and all other pleadings and papers on file in this action relevant to this matter.

Having thoroughly reviewed the above, and having reviewed the Special Master's factual findings for clear error and Her Honor's legal conclusions, if any, *de novo*, it is hereby **ORDERED**:

1. The Court adopts and affirms the Special Master's Report and Recommendation for Alleged Discovery Violations By Indirect Purchaser Plaintiffs, filed April 17, 2009 as docket number 677 ("Report"), and attached hereto as Exhibit A, in its entirety, except that the Court clarifies the Report as follows:

2. Numbered paragraph 1 on page 7 of the Report is clarified to read: For class certification issues only, plaintiffs' experts be precluded from using or referencing any third-party data received prior to the filing of their motion for class certification and related expert reports on January 29, 2009. Plaintiffs' experts may, however, refer to and analyze data defendants' expert referred to and analyzed in her expert report.

3. Numbered paragraph 3 on page 7 of the Report is clarified to read: Plaintiffs are precluded from submitting new opinions or analyses by their experts in support of class certification along with their reply brief in support of class certification. Plaintiffs' experts are limited solely to opinions and analyses that rebut the opinions of defendants' expert.

**IT IS SO ORDERED.**

Dated: 5/21/09

_____
THE HONORABLE CLAUDIA WILKEN
United States District Judge
Northern District of California