# EXHIBIT A

FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JANE YI (257893)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Interim Lead and Liaison Counsel for
Indirect Purchaser Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. M:07-CV-01819-CW<br><br>MDL No. 1819 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **CORRECTED DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION (REDACTED VERSION)**<br><br>Date:  September 3, 2009<br>Time:  2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:  Hon. Claudia Wilken |

I, Christopher T. Micheletti, declare:

1.     I am a member in good standing of the State Bar of California and am a member of the firm Zelle Hofmann Voelbel & Mason LLP.  I am duly licensed to practice before the Supreme Court of the State of California and all other inferior courts of this State.  I am admitted to practice before the United States Supreme Court, the Court of Appeals for the Ninth Circuit, and the Federal District Court for the Northern District of California.  I am also admitted to practice before the United States Court of Appeal for the Sixth Circuit.  This Declaration is based on personal

1

knowledge, except where specified that information is based on information and belief, and if called to testify, I could and would do so competently as to the matters set forth herein.

2. Attached as Exhibit 1 hereto are true and correct copies of excerpts of Plaintiff Lara Sterenberg's responses to Defendants' Interrogatories; excerpts of her deposition testimony; and invoice(s), receipt(s), and/or other records produced by her in this action.

3. Attached as Exhibit 2 hereto are true and correct copies of excerpts of Plaintiff United Food and Commercial Workers Local 99's deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

4. Attached as Exhibit 3 hereto are true and correct copies of excerpts of Plaintiff Robert S. Harmon's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

5. Attached as Exhibit 4 hereto are true and correct copies of excerpts of Plaintiff Michael Brooks's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

6. Attached as Exhibit 5 hereto are true and correct copies of excerpts of Plaintiff Lawrence Markey's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

7. Attached as Exhibit 6 hereto are true and correct copies of excerpts of Plaintiff Roman J. Munoz's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

8. Attached as Exhibit 7 hereto are true and correct copies of excerpts of Plaintiff Joseph Solo's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

9. Attached as Exhibit 8 hereto are true and correct copies of excerpts of Plaintiff Stargate Films's responses to Defendants' Interrogatories; excerpts of its deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

10. Attached as Exhibit 9 hereto are true and correct copies excerpts of Plaintiff United

Food and Commercial Workers Local 8's deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

11. Attached as Exhibit 10 hereto are true and correct copies of excerpts of Plaintiff Dona Culver's responses to Defendants' Interrogatories; excerpts of her deposition testimony; and invoice(s), receipt(s), and/or other records produced by her in this action.

12. Attached as Exhibit 11 hereto are true and correct copies of excerpts of Plaintiff Ronnie Barnes's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

13. Attached as Exhibit 12 hereto are true and correct copies of excerpts of Plaintiff Ryan Edwards's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

14. Attached as Exhibit 13 hereto are true and correct copies of excerpts of Plaintiff John Pharr d/b/a JP Micro's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

15. Attached as Exhibit 14 hereto are true and correct copies of excerpts of Plaintiff Ramon Oyadomari's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

16. Attached as Exhibit 15 hereto are true and correct copies of excerpts of Plaintiff Unite Here Local 5's responses to Defendants' Interrogatories; excerpts of its deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

17. Attached as Exhibit 16 hereto are true and correct copies of excerpts of Plaintiff Herbert Harmison's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

18. Attached as Exhibit 17 hereto are true and correct copies of excerpts of Plaintiff David Sly's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

19. Attached as Exhibit 18 hereto are true and correct copies of excerpts of Plaintiff nXio,

LLC's responses to Defendants' Interrogatories; excerpts of its deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

20. Attached as Exhibit 19 hereto are true and correct copies of excerpts of Plaintiff Penobscot Eye Care's responses to Defendants' Interrogatories; excerpts of its deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

21. Attached as Exhibit 20 hereto are true and correct copies of excerpts of Plaintiff James Allen's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

22. Attached as Exhibit 21 hereto are true and correct copies of excerpts of Plaintiff Fairmont Orthopedics and Sports Medicine, P.A.'s deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

23. Attached as Exhibit 22 hereto are true and correct copies of excerpts of Plaintiff Reclaim Center, Inc.'s responses to Defendants' Interrogatories; excerpts of its deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

24. Attached as Exhibit 23 hereto are true and correct copies of excerpts of Plaintiff Henry Kornegay's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

25. Attached as Exhibit 24 hereto are true and correct copies of excerpts of Plaintiff Our Montana, Inc.'s responses to Defendants' Interrogatories; excerpts of its deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

26. Attached as Exhibit 25 hereto are true and correct copies of excerpts of Plaintiff Culinary Workers Union Local 226's deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

27. Attached as Exhibit 26 hereto are true and correct copies of excerpts of Plaintiff Allen Robert Kelley's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

28.     Attached as Exhibit 27 hereto are true and correct copies of excerpts of Plaintiff Daniel Yohalem's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

29.     Attached as Exhibit 28 hereto are true and correct copies of excerpts of Plaintiff Rodrigo Bazan Gatti's responses to Defendants' Interrogatories; deposition testimony; and invoice(s), receipt(s), and/or other records relevant to Plaintiff's purchase of product(s) containing SRAM.

30.     Attached as Exhibit 29 hereto are true and correct copies of excerpts of Plaintiff CHP Media, Inc.'s responses to Defendants' Interrogatories; excerpts of its deposition testimony; and invoice(s), receipt(s), and/or other records produced by it in this action.

31.     Attached as Exhibit 30 hereto are true and correct copies of excerpts of Plaintiff Curtis Hogue, Jr.'s responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

32.     Attached as Exhibit 31 hereto are true and correct copies of excerpts of Plaintiff Ward Cater's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

33.     Attached as Exhibit 32 hereto are true and correct copies of excerpts of Plaintiff Beth O'Donnell's responses to Defendants' Interrogatories; excerpts of her deposition testimony; and invoice(s), receipt(s), and/or other records produced by her in this action.

34.     Attached as Exhibit 33 hereto are true and correct copies of excerpts of Plaintiff Carlos R. Carrillo's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

35.     Attached as Exhibit 34 hereto are true and correct copies of excerpts of Plaintiff Javier Oyola-Alemany's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

36.     Attached as Exhibit 35 hereto are true and correct copies of excerpts of Plaintiff Kevin Kicia's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and

1   invoice(s), receipt(s), and/or other records produced by him in this action.

2       37.    Attached as Exhibit 36 hereto are true and correct copies of excerpts of Plaintiff
3   Mitch Mudlin's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and
4   invoice(s), receipt(s), and/or other records produced by him in this action.

5       38.    Attached as Exhibit 37 hereto are true and correct copies of excerpts of Plaintiff
6   Frank C. Warner's responses to Defendants' Interrogatories; excerpts of his deposition testimony;
7   and invoice(s), receipt(s), and/or other records produced by him in this action.

8       39.    Attached as Exhibit 38 hereto are true and correct copies of excerpts of Plaintiff
9   Christopher K. Giauque's responses to Defendants' Interrogatories; excerpts of his deposition
10  testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

11      40.    Attached as Exhibit 39 hereto are true and correct copies of excerpts of Plaintiff
12  Christopher Smith's responses to Defendants' Interrogatories; excerpts of his deposition testimony;
13  and invoice(s), receipt(s), and/or other records produced by him in this action.

14      41.    Attached as Exhibit 40 hereto are true and correct copies of excerpts of Plaintiff
15  Donna Hark's responses to Defendants' Interrogatories; excerpts of her deposition testimony; and
16  invoice(s), receipt(s), and/or other records produced by her in this action.

17      42.    Attached as Exhibit 41 hereto are true and correct copies of excerpts of Plaintiff
18  David Loomis's responses to Defendants' Interrogatories; excerpts of his deposition testimony; and
19  invoice(s), receipt(s), and/or other records produced by him in this action.

20      43.    Attached as Exhibit 42 hereto are true and correct copies of excerpts of Plaintiffs
21  Mark and Shannon Schneider's responses to Defendants' Interrogatories; excerpts of their deposition
22  testimony; and invoice(s), receipt(s), and/or other records produced by them in this action.

23      44.    Attached as Exhibit 43 hereto are true and correct copies of excerpts of Plaintiff
24  Christopher J. Stawski's responses to Defendants' Interrogatories; excerpts of his deposition
25  testimony; and invoice(s), receipt(s), and/or other records produced by him in this action.

26      45.    Attached as Exhibit 44 hereto is a true and correct copy of a letter from Research In
27  Motion (RIM), dated April 1, 2009.

28

1    46.    Attached as Exhibit 45 hereto are true and correct copies of documents produced in
2 this litigation with Bates numbers RIM 00001, RIM 00003-00009.

3    47.    Attached as Exhibit 46 hereto are true and correct copies of RIM product information
4 available on RIM's website.

5    48.    Attached as Exhibit 47 hereto are true and correct copies of documents produced in
6 this litigation with Bates numbers eCYP0482627-0482663.

7    49.    Attached as Exhibit 48 hereto are true and correct copies of documents produced in
8 this litigation with Bates numbers CIS0016, CIS0018, and CIS0052.

9    50.    Attached as Exhibit 49 hereto is a true and correct copy of a web printout of the
10 product features of the Cisco Aironet 1100 Series Access Point.

11   51.    Attached as Exhibit 50 hereto is a true and correct copy of a web printout regarding
12 Cisco PIX 500 series and referencing SRAM cache.

13   52.    Attached as Exhibit 51 hereto are true and correct copies of documents produced in
14 this litigation with Bates numbers RENESAS-SRAM-0069547, RENESAS-SRAM-0069550,
15 RENESAS-SRAM-0069562-0069564.

16   53.    Attached as Exhibit 52 hereto is a true and correct copy of the characteristics of
17 UtRAM (PSRAM) provided on Defendant Samsung's website.

18   54.    Attached as Exhibit 53 hereto are true and correct copies of a system overview for the
19 Dell PowerEdge 1650 Systems provided on Dell's website.

20   55.    Attached as Exhibit 54 hereto are true and correct copies of product specifications for
21 the Dell PowerEdge System provided on Dell's website.

22   56.    Attached as Exhibit 55 hereto are true and correct copies of documents produced in
23 this litigation with Bates numbers eCYP0243342-0243361.

24   57.    Attached as Exhibit 56 hereto is a true and correct copy of a document produced in
25 this litigation with Bates number eCYP1755590.

26   58.    Attached as Exhibit 57 hereto are true and correct copies of documents produced in
27 this litigation with Bates numbers eCYP1143345, eCYP1143348.

28

1  59. Attached as Exhibit 58 hereto is a true and correct copy of documents produced in
2  this litigation with Bates numbers SSI-0010095995, SSI-0010096022-0010096023.
3  60. Attached as Exhibit 59 hereto is a true and correct copy of the Objections of Nonparty
4  D-Link Systems, Inc. to Subpoena by Indirect Purchaser Class for Documents, dated June 2, 2008.
5  61. Attached as Exhibit 60 hereto is a true and correct copy of a document produced in
6  this litigation with Bates number CYP060172 - 060175.
7  62. Attached as Exhibit 61 hereto is a true and correct copy of a document produced in
8  this litigation with Bates number CYP047643 - 047656.
9  63. Attached as Exhibit 62 hereto is a true and correct copy of a document produced in
10 this litigation with Bates number CYP052027 - CYP052032.
11 64. Attached as Exhibit 63 hereto is a true and correct copy of a document produced in
12 this litigation with Bates number CYP052066 - 052068.
13 65. Attached as Exhibit 64 hereto is a true and correct copy of a document produced in
14 this litigation with Bates number CYP050942, CYP050990.
15 66. Attached as Exhibit 65 hereto is a true and correct copy of a document produced in
16 this litigation with Bates number eCYP0218574, eCYP0218586.
17 67. Attached as Exhibit 66 hereto is a true and correct copy of a document produced in
18 this litigation with Bates number eCYP0243305-0243306, eCYP0243311-0243312.
19 68. Attached as Exhibit 67 hereto is a true and correct copy of a document produced in
20 this litigation with Bates number ETAMDL-0006421-0006430.
21 69. Attached as Exhibit 68 hereto is a true and correct copy of a document produced in
22 this litigation with Bates number CYP052832 – CYP052839.
23 70. Attached as Exhibit 69 hereto are true and correct copies of documents produced in
24 this litigation with Bates numbers eCYP0619582, eCYP0619592-0619596.
25 71. Attached as Exhibit 70 hereto are true and correct copies of documents produced in
26 this litigation with Bates numbers eCYP0601383-0601387.
27 72. Attached as Exhibit 71 hereto are true and correct copies of documents produced in
28

CORRECTED DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF
INDIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

1  this litigation with Bates numbers eCYP0301095-0301099.

2  73. Attached as Exhibit 72 hereto are true and correct copies of documents produced in
3  this litigation with Bates numbers eCYP0301783-0301787.

4  74. Attached as Exhibit 73 hereto are true and correct copies of documents produced in
5  this litigation with Bates numbers eCYP0264254-0264258; eCYP0264271; eCYP0264291-0264294;
6  eCYP0264308; and eCYP0264332.

7  75. Attached as Exhibit 74 hereto are true and correct copies of documents produced in
8  this litigation with Bates numbers HSA_SRAM0535037 - 0535045.

9  76. Attached as Exhibit 75 hereto is a true and correct copy of a document produced in
10 this litigation with Bates number eCYP0243353.

11 77. Attached as Exhibit 76 hereto are true and correct copies of documents produced in
12 this litigation with Bates numbers NECELAM-S 1632355, NECELAM-S 1632369-1632371,
13 NECELAM-S 1632465-1632467.

14 78. Attached as Exhibit 77 hereto are true and correct copies of documents produced in
15 this litigation with Bates numbers eCYP0635688-0635693.

16 79. Attached as Exhibit 78 hereto is a true and correct copy of a document produced in
17 this litigation with Bates number eCYP0587897.

18 80. Attached as Exhibit 79 hereto are true and correct copies of documents produced in
19 this litigation with Bates numbers NECELAM-S 1679746 -1679750.

20 81. Attached as Exhibit 80 hereto are true and correct copies of documents produced in
21 this litigation with Bates numbers eCYP0216384, eCYP0216520-0216522.

22 82. Attached as Exhibit 81 hereto are true and correct copies of documents produced in
23 this litigation with Bates numbers eCYP0654795-0654798.

24 83. Attached as Exhibit 82 hereto are true and correct copies of product specifications for
25 the BCM VP1541 product provided on BCM's website.

26 84. Attached as Exhibit 83 hereto is a true and correct copy of a document produced in
27 this litigation with Bates number eCYP0109615, eCYP0109654.

28

1   85.     Attached as Exhibit 84 hereto are true and correct copies of documents produced in
2   this litigation with Bates numbers NECELAM-S 1626136-1626137.
3   86.     Attached as Exhibit 85 hereto is a true and correct copy of a document produced in
4   this litigation with Bates number TAEC-S-216672.
5   87.     Attached as Exhibit 86 hereto are true and correct copies of documents produced in
6   this litigation with Bates numbers ETAMDL-0065082-0065089.
7   88.     Attached as Exhibit 87 hereto is a true and correct copy of a document produced in
8   this litigation with Bates number TAEC-S-302467-0001.
9   89.     Attached as Exhibit 88 hereto are true and correct copies of documents produced in
10  this litigation with Bates numbers NECELAM-S 1866182, NECELAM-S 1866230-1866234.
11  90.     Attached as Exhibit 89 hereto are true and correct copies of documents produced in
12  this litigation with Bates numbers eCYP0910668-0910671.
13  91.     Attached as Exhibit 90 hereto is a true and correct copy of a document produced in
14  this litigation with Bates number RENESAS-SRAM-0293585.
15  92.     Attached as Exhibit 91 hereto is a true and correct copy of a document produced in
16  this litigation with Bates number eCYP0294471.
17  93.     Attached as Exhibit 92 hereto is a true and correct copy of a document produced in
18  this litigation with Bates number eCYP2371551-2371561.
19  94.     Attached as Exhibit 93 hereto is a true and correct copy of excerpts of the deposition
20  of Michelle M. Burtis, Ph.D., in the *SRAM* litigation, dated June 5, 2009, and Exhibit 10 thereto.
21  95.     Attached as Exhibit 94 hereto is a true and correct copy of excerpts of the deposition
22  of Mark Dwyer, Ph.D., in the *SRAM* litigation, dated April 2, 2009.
23  96.     Attached as Exhibit 95 hereto is a true and correct copy of a letter from 3Com, dated
24  March 31, 2009.
25  97.     Attached as Exhibit 96 hereto is a true and correct copy of excerpts of the deposition
26  of Michelle M. Burtis, Ph.D., in the *Smokeless Tobacco Cases I-IV*, dated October 28, 2003.  This
27  portion of Burtis' Declaration was filed conditionally under seal in the *Smokeless* case but was
28

1 unsealed pursuant to local rule when the defendant in that case did not seek to maintain the document under seal in the court record. I understand that it is publicly available at the San Francisco Superior Court.

98. Attached as Exhibit 97 hereto are true and correct copies of documents produced in this litigation with Bates numbers eCYP0528313, eCYP0528320-0528322.

99. Attached as Exhibit 98 hereto is a true and correct copy of a document produced in this litigation with Bates number SSI-0005170064.

100. Attached as Exhibit 99 hereto is a true and correct copy of Exhibit 3 to the deposition of Michelle M. Burtis, Ph.D., in the *SRAM* litigation, dated June 5, 2009.

101. Attached as Exhibit 100 hereto is a true and correct copy of excerpts from the deposition of K.C. Suh of Hynix, p. 168.

102. Attached as Exhibit 101 hereto is a true and correct copy of Exhibit 163 to the deposition of K.C. Suh with Bates number HSA_SRAM0597611.

103. Attached as Exhibit 102 hereto is a true and correct copy of excerpts from the deposition of Roman Komanovsky of Hynix, dated May 18, 2009, pp. 254-255, 262-263.

104. Attached as Exhibit 103 hereto is a true and correct copy of excerpts from the deposition of Oomer Serang of Samsung, pp. 84-85, 164, 166, 168.

105. Attached as Exhibit 104 hereto is a true and correct copy of excerpts from the deposition of David Bagby of Samsung, pp. 242-243, 245-250.

106. Attached as Exhibit 105 hereto is a true and correct copy of excerpts from the deposition of O.S. Kwon of Samsung, pp. 54, 55-56, 78, 144-145, 158, 176-181, 202-204, 219, 225-226, 243-245.

107. Attached as Exhibit 106 hereto is a true and correct copy of Exhibit 150 to the deposition of O.S. Kwon of Samsung in the *SRAM* litigation.

108. Attached as Exhibit 107 hereto is a true and correct copy of excerpts from the deposition of Ik Jung Lee of Samsung, pp. 33-34.

CORRECTED DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF
INDIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

109. Attached as Exhibit 108 hereto is a true and correct copy of excerpts from the deposition of Garey Johnson of Renesas, pp. 108, 122-123.

110. Attached as Exhibit 109 hereto is a true and correct copy of excerpts from the deposition of Steven Watts, pp. 8-9, 11-15, 17-23, 25-27, 39, 40-42, 44-45, 47, 68, 71, 83-85, 110-111, 114, 130, 139, 141.

111. Attached as Exhibit 110 hereto is a true and correct copy of excerpts from the deposition of Mark Lieberman, pp. 35-37, 40-46.

112. Attached as Exhibit 111 hereto is a true and correct copy of the declaration of Matthew Frank, dated June 30, 2009.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing statements of fact are true and correct.

Executed this 8th day of July, 2009 in San Francisco, California.

                                      */s/ Christopher T. Micheletti*
                                      Christopher T. Micheletti

#3217868v4

---

12

CORRECTED DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF
INDIRECT PURCHASER PLAINTIFFS' MOTION FOR CLASS CERTIFICATION