**Ryan Declaration**

**EXHIBIT VIII**
**Book:**
**Econometrics**
**Legal, Practical, and Technical Issues**

# Econometrics

## Legal, Practical, and Technical Issues



Section of Antitrust Law



Defending Liberty
Pursuing Justice

## C. Legal Standards for Use of Statistical Analysis in Class Certification

### 1. Overview

Class certification disputes increasingly involve statistical or econometric analyses. In particular, economic experts have tested the propositions that there is evidence of common impact and that a common formula may be used to estimate damages. Plaintiffs' experts typically contend that statistical tests and other available evidence can be used to demonstrate common impact and that relatively simple formulas can be used to assess damages. They argue that regression analysis may be used to isolate the effects of an alleged conspiracy in situations where product heterogeneity, or other factors, might appear to make common proof impossible.

Conversely, defendants' experts typically contend that some members of the proposed class may not have been affected by the alleged anticompetitive behavior, that there is a conflict within the purported class because some members may have benefited from the same conduct that allegedly harmed others, or that individualized evidence must be presented to establish impact and estimate damages for class members.

### 2. Econometric Analysis of Common Impact

Antitrust plaintiffs seeking class certification often present econometric formulas and other statistical analyses to show common impact, particularly in cases concerning complex industries or complicated price structures. In *In re Bromine Antitrust Litigation*,[55] plaintiffs offered expert testimony to make a threshold showing that despite individual price negotiations, diverse supply and demand conditions, and product variations, a common formula could be used to establish class-wide impact. *In re Industrial Diamonds Antitrust*

---

100 F.R.D. 280, 304 (N.D. Ill. 1983) (rejecting bifurcation as a solution to individual proof of damages due to Seventh Amendment concerns) *with In re* Ampicillin Antitrust Litig., 88 F.R.D. 174, 179 (D.D.C. 1980) (denying Seventh Amendment objection to bifurcation) *and In re* Master Key Antitrust Litig., 70 F.R.D. 23 (D. Conn.) (same), *appeal dismissed*, 528 F.2d 5 (2d Cir. 1975).

55. 203 F.R.D. 403, 414-15 (S.D. Ind. 2001).

*Econometrics in Antitrust*

*Litigation*[56] found that expert testimony supported the view that individually negotiated prices were based in part on list prices, and expert analysis "indicated that [the allegedly conspiratorial] 1992 list price increases had, in general, an upward effect on the transaction prices paid by purchasers of those products."[57]

But in other cases, expert statistical studies have fallen short of demonstrating a method of showing common impact. For example, in a case involving allegations of market division by use of non-compete clauses in employment contracts, the plaintiffs' expert presented a regression analysis purporting to show that overall compensation levels would have been higher in a market without non-compete agreements. The court denied class certification after observing that individual impact to all members had not been demonstrated. The court was not "convinced that Plaintiff's expert ha[d] even claimed, much less shown, that he w[ould] be able to prove impact on a class-wide basis."[58]

---

56.   167 F.R.D. 374, 383 (S.D.N.Y. 1996).

57.   *Id.* at 383-84; *see also In re* Magnetic Audiotape Antitrust Litig., No. 99 Civ 1580, 2001 U.S. Dist. LEXIS 7303, at *18-19 (S.D.N.Y. Jun. 6, 2001) (certifying class where plaintiffs' expert offered a statistical study that controlled for type of product and customer size); Paper Sys. v. Mitsubishi Corp., 193 F.R.D. 601, 614-15 (E.D. Wis. 2000) (finding that, despite variations in product and pricing, plaintiffs satisfied burden of showing that they could prove common impact and damages through various econometric analyses); *In re* Disposable Contact Lens Antitrust Litig., 170 F.R.D. 524, 531-32 (M.D. Fla. 1999) (certifying class, despite fragmented industry, where plaintiffs presented expert testimony demonstrating "at least a colorable method of proving impact at trial") (internal quotation and citation omitted); *In re* Flat Glass Antitrust Litig., 191 F.R.D. 472, 486 (W.D. Pa. 1999) (describing a regression equation as a viable method of common proof of impact).

58.   Weisfeld v. Sun Chem. Corp., 210 F.R.D. 136, 144 (D.N.J. 2002), *aff'd*, 84 Fed. Appx. 257 (3d Cir. 2004). In state law price-fixing actions by indirect purchasers, plaintiffs have sometimes run into difficulty demonstrating impact on a class-wide basis due to the need to show that the alleged overcharge was passed along by the middleman to the ultimate customer. For example, in a case involving indirect purchasers of infant formula, a state court found that individualized issues regarding impact and damages from a conspiracy predominated over common issues of law or fact. McCarter v. Abbott Labs., No. CV-91-050, at 6 (Ala. Cir. Ct. April 14, 1993), *quoted in In re* Brand Name Prescription