1  Robert B. Pringle (CA Bar No. 051365)
   Paul R. Griffin (CA Bar No. 083541)
2  Patrick M. Ryan (CA Bar No. 203215)
   Jonathan E. Swartz (CA Bar No. 203624)
3  Sean D. Meenan (CA Bar No. 260466)
   WINSTON & STRAWN LLP
4  101 California Street
   San Francisco, CA  94111-5894
5  Telephone:    415-591-1000
   Facsimile:    415-591-1400
6  rpringle@winston.com
   pgriffin@winston.com
7  pryan@winston.com
   jswartz@winston.com
8  smeenan@winston.com

9  Attorneys for Defendants
   NEC ELECTRONICS CORPORATION and
10 NEC ELECTRONICS AMERICA, INC.

11 *[Other Counsel and Defendants Appear on Signature Page]*

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5894

12 **UNITED STATES DISTRICT COURT**

13 **NORTHERN DISTRICT OF CALIFORNIA**

14 **OAKLAND DIVISION**

15

16 IN RE STATIC RANDOM ACCESS          )   Case No.:  M:07-cv-1819 CW
   MEMORY (SRAM) ANTITRUST            )
   LITIGATION                          )   MDL No. 1819
17                                      )
                                        )   **DEFENDANTS' OBJECTIONS TO**
18 _____     )   **INACCURATE CITATION TO**
                                        )   **AUTHORITIES AND EVIDENCE IN**
19 This Document Relates To:           )   **INDIRECT PURCHASER PLAINTIFFS'**
                                        )   **RESPONSE TO DEFENDANTS' POST-**
20   All Indirect Purchaser Actions     )   **CLASS CERTIFICATION HEARING**
                                        )   **MEMORANDUM**
21                                      )
                                        )
22                                      )   Judge:    Hon. Claudia Wilken
   _____     )
23

24        Defendants hereby object to the inaccurate citation to authorities and evidence in Indirect

25 Purchaser Plaintiffs' Response to Defendants' Post-Class Certification Hearing Memorandum.

26 While there are numerous examples of such inaccurate citations, Defendants only highlight herein

27 the most significant and egregious examples:

28

1

1  **OBJECTION to Plaintiffs' Citation to *In re First Am. Corp. ERISA Litig.* and *Skaff v. Meridian***

2  ***N. Am. Beverly Hills, LLC*:   Misstates the Cases**

3  Plaintiffs' Citation at Page 2, lines 8–10:  "At the pleading stage, 'general factual allegations of

4  injury resulting from defendant's conduct may suffice.'"  (citing *In re First Am. Corp.*, 2009 WL

5  2430879, at \*3 (quoting *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 838 (9th Cir.

6  2007)).

7

8  Why This is a Misstatement:    In *Skaff*, the Ninth Circuit explained that it limited its consideration to

9  the pleadings only "[b]ecause the district court based its conclusion that there was no standing when

10  the initial complaint was filed on the district court's assessment of the language of the complaint."

11  (*Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 839-40 (9th Cir. 2007).)  We are not

12  limited to the pleadings in this case because merits discovery is almost complete and both sides have

13  presented evidence on class certification.  Thus, *Skaff* is irrelevant.

14

15  Plaintiffs Citation at Page 2, lines 10–11:  "[A]t the class certification stage, plaintiffs 'may show

16  standing through the allegations in their consolidated complaint.'" (citing *In re First Am. Corp.*

17  *ERISA Litig.*, 2009 WL 2430879, at \*3.)

18

19  Why This is a Misstatement:  Plaintiffs omitted the dispositive first clause of the sentence quoted.

20  The portion of the sentence Plaintiffs omitted follows with emphasis:  ***"[B]ecause substantial***

21  ***merits-based discovery has yet to begin***, the [plaintiffs] may show standing through the allegations

22  in their consolidated complaint." (*In re First Am. Corp. ERISA Litig.*, No. SACV 07-1357 JVS

23  (RNBx), 2009 WL 2430879, at \*3 (N.D. Cal. July 27, 2009) (emphasis added).)  The omission is

24  material because merits discovery has been ongoing for over two years in this case and both sides

25  presented a substantial amount of evidence related to class certification.  *In re First Am. Corp.*

26  *ERISA Litig.* also stated that standing is a threshold issue to be addressed before Rule 23.  (*Id.* at \*3

27

28

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5894**

2

DEFENDANTS' OBJECTIONS TO INACCURATE CITATION TO AUTHORITIES AND EVIDENCE IN INDIRECT
PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' POST-CLASS CERT. HEARING MEMORANDUM
M:07-CV-1819 CW

1   ("The Court takes up the threshold issue of standing before turning to the requirements under Rule

2   23.")

3

4   **OBJECTION to Plaintiffs' Citation to *Kohen v. Pacific Investment Management Co.* (PIMCO):**

5   **Irrelevant**

6   <u>Plaintiffs' Citation at Page 3, lines 11–17</u>: "Judge Posner's recent decision in *Kohen v. Pacific*

7   *Investment Management Co.*, 571 F.3d 672, 676 (7th Cir. 2009), is also instructive: '[Defendant]

8   argues that before certifying a class the district judge was required to determine which class

9   members had suffered damages. But putting the cart before the horse in that way would vitiate the

10  economies of class action procedure; in effect the trial would precede the certification. It is true that

11  injury is a prerequisite to standing. But as long as one member of a certified class has a plausible

12  claim to have suffered damages, the requirement of standing is satisfied.'"

13

14  <u>Why This is a Misstatement</u>:  Judge Posner in *PIMCO* went on to state that "a class should not be

15  certified if it is apparent that it contains a great many persons who have suffered no injury at the

16  hands of the defendant . . . ." *Id.* at 677.  Defendants in this case have presented evidence that a great

17  many persons in the putative class suffered no injury.

18

19  **OBJECTION to Plaintiffs' Citation to Evidence Pertaining to Ascertainability:  Misstates the**

20  **Evidence**

21  <u>Plaintiffs Citation at Page 4, line 3 through Page 5, line 2</u>:  Citation to confidential third-party data

22  for the proposition that proposed class representatives from California, Arizona, Florida, Michigan,

23  New York, Pennsylvania, and Rhode Island purchased Research In Motion, Ltd.'s (RIM) Blackberry

24  Smartphones containing Defendants' SRAM during the [proposed] class period.  Citation to certain

25  confidential documents for the proposition that proposed class representatives from Nevada, Utah,

26  and West Virginia purchased D-Link products containing Defendants' SRAM during the [proposed]

27  class period.  Citation to confidential third-party information for the proposition that proposed class

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

DEFENDANTS' OBJECTIONS TO INACCURATE CITATION TO AUTHORITIES AND EVIDENCE IN INDIRECT
PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' POST-CLASS CERT. HEARING MEMORANDUM
M:07-CV-1819 CW

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   representatives from Arizona, Minnesota, and Nevada purchased products containing Defendants'

2   SRAM.

3

4   <u>Why This is a Misstatement</u>:   Plaintiffs create the false impression that these third parties purchased

5   all of their SRAM from Defendants.  This is false. (*See* Exhibit 45 to Micheletti Declaration, third

6   page ending in Bates No. 000003; Burtis Ex. 11; Exhibit 59 to Micheletti Declaration, DE 756-7,

7   page 11:28-12:6.)  Plaintiffs use this false impression to support a fallacious argument:  Companies

8   A and B purchased some of their SRAM from Defendants.  Companies A and B sold products

9   containing SRAM to proposed class representatives.  Therefore, proposed class representatives

10  purchased products containing Defendants' SRAM.  Plaintiffs do not have any support for their

11  thesis because they do not have evidence that these third parties purchased all of their SRAM from

12  Defendants during the proposed class period.  Plaintiffs should be also be precluded from making

13  these arguments because they have refused to produce their products for inspection. (Ex. KK,

14  Plaintiffs' Objections to NEC Defendants' Request for Inspection.)

15

16  **OBJECTION to Plaintiffs' Citation to *In re Tobacco II* Cases:  Misstates the Case**

17  <u>Plaintiffs' Citation at Page 8, line 18 through Page 9, line 4</u>:  "The California Supreme Court in *In re*

18  *Tobacco II Cases,* 46 Ca1.4th 298, 324 (2009) expressly held that under the *substantive* provisions

19  of California's UCL, Cal. Bus. & Prof. Code §17200 *et seq.,* absent class members need not prove

20  that they suffered injury in fact or lost money or property as a result of unfair competition.

21  Specifically, while the representative plaintiff must meet Section 17204's standing requirements,

22  under Section 17203, the remaining members of the class need not.  *See In re Tobacco II Cases*, 46

23  Cal. 4th at 315-16, 320.  Thus. . . . no class-wide proof of *any injury* need be shown to obtain class-

24  wide restitution under Section 17203."

25

26  <u>Why This is a Misstatement</u>:  Plaintiffs represent that the portion of the *Tobacco II* holding requiring

27  only the representative plaintiff of a UCL class to have standing is one of substantive law.  But the

28

DEFENDANTS' OBJECTIONS TO INACCURATE CITATION TO AUTHORITIES AND EVIDENCE IN INDIRECT
PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' POST-CLASS CERT. HEARING MEMORANDUM
M:07-CV-1819 CW

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5894**

1  court's determination hinged on state class certification procedures, such as ascertainability and

2  typicality, which are inapplicable in federal court under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64

3  (1938), because Rule 23 has occupied the field.  This was explained in Justice Baxter's dissent

4  where he explained "[a]scertainability and typicality both require that members of a certified class

5  themselves have causes of action against the defendant . . . the definition of a class cannot be so

6  broad as to include persons who would lack standing to bring suit in their own names." (*Tobacco II*

7  *Cases*, 46 Cal. 4th at 331 (Baxter, J., concurring and dissenting).)  Rule 23 governs typicality in

8  federal court.

9

10

11  **OBJECTION to Plaintiffs' Citation to *Yokoyama v. Midland Nat'l Life Ins. Co.*:  Misstates the**
**Case**

12  Plaintiffs' Citation at Page 12, lines 9–12:  "[T]he Ninth Circuit recently reiterated that federal courts

13  *must* apply substantive state law, such as the presumptions here regarding antitrust injury (or

14  impact), especially when making a certification determination for a consumer class under Rule 23."

15  (citing *Yokoyama v. Midland Nat'l Life Ins. Co.*, __F.3d__, No. 07-16825, 2009 WL 2634770 (9th

16  Cir. Aug. 28, 2009) (emphasis in Plaintiffs' brief).

17

18  Why This is a Misstatement:  *Yokoyama* does not address any presumptions, let alone hold that state

19  presumptions apply in federal court.  In *Yokoyama*, the court merely addressed the substantive

20  elements of a deceptive practices claim under Hawaii's Deceptive Practices Act.  (*Yokoyama v.*

21  *Midland Nat'l Life Ins. Co.*, __F.3d__, No. 07-16825, 2009 WL 2634770, at *4–5 (9th Cir. Aug. 28,

22  2009).)

23

24

25  **OBJECTION to Plaintiffs' Citation to *In re Methionine Antitrust Litig.*:  Misstates the Case**

26  Plaintiffs' Citation at Page 13, lines 13–18:  "[I]n *In re Methionine Antitrust Litig.,* Judge Breyer . . .

27  certified the indirect purchaser class even though the methionine market 'involves multiple sellers, a

28  myriad of distribution channels and hundreds of different products,' and even though many 'end

5

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA  94111-5894**

1    users . . . purchased products containing very little methionine.'"  (citing 2003 WL 22048232, at *3,

2    *5 (N.D. Cal. Aug. 22, 2003).)

3

4    <u>Why This is a Misstatement</u>:  The reference to *Methionine* is incorrect and misleading because in

5    that opinion Judge Breyer, decertified, rather than certified the class.  The court explained that "the

6    methodology [plaintiffs' expert] ultimately employed, however, does not take any of [the

7    complexities of the industry] into account.  Accordingly, [the plaintiff] does not have a 'colorable'

8    method for proving antitrust injury, and the extent of that injury, on a class-wide basis."  (*Id.* at *5.)

9

10

11

12   Dated:  September 29, 2009                                   Respectfully submitted,

13                                                               WINSTON & STRAWN LLP

14

                                                       By    _____/s/ Patrick M. Ryan_____
15                                                                  PATRICK M. RYAN
                                                               Attorneys for Defendants
16                                                          NEC ELECTRONICS CORPORATION
                                                          and NEC ELECTRONICS AMERICA, INC.
17

18       I, Patrick M. Ryan, hereby attest, pursuant to N.D. Cal. General Order No. 45, that the

19   concurrence to the filing of this document has been obtained from each signatory hereto.

20                                                         _____/s/ Patrick M. Ryan_____
                                                                   Patrick M. Ryan
21

22

23

24

25

26

27

28                                                    6

DEFENDANTS' OBJECTIONS TO INACCURATE CITATION TO AUTHORITIES AND EVIDENCE IN INDIRECT
PURCHASER PLAINTIFFS' RESPONSE TO DEFENDANTS' POST-CLASS CERT. HEARING MEMORANDUM
M:07-CV-1819 CW

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

1   *Additional Defendants and Counsel:*

2   **LATHAM & WATKINS LLP**                    **WHITE & CASE LLP**

3

4   By */s/ Belinda Lee*                        By */s/ Matthew S. Leddicotte*
        Belinda Lee                                 Matthew S. Leddicotte (*pro hac vice*)
        Attorneys for Defendants                    Attorneys for Defendant Etron Technology
5       Toshiba Corporation and Toshiba             America, Inc.
        America Electronic Components, Inc.
6

7   **MAYER BROWN LLP**                          **O'MELVENY & MYERS LLP**

8

9   By */s/ Robert E. Bloch*                     By */s/ Michael F. Tubach*
        Robert E. Bloch (*pro hac vice*)             Michael F. Tubach
        Attorneys for Defendant                      Attorneys for Defendants
10      Cypress Semiconductor, Inc.                  Hynix Semiconductor Inc., and
                                                     Hynix Semiconductor America Inc.
11

12  **McDERMOTT WILL & EMERY LLP**               **SHEPPARD, MULLIN, RICHTER &
                                                 HAMPTON LLP**
13

14  By   */s/ Craig P. Seebald*                  By  */s/ James L. McGinnis*
        Craig P. Seebald *(pro hac vice)*            James L. McGinnis
        Vincent van Panhuys *(pro hac vice)*         Attorneys for Defendants
15      Attorneys for Defendants Renesas             Samsung Electronics America, Inc.,
        Technology Corp., Renesas Technology          Samsung Electronics Company, Ltd., and
16      America, Inc., Mitsubishi Electric           Samsung Semiconductor, Inc
        Corporation, and Mitsubishi Electric &
17      Electronics USA, Inc.

18

19

20  SF:262743.1

21

22

23

24

25

26

27

28

7