FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JANE YI (257893)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Lead and Liaison Counsel for
Indirect Purchaser Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. M:07-CV-01819-CW<br><br>MDL No. 1819<br><br>**SECOND AMENDED ORDER APPROVING PROPOSED FORMS OF NOTICE REGARDING CLASS ACTION AND PARTIAL SETTLEMENTS AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENTS (MICRON, HYNIX, RENESAS-HITACHI-MITSUBISHI, ETRON, TOSHIBA, NEC)**<br><br>Hearing Date:  June 3, 2010<br>Time:  2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:  Hon. Claudia Wilken |

The Court, upon noticed motion and hearing, having reviewed each of the Settlement Agreements ("the Settlements") entered into between Indirect Purchaser Plaintiffs, on behalf of themselves and the Class, with each of the following Defendants (collectively the "Settling Defendants"):

(a) Micron Technology, Inc. and Micron Semiconductor Products, Inc. (collectively "Micron");

1

AMENDED [PROPOSED] ORDER APPROVING PROPOSED FORMS OF NOTICE REGARDING CLASS
ACTION AND PARTIAL SETTLEMENTS AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENTS
(MICRON, HYNIX, RENESAS-HITACHI-MITSUBISHI, ETRON, TOSHIBA, NEC)
Case No. M:07-cv-01819 CW; MDL No. 1819

(b) Hynix Semiconductor Inc. and Hynix Semiconductor America Inc. (collectively "Hynix");

(c) Renesas Technology Corp., Renesas Technology America, Inc. (collectively "Renesas"), Hitachi Ltd., Hitachi Semiconductor (America), Inc., (collectively "Hitachi"), Mitsubishi Electric Corporation, and Mitsubishi Electric & Electronics USA, Inc. (collectively "Mitsubishi") (together "Renesas-Hitachi-Mitsubishi");

(d) Etron Technology, Inc. and Etron Technology America, Inc. (collectively "Etron");

(e) Toshiba Corporation and Toshiba America Electronic Components, Inc. ("Toshiba"); and

(f) NEC Electronics Corporation and NEC Electronics America, Inc. (collectively "NEC"); hereby ORDERS that:

1. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in each of the Settlements;

2. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following settlement class (the "Settlement Class"):

> All persons and entities residing in the United States who, from November 1, 1996 through December 31, 2006, purchased SRAM in the United States indirectly from Defendants. The class excludes the following persons and entities: the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; any affiliate, legal representative, heir or assign of any Defendant; any federal, state or local entities; and any judicial officer presiding over this action and the members of her immediate family and judicial staff. [1]

3. The Court further provisionally finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a) there are thousands of class members and therefore joinder of all members is impracticable;

---

[1] The definition of SRAM in each of the Settlement Agreements includes "Pseudo SRAM" or "PSRAM."

1  (b) there are questions of law or fact common to the class which predominate over individual issues;

2  (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

3  (d) the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

4. The Court finds that each of the Settlements agreed to by the parties (as set forth in the Settlements) falls within the range of possible approval to justify sending and publishing notice of the Settlement to Settlement Class members and scheduling final approval proceedings.

5. The Court hereby preliminarily approves each of the Settlements, subject to a hearing on the final approval of the Settlements (the "Fairness Hearing").

6. The Court will hold the Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e) on **September 30, 2010 at 2:00 p.m.** The Fairness Hearing will be held to determine the following:

(a) Whether each of the proposed Settlements is fair, adequate and reasonable and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

(b) Whether a final judgment should be entered dismissing the claims of the Settlement Class against the Settling Defendants with prejudice as required by each of the Settlements; and

(c) Such other matters as the Court may deem appropriate.

7. Gilardi & Co. shall serve as Settlement Administrator and its sister company, Larkspur Design Group shall implement the notice plan.

8. The Court, having provisionally certified the Settlement Class, and having certified a nationwide plaintiff class and state plaintiff classes for litigation purposes in this Court's November 25, 2009 Order (the "Litigation Class"), directs that one notice be issued to all members of the Settlement and Litigation classes informing them of the Settlements and informing them of the Litigation Class proceeding to trial. Allowing one notice will eliminate the possibility of

confusion in two simultaneous and overlapping notices and will avoid unnecessary and duplicative expenses.

9. Both the Settlement and Litigation classes consist of individuals and entities who indirectly purchased SRAM from Defendants during the relevant time period. The Defendants have previously indicated that they do not possess lists of the members of certified classes. There does not exist through reasonable efforts any comprehensive list of individual class members that would enable mailed notice directly to each class member. Therefore the Court finds that notice by publication is the most appropriate manner in providing notice to both classes. Nevertheless, mailed notice shall also be made to the potential indirect purchasers of SRAM identified by Plaintiffs and their Settlement Administrator in their preliminary approval papers (hereinafter the "Direct Mail Recipients"). Plaintiffs have submitted a proposed notice plan outlined in the Declaration of Dennis Gilardi Re Dissemination of Notice to Class Members (the "Notice Plan"), and are authorized to utilize up to $1.15 million of the Settlement Funds to administer and disseminate class notice pursuant to the Notice Plan to the Settlement and Litigation classes.

10. By **June 18, 2010**, a Long Form Notice substantially in the form attached hereto as Exhibit B shall be sent by the Settlement Administrator via first class U.S. mail, postage prepaid, to the Direct Mail Recipients, and shall be made available on a website entitled www.indirectsramcase.com. The Long Form Notice shall also be sent to all class members who request written notice.

11. By **June 11, 2010**, Plaintiffs shall commence the published notice program. By **July 13, 2010**, Plaintiffs shall publish a Summary Notice substantially in the form attached hereto as Exhibit A in national newspapers and journals, and on the internet, pursuant to the Notice Plan. In addition, Plaintiffs shall provide notice on the above-described website and on the websites of class counsel.

12. The Court finds that this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13. Plaintiffs' Counsel shall file, not later than **September 3, 2010**, proof of compliance with paragraphs 10 and 11 of this Order.

14. Each class member shall have the right to be excluded from the Settlement Class or from the Litigation Class by mailing a request for exclusion regarding each such class from which exclusion is sought to the Settlement Administrator not later than **August 17, 2010**.  Requests for exclusion must be postmarked on or before **August 17, 2010**, in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion.  By **September 3, 2010,** Plaintiffs' Counsel shall file with the Court a list of all persons who have timely requested exclusion from any of the classes.

15. Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlements, be bound by all terms and provisions of the Settlement so approved, including but not limited to the releases, waivers, and covenants described in the Settlement, whether or not such person or entity objected to the Settlement and whether or not such person or entity made a claim upon the settlement funds.

16. As provided by the Notice, each class member who does not timely exclude itself from the Settlement Class shall have the right to object to the Settlements by filing written objections with the Court not later than **August 17, 2010**, copies of which shall be served on all counsel listed in the Class Notice.  Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing.

17. All briefs, memoranda, and supporting papers in support of final approval of the Settlements shall be filed not later than **September 3, 2010**.

18. All further class proceedings as to the Settling Defendants are hereby stayed except for any actions required to effectuate the Settlements.

19. For purposes of providing notice of the proposed Settlements to the appropriate State and Federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, the Settlements are deemed filed as of the date of this Order.

1   20.   The Court retains exclusive jurisdiction over this action to consider all further
2   matters arising out of or connected with the Settlements.
3   **IT IS SO ORDERED**.

5   Dated:   JUNE 10, 2010

                                             _____
                                             Honorable Claudia Wilken
                                             United States District Court
                                             Northern District of California
                                             Oakland Division

3221388.1

AMENDED [PROPOSED] ORDER APPROVING PROPOSED FORMS OF NOTICE REGARDING CLASS ACTION AND PARTIAL SETTLEMENTS AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENTS (MICRON, HYNIX, RENESAS-HITACHI-MITSUBISHI, ETRON, TOSHIBA, NEC)
Case No. M:07-cv-01819 CW; MDL No. 1819