IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION,

_____/

No. C 07-01819 CW

ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT

The Indirect Purchaser Plaintiffs Class (IP Plaintiffs) move for leave to file a Fifth Amended Consolidated Complaint (5AC). The only remaining Defendants in the case after settlement, Samsung and Cypress, oppose the motion. Having considering all of the papers filed, the Court grants IP Plaintiffs' motion.

BACKGROUND

IP Plaintiffs' operative complaint alleges that Defendants engaged in a conspiracy to raise the prices of SRAM and that they engaged in a continuous exchange of confidential pricing, quantity and other business information. IP Plaintiffs' claims for relief include: (1) violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; (2) violation of the California Cartwright Act; (3) violation of the California Unfair Competition Law; (4) violation of state

antitrust and unfair competition laws; (5) violation of state consumer protection and unfair competition laws; and (6) unjust enrichment and disgorgement of profits.

Included in these claims is one brought under New York's consumer protection statute, N.Y. Gen. Bus. Law § 349. The proposed 5AC seeks to add a claim under New York's antitrust statute, N.Y. Gen. Bus. Law § 340 et seq., also known as the Donnelly Act. The Donnelly Act provides that a successful plaintiff "shall recover three-fold the actual damages sustained thereby." Id. § 340(5). IP Plaintiffs did not assert a Donnelly Act claim earlier because New York Law prohibits "an action to recover a penalty, or minimum measure of recovery created or imposed by statute" to be "maintained as a class action." N.Y. C.P.L.R. § 901(b). See Sperry v. Crompton Corp., 8 N.Y.3d 204, 214 (N.Y. App. Div. 2007) (the "three-fold damages" provision is "regarded as a penalty insofar as class actions are concerned.").

In Shady Grove Orthopedic Associates v. Allstate Ins. Co., 130 S. Ct. 1431, 1438 (Mar. 31, 2010), the Supreme Court held that § 901(b) is a procedural rule that conflicts with the class action requirements of Federal Rule of Civil Procedure 23. Therefore, plaintiffs who bring actions in federal court and assert diversity jurisdiction are not barred by § 901(b) from bringing class actions that seek statutory penalties or minimum recoveries under New York law. IP Plaintiffs move for leave to amend their complaint in light of Shady Grove.

DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely

2

given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, 316 F.3d at 1048. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original) (citation omitted).

Defendants argue that amendment at this stage in the case would cause them severe prejudice. Fact and expert discovery closed on December 11, 2009 and July 8, 2010 respectively; and the deadline to file case dispositive motions was July 15, 2010. A two-month trial in this case is set to begin on January 31, 2011. Defendants have already filed their motions for summary judgment.

Defendants claim that amendment would "necessitate further discovery, including depositions of the New York class representatives." Opp. at 2. Defendants argue that, although the

3

1  claim under the Donnelly Act is similar to IP Plaintiffs' claims
2  under the Sherman Act, the Donnelly Act claim is different in that
3  it allows a defendant to prove, as a defense, that a plaintiff
4  passed on the allegedly illegal overcharge to some other entity.
5  N.Y. Gen. Bus. Law § 340(6) ("In actions where both direct and
6  indirect purchasers are involved, a defendant shall be entitled to
7  prove as a partial or complete defense to a claim for damages that
8  the illegal overcharge has been passed on to others who are
9  themselves entitled to recover . . . ."). Defendants assert that
10 they did not have an opportunity to elicit facts from IP
11 Plaintiffs' New York class representative that might aid in their
12 pass-through defense.
13     IP Plaintiffs point out that the New York sub-class is limited
14 to individuals "who indirectly purchased SRAM and/or products
15 containing SRAM, <u>for end use and not for resale</u> . . ." 4AC ¶¶ 138,
16 139(r) (emphasis added). Thus, members of the IP Plaintiffs' class
17 who passed on Defendants' allegedly illegal overcharge to others
18 would be excluded from the class. Defendants argue that one New
19 York class representative, CHP Media, Inc. may have resold some of
20 its SRAM purchases because it is a business entity. IP Plaintiffs
21 counter with deposition testimony from CHP representative Charles
22 Smith in which he stated that CHP does not sell electronics.
23 Micheletti Decl., Ex. A at 27:12-13. Although this testimony makes
24 it appear that Defendants will have trouble establishing a pass-
25 through defense, IP Plaintiffs have not shown that Defendants had a
26 fair opportunity to elicit facts to establish their pass-through
27 defense. However, enough time remains before the start of trial
28 for Defendants to conduct the depositions necessary to establish

4

this defense and to move for summary judgment based on it.

Defendants also argue that the new claim would prejudice them because it allows for treble damages whereas IP Plaintiffs only seek injunctive relief for their Sherman Act claim.  This argument has no merit because the IP Plaintiffs class already includes purchasers of SRAM from the District of Columbia, New Mexico and North Dakota, each of which explicitly permits indirect purchasers to seek treble damages for violation of their respective antitrust statutes.  See D.C. Stat. Ann. §§ 28-45-8(a)(1), 28-4508(a); N.M. Stat. Ann. § 57-1-3(a); N.D. Cent. Code Ann. § 51-08.1-08(2)-(3).

Lastly, Defendants assert that IP Plaintiffs' motion is untimely because it has been over three years since the original complaint in this case was filed.  However, IP Plaintiffs moved for leave to amend their complaint very soon after the United States Supreme Court decided Shady Grove.  IP Plaintiffs have not demonstrated any undue delay, bad faith or dilatory motive in bringing this motion.

## CONCLUSION

For the foregoing reasons, the Court grants IP Plaintiffs' motion for leave to file their 5AC.  IP Plaintiffs shall file their 5AC forthwith.  If necessary, Defendants may propound additional deposition questions, in writing or by video conference, to New York Class Representatives within one week from the date of this order.  Defendants may then file a five page supplement to their motion for summary judgment on this single issue one week thereafter.  IP Plaintiffs' five page supplemental opposition will be due on August 31, and Defendants' three page supplemental reply will be due on September 15.  The motion will be heard on the same

date as the other case dispositive motions, October 14, 2010 at 2:00 p.m.  The August 12, 2010 hearing is vacated.

IT IS SO ORDERED.

Dated: 08/04/10

_____
CLAUDIA WILKEN
United States District Judge