FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JANE YI (257893)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:     (415) 693-0700
Facsimile:     (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Lead and Liaison Counsel for
Indirect Purchaser Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. 4:07-md-1819 CW<br><br>MDL No. 1819 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **ORDER GRANTING FINAL APPROVAL OF SETTLEMENTS (MICRON, HYNIX, RENESAS-HITACHI-MITSUBISHI, ETRON, TOSHIBA, NEC)**<br><br>Hearing Date: September 30, 2010<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

Indirect Purchaser ("IP") Plaintiffs' request for final approval of the settlements entered into with (a) Micron Technology, Inc. and Micron Semiconductor Products, Inc.; (b) Hynix Semiconductor Inc. and Hynix Semiconductor America Inc.; (c) Renesas Technology Corp., Renesas Technology America, Inc., Hitachi Ltd., Hitachi Semiconductor (America), Inc., Mitsubishi Electric Corporation, and Mitsubishi Electric & Electronics USA, Inc.; (d) Etron Technology, Inc. and Etron Technology America, Inc.; (e) Toshiba Corporation and Toshiba America Electronic Components, Inc.; and (f) NEC Electronics Corporation and NEC Electronics America, Inc. (collectively "Settling Defendants") and preliminarily approved by this Court on June 10, 2010 (collectively, the "Settlements") (*see* Docket Entry ("DE") 1013) came on for hearing

before this Court (the "Hearing").  This Court has considered the relief requested, the supporting papers, and all other arguments presented at the hearing.  Due and adequate notice having been given, and good cause appearing, the Court hereby finds that:

1. This Court has jurisdiction over the subject matter of the request and all matters relating thereto, including all members of the Class.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in each of the Settlements.

3. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement class (the "Class"):  All persons and entities residing in the United States who, from November 1, 1996 through December 31, 2006, purchased SRAM in the United States indirectly from Defendants.  The Class excludes the following persons and entities: the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; any affiliate, legal representative, heir or assign of any Defendant; any federal, state or local entities; and any judicial officer presiding over this action and the members of her immediate family and judicial staff.

4. The Court further finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

    (a) there are thousands of class members and therefore joinder of all members is impracticable;

    (b) there are questions of law or fact common to the class which predominate over individual issues;

    (c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

    (d) the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

5. Florbel Segura, Rob Formanek and Quantum Computers LLC dba Friendly Computers have timely and validly requested exclusion from the Class and, therefore, are excluded.

6. Due and adequate notice of the Settlements was provided to the Class, including in notice of the Settlements that was disseminated via direct mail as well as by publications in newspapers, Sunday supplements, consumer magazines, internet campaign and press releases, as well as postings on the website established for this case, www.indirectsramcase.com. Such notice was given in accordance with this Court's order preliminarily approving the Settlements. *See* DE 1013. Such notice adequately advised the Class of the Settlements, of their right to exclude themselves from the Class or to object to the Settlements. The manner of giving notice provided in this case fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto. A full and fair opportunity was provided to the members of the Class to be heard regarding the Settlements.

7. Two objections to the Settlements were filed. All objections are hereby overruled on the grounds that the purported objectors have failed to assert and/or establish that they are members of the Class and the objections are otherwise without merit for the reasons set forth in IP Plaintiffs' Memorandum in Support of Final Approval of Settlements (Micron, Hynix, Renesas-Hitachi-Mitsubishi, Etron, Toshiba, NEC) and as argued at the Final Fairness Hearing. The objection of Thompson to the Settlements is also overruled because it was not timely filed and served.

8. The Settlements are, in all respects, fair, adequate and reasonable to the Class. Accordingly, the Court hereby grants final approval of the Settlements.

**IT IS SO ORDERED.**

Dated: October 6, 2010

_____
The Honorable Claudia Wilken
Northern District of California
District Court Judge
Oakland Division

3222090.1