FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JANE YI (257893)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Lead and Liaison Counsel for
Indirect Purchaser Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. 4:07-md-1819 CW<br><br>MDL No. 1819<br><br>**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE TOSHIBA DEFENDANTS** |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Hearing Date: September 30, 2010<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement with the Toshiba Corporation and Toshiba America Electronic Components, Inc. Defendants ("Defendants") set forth in the settlement agreement ("Settlement"), dated December 18, 2009 and March 16, 2010 relating to the above-captioned litigation, *In re Static Random Access Memory (SRAM) Antitrust Litigation*, Case No. 4:07-md-1819 CW (N.D. Cal.) ("Action").  The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this final Judgment approving the Settlement.  Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement.  Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement, including all members of the Class and the Defendants.

2. The definitions of terms set forth in the Settlement are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlement set forth in the Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. Florbel Segura, Rob Formanek and Quantum Computers LLC dba Friendly Computers have timely and validly requested exclusion from the Class and, therefore, are excluded.  Such persons/entities are not included in or bound by this Final Judgment.  Such persons/entities are not entitled to any recovery for the settlement proceeds obtained through the Settlement.

5. This Court hereby dismisses on the merits and with prejudice the Action, certified as a class action on November 25, 2009, and certified as a settlement class in the Court's Order Granting Final Approval of the Settlement, in favor of each and all of the Defendants, with each party to bear their own costs and attorneys' fees (subject to any motion to be made by IP Plaintiffs'

Class Counsel to seek attorneys' fees, costs, expenses, including expert fees and costs, and other such items from the Settlement Fund – as provided for in the Settlement).

6. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing any claims, demands, actions, suits, or causes of action, or otherwise seeking to establish liability, against any Toshiba Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims (as defined and limited in the Settlement).

7. The Toshiba Releasees are hereby and forever released and discharged with respect to any and all claims, demands, actions, suits, or causes of action which the Releasors had or have arising out of or related to any of the Released Claims (as defined and limited in the Settlement).

8. The notice given to the Class of the settlement set forth in the Settlement and other matters set forth therein was the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable efforts.  Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.

9. Two objections to the Settlement were filed.  All objections are hereby overruled on the grounds that the purported objectors have failed to assert and/or establish that they are members of the Class and the objections are otherwise without merit for the reasons set forth in IP Plaintiffs' Memorandum in Support of Final Approval of Settlements (Micron, Hynix, Renesas-Hitachi-Mitsubishi, Etron, Toshiba, NEC) and as argued at the Final Fairness Hearing.  The objection of Thompson to the Settlement is also overruled because it was not timely filed and served.

10. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) hearing and determining applications by IP Plaintiffs' Class Counsel for attorneys' fees, costs, expenses, including expert fees and costs, and other such items; (d) the Class Action until the final judgments

1  contemplated hereby have become effective and each and every act agreed to be performed by the
2  parties all have been performed pursuant to the Settlement; and (e) all parties to the Class Actions
3  and Releasees for the purpose of enforcing and administering the Settlement and the mutual releases
4  and other documents contemplated by, or executed in connection with the Settlement.

5       11.    In the event that the settlement does not become effective in accordance with the
6  terms of the Settlement, then the judgment shall be rendered null and void and shall be vacated, and
7  in such event, all orders entered and releases delivered in connection herewith shall be null and void
8  and, except as otherwise provided in the Settlement, the parties shall be returned to their respective
9  positions *ex ante*.

10       12.    The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil
11  Procedure, that this Final Judgment should be entered and further finds that there is no just reason
12  for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Settlement.
13  Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

15  **IT IS SO ORDERED.**

17  Dated: October 7, 2010

                    The Honorable Claudia Wilken
                    Northern District of California
                    District Court Judge
                    Oakland Division

25  3222101.1