FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JANE YI (257893)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Lead and Liaison Counsel for Indirect Purchaser Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. 4:07-md-01819-CW<br><br>MDL No. 1819<br><br>**INDIRECT PURCHASER PLAINTIFFS' OMNIBUS NOTICE OF MOTION AND MOTION IN LIMINE**<br><br>Date: December 14, 2010<br>Time: 2:00 p.m.<br>Location: Courtroom 2, 4th Floor<br>Judge: Hon. Claudia Wilken |

**TABLE OF CONTENTS**

MEMORANDUM OF LAW ........................................................................................2

I. INTRODUCTION ........................................................................................2

II. STATEMENT OF ISSUES TO BE DECIDED ..................................................2

III. ARGUMENT ........................................................................................2

A. Irrelevant, Prejudicial and Confusing Evidence Should be Excluded .........2

1. Motion in Limine ("MIL") No. 1: Exclude References To Or Evidence Of The Department Of Justice Closing Its SRAM Investigation ........................................3

2. MIL No. 2: Exclude References To Any Indirect Purchaser Class Representative Being An Improper Class Representative Because The Class Representative Did Not Purchase SRAM During One Of The Damages Sub-Periods Identified By Dr. Dwyer............................................3

3. MIL No. 3: Exclude References To Any Indirect Purchaser Class Representative Not Producing Product For Inspection ...................................................................4

4. MIL No. 4: Exclude Argument Or Evidence That Plaintiffs Failed To Mitigate Damages ..........................................7

5. MIL No. 5: Exclude References To And Evidence Of The Ability Of Plaintiffs To Seek Treble Damages And Attorneys' Fees and Costs.....................................................8

6. MIL No. 6: Exclude Reference To Or Evidence Of Class Representative's Financial Condition, Fee Arrangements, Other Litigation ....................................................8

7. MIL No. 7: Exclude Reference To Or Evidence Of Class Members' Financial Condition.............................................8

8. MIL No. 8: Exclude References To Or Evidence Of Any Indirect Purchaser Class Representative's Alleged Inadequacy As A Class Representative (Alleged Conflicts, Etc.) ..............................................................8

9. MIL No. 9: Exclude Reference To Or Evidence Of Settlements With Other Defendants ........................................11

B. Expert Testimony That Invades Province Of Judge And Jury Should Be Excluded.................................................................12

10. MIL No. 10: Exclude Expert Opinion That Defendants Did Not Conspire ....................12

IV. CONCLUSION ....................12

## TABLE OF AUTHORITIES

**Cases**

*Aguilar v. Int'l Longshoremen's Union, Local No. 10,*
966 F .2d 443 (9th Cir. 1992) .......... 12

*Cummings v. Connell,*
316 F.3d 886 (9th Cir. 2003) .......... 10

*Ebenhoech v. Koppers Industries, Inc.,*
239 F. Supp. 2d 455 (D.N.J. 2002) .......... 2

*Fischer v. Int'l Tel & Tel Corp.,*
72 F.R.D. 170 (E.D.N.Y. 1976) .......... 10

*Gong-Chun v. AETNA, Inc.,*
No. 1:09-CV-01995-AWI-SKO, 2010 WL 1980175 (E.D. Cal. May 17, 2010) .......... 7

*Guerrero v. General Motors Corp.,*
No. 1:06CV01539 LJO-SMS, 2007 WL 3203014 (E.D. Cal. Oct. 29, 2007) .......... 6

*In re Aluminum Phosphide Antitrust. Litig.,*
160 F.R.D.609 (D. Kan. 1995) .......... 11

*In re Carbon Dioxide Industry Antitrust Litig.,*
155 F.R.D. 209 (M.D. Fla. 1993) .......... 7

*In re Citric Acid Litig.,*
191 F.3d 1090 (9th Cir. 1999) .......... 5

*In re Lucent Technologies Inc. Sec. Litig.,*
No. 2:00-CV-621, 2002 WL 32815233 (D.N.J. July 16, 2002) .......... 7

*In re Static Random Access Memory (SRAM) Antitrust Litig.,*
264 F.R.D. 603 (N.D. Cal. 2009) .......... 9, 10

*LaDuke v. Nelson,*
762 F.2d 1318 (9th Cir. 1985) .......... 3, 4

*Lewis v. Goldsmith,*
95 F.R.D. 15 (D.N.J.1982) .......... 10

*Lynch v. Dawson,*
820 F. 2d 1014 (9th Cir. 1987) .......... 3, 4

*Malchman v. Davis*, 761 F.2d 893 (2d Cir. 1985)........................................................................................ 10

*McHugh v. United Servo Auto. Ass'n*, 164 F .3d 451 (9th Cir. 1999) ....................................................................................... 12

*Meijer Inc. v. Abbott Laboratories*, 2008 WL 4065839 (N.D. Cal. August 27, 2008)............................................................... 10

*Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611 (D. Md. 2006)................................................................................................ 6

*Moeller v. Taco Bell Corp.*, 220 F.R.D. 604 (N.D. Cal. 2004)........................................................................................ 10

*Moss v. Lane Co., Inc.*, 471 F.2d 853 (4th Cir. 1973) ...................................................................................... 3, 4

*Ohio Graphco, Inc. v. RCA Capital Corp.*, No. 5:09-CV-00041-TBR, 2010 WL 411122 (W.D. Ky. Jan. 28, 2010) ....................................... 6

*Pandrol USA, LP v. Airboss Ry. Products, Inc.*, 320 F.3d 1354 (Fed. Cir. 2003)................................................................................................ 7

*Roberts v. Western Airlines*, 425 F. Supp. 416 (N.D. Cal. 1976) .................................................................................... 3, 4

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130 (2d Cir. 2007)...................................................................................................... 5

*Strong v. U-Haul Co. of Massachusetts, Inc.*, No. 1:03-CV-0383, 2009 WL 863921 (S.D. Ohio Mar. 31, 2009)................................................ 7

*United States v. Duncan*, 42 F.3d 97 (2d Cir. 1994) ........................................................................................................ 12

*United States v. Int'l Union of Petroleum and Indus. Workers*, AFL-CIO, 870 F.2d 1450 (9th Cir. 1989)........................................................................... 5

*United States v. Komisaruk*, 885 F.2d 490 (9th Cir. 1989) ............................................................................................... 2

*United States v. One 1987 BMW 325*, 985 F.2d 6558 (1st Cir. 1993)............................................................................................... 7

**Federal Rules**

Fed. R. Civ. P. 23(f) .......... 9

Fed. R. Civ. P. 26(b)(1) .......... 6

Federal Rules of Evidence 402 .......... passim

Federal Rules of Evidence 403 .......... passim

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 14, 2010, at 2:00 p.m., or at such other time as is convenient for the Court, before the Honorable Claudia Wilken, United Sates District Court, Northern District of California, 1301 Clay Street, Suite 400S, Oakland, California, Indirect Purchaser Plaintiffs will and hereby do move the Court, pursuant to the Federal Rules of Evidence, for an Order excluding the following evidence from the jury trial of this action:

**I. Irrelevant, Prejudicial and Confusing Evidence**

***Motion In Limine No. 1***: Exclude References To Or Evidence Of The Department Of Justice Closing Its SRAM Investigation

***Motion In Limine No. 2:*** Exclude References To Any Indirect Purchaser Class Representative Being An Improper Class Representative Because The Class Representative Did Not Purchase SRAM During One Of The Damages Subperiods Identified By Dr. Dwyer

***Motion In Limine No. 3***: Exclude References To any Indirect Purchaser Class Representative Not Producing Product For Inspection

***Motion In Limine No. 4:*** Exclude Argument Or Evidence That Plaintiffs Failed To Mitigate Damages

***Motion In Limine No. 5***: Exclude References To And Evidence Of The Ability Of Plaintiffs To Seek Treble Damages And Attorneys' Fees and Costs

***Motion In Limine No. 6:*** Exclude Reference To Or Evidence Of Class Representative's Financial Condition, Fee Arrangements, Other Litigation

***Motion In Limine No. 7:*** Exclude Reference To Or Evidence Of Class Members' Financial Condition

***Motion In Limine No. 8:*** Exclude References To Or Evidence Of Any Indirect Purchaser Class Representative's Alleged Inadequacy As A Class Representative (Alleged Conflicts, Etc.)

***Motion In Limine No. 9:*** Exclude Reference To Or Evidence Of Settlements With Other Defendants

**II. Expert Testimony that Invades Province of Judge and Jury**

***Motion In Limine No. 10***: Exclude Expert Opinion That Defendants Did Not Conspire

This motion is based on this Notice of Motion and Motion, the following Memorandum of Law, the complete files and records in this action, and such other written or oral arguments that may

be presented to the Court. As set out below, and to avoid duplication, this Motion also incorporates by reference arguments made in Direct Purchaser Plaintiffs' Omnibus Notice of Motion and Motion *in Limine*, and the supporting Declaration of Neil Swartzberg and exhibits thereto, filed concurrently herewith.

Indirect Purchaser Plaintiffs reserve the right to amend and/or supplement their motions *in limine*, including as a result of the Court's rulings on defendants' motions submitted on October 14, 2010.

## MEMORANDUM OF LAW

## I. INTRODUCTION

Indirect Purchaser Plaintiffs ("IP Plaintiffs" or "Plaintiffs") request that this Court exclude 10 categories of evidence from the trial of this action under Federal Rules of Evidence ("F.R.E.") 401-403, 408, and 701-703. In Section III.A., IP Plaintiffs seek the exclusion of evidence that is irrelevant and/or unfairly prejudicial to plaintiffs. In Section III.B., IP Plaintiffs request the exclusion of improper expert testimony.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether the 10 categories of evidence set forth in the Notice of Motion and further described herein should be excluded from the jury trial of this action.

## III. ARGUMENT

### A. Irrelevant, Prejudicial and Confusing Evidence Should be Excluded

Motions *in limine* are appropriate "to exclude, prior to trial, irrelevant or otherwise inadmissible evidence that may prejudice or confuse a jury." *United States v. Komisaruk*, 885 F.2d 490, 492-93 (9th Cir. 1989) (*in limine* order properly precluded irrelevant statements); *see also Ebenhoech v. Koppers Industries, Inc.*, 239 F. Supp. 2d 455, 461 (D.N.J. 2002) (*in limine* rulings are appropriate "where the court can shield the jury from unfairly prejudicial or irrelevant evidence"). Federal Rules of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." F.R.E. 402; *see also* Wright & Graham, Federal Practice and Procedure: Evidence §5164 (1st ed.) (evidence with no "rational connection" to the determination of the action must be excluded). Further, Federal Rules of Evidence 403 provides that "evidence may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." F.R.E. 403.

As detailed below, IP Plaintiffs anticipate that defendants will attempt to introduce evidence that is either irrelevant as a matter of law, or that is unfairly prejudicial, confusing or misleading. IP Plaintiffs respectfully request that such evidence be excluded under F.R.E. 402, 403 and/or 408.

**1. Motion in Limine ("MIL") No. 1: Exclude References To Or Evidence Of The Department Of Justice Closing Its SRAM Investigation**

IP Plaintiffs join in and incorporate, by this reference, Plaintiffs' arguments in support of MIL No. 1 contained in Direct Purchaser Plaintiffs' Omnibus Notice of Motion and Motion *in Limine*, filed concurrently herewith.

**2. MIL No. 2: Exclude References To Any Indirect Purchaser Class Representative Being An Improper Class Representative Because The Class Representative Did Not Purchase SRAM During One Of The Damages Sub-Periods Identified By Dr. Dwyer**

As fully set forth in IP Plaintiffs' opposition to defendants' motion to decertify the classes, the IP class representatives can continue to prosecute the claims of the indirect purchaser classes even if the Court determines that IP class representatives were not injured due to their purchases of SRAM or products containing SRAM outside of the damages sub-periods identified by Dr. Dwyer in his overcharge analysis. *See Lynch v. Dawson*, 820 F. 2d 1014, 1016 (9th Cir. 1987) ("[T]he fact of certification will preserve a class's standing even after the named individual representatives have lost the required 'personal stake.'") *quoting LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985); *Roberts v. Western Airlines*, 425 F. Supp. 416, 432 (N.D. Cal. 1976) ("If the plaintiff were a member of the class at the commencement of the action and his competency as a representative of the class then determined or assumed, the subsequent dismissal or mootness of his individual claim . . . will not operate as a dismissal or render moot the action of the class, *or destroy the plaintiff's right to litigate the issues on behalf of the class.*") *quoting Moss v. Lane Co., Inc.*, 471 F.2d 853, 855 (4th Cir. 1973) (emphasis added).

In particular, such a determination made over one year after the IP classes were certified does not operate to deprive the IP class members of their right to have their claims with respect to the

conspiracy fully adjudicated by the IP class representatives – especially when there is sufficient evidence showing that class members were injured by the conspiracy in amounts up to $276 million, and every indication that the class representatives will continue to serve the interests of the class. *See Lynch*, 820 F. 2d at 1016; *LaDuke*, 762 F.2d at 1322, n.3; *Roberts*, 425 F. Supp. at 432; *Moss*, 471 F.2d at 855-56.

Provided that the Court confirms the IP class representatives' ability to continue prosecuting the claims of the IP classes, the remaining primary disputed issues in this case will be: the existence of the conspiracy; and, the extent to which such conspiracy may have harmed class members. IP Plaintiffs will still need to prove the conspiracy, which requires evidence of defendants' conduct, not that of the class representatives or other indirect purchasers. IP Plaintiffs will also still need to prove the extent to which SRAM overcharges were passed through to class members. However, argument about and evidence of class representatives not having purchased SRAM during the damages sub-periods would be irrelevant. Such argument and evidence would serve no purpose other than to improperly persuade jurors that they should not find overcharges or award damages to any class member, and perhaps not find any conspiracy, simply because class representatives did not purchase SRAM during the damages sub-periods. Such argument and evidence would constitute undue prejudice.

This Court, therefore, should preclude defendants from introducing or otherwise making reference to any IP class representative's not being injured because it did not purchase SRAM during the damages sub-periods identified by Dr. Dwyer.

### 3. MIL No. 3: Exclude References To Any Indirect Purchaser Class Representative Not Producing Product For Inspection

In response to then-Defendants NEC Electronics Corporation and NEC Electronics America, Inc.'s (collectively, "NEC") First Request for Inspection to Indirect Purchaser Plaintiffs (the "Inspection Request") (*see* Declaration of Christopher T. Micheletti in Support of Indirect Purchaser Plaintiffs' Omnibus Motion in Limine ("Micheletti Decl."), Exhibit 1), served on March 9, 2009, IP Plaintiffs timely objected to the production of various class representatives' SRAM-containing products (the "products") because, *inter alia*, the products were no longer in the class representatives' possession, production of the products for indeterminate period of time would

disrupt the class representatives' ability to conduct business and/or personal affairs, or the "forensic inspection" proposed by NEC would destroy or otherwise damage the products. *See* Micheletti Decl. Exhibit 2 (Indirect Purchaser Plaintiffs' Objections to NEC Defendants' First Request for Inspection (the "Response to Inspection Request")). No further attempt was made by NEC (or any of the other Defendants) to inspect the products. Accordingly, Defendants have waived their right to inspect the products and should be prohibited from referring to the fact that any Class Representative has not produced his, her or its SRAM-containing product for inspection.

The Inspection Request indiscriminately sought the unbridled production of products from each of 100 named indirect purchaser plaintiffs. NEC (nor any of the other Defendants) never proposed anything other than the wholesale surrender of the products, nor differentiated between those plaintiffs who had been named as proposed class representatives in IP Plaintiffs' January 29, 2009 motion for class certification (the "Class Motion"), and those who had not.

Accordingly, as reflected in their Response to NEC's Inspection Request, IP Plaintiffs asserted five specific objections in response to NEC's blanket request that each named indirect purchaser plaintiff turn over the products for inspection:

(1) IP Plaintiffs object ... to the extent that the aforementioned plaintiff no longer has possession or custody of the product(s), or has no legal right to control or obtain them.[1]

(2) IP Plaintiffs object ... to the extent Plaintiff relies on and/or uses the product(s) sought by this Request to perform important tasks of a personal and/or business nature. Surrender of the product(s) to Defendants for inspection for an undisclosed period of time would hamper Plaintiff's ability to accomplish basic tasks essential to the maintenance of Plaintiff's personal and/or business affairs.

(3) IP Plaintiffs object ... on the grounds that the information sought is obtainable by other less intrusive means.[2] Defendants may obtain the information sought by independent investigation

---

[1] "[A] party is not obliged to produce ... documents that it does not possess or cannot obtain." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007); *see In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (for purposes of Rule 45(a), "[c]ontrol is defined as the legal right to obtain documents upon demand") (citation omitted). As the requesting party, NEC Defendants had "the burden of proving that the opposing party has [] control" over documents requested pursuant to Rule 34. *See United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989) (citation omitted).

or research. Defendants have multiple sources of data and information at their disposal that render the burdensome production and inspection of Plaintiff's product(s) unnecessary and duplicative.

(4) IP Plaintiffs object ... to the extent that Defendants' proposed "forensic inspection" will destroy, damage or otherwise irreversibly alter Plaintiff's product(s) physically or cause Plaintiff to forfeit any warranty services related to the product.[3]

(5) IP Plaintiffs also object ... on the grounds of annoyance, embarrassment, and oppression to the extent Defendants seek to enter the home and/or business of the aforementioned plaintiff in order to retrieve the product(s) for inspection.

*See, e.g.*, Response to Inspection Request at 4.[4] Neither NEC nor any other Defendant responded in any way to IP Plaintiffs' Response to Inspection Request, whether informally or by motion to compel.

---

[2] "It is a general rule that information sought by discovery must be unobtainable by other means or alternative means must be much more burdensome." *Ohio Graphco, Inc. v. RCA Capital Corp.*, No. 5:09-CV-00041-TBR, 2010 WL 411122, at * 5 (W.D. Ky. Jan. 28, 2010) (citations omitted). Although Rule 34 no longer requires "good cause," the discovery rules generally reflect that, among alternatives, the least intrusive means be pursued first. *Cf.*, Fed. R. Civ. P. 26(b)(1) ("All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)," including that it be limited if the information "can be obtained from some other source that is more convenient, less burdensome, or less expensive").

[3] Courts generally look to several factors in weighing the evidentiary value of destructive testing, including "the costs of irreversibly altering the object and the benefits of obtaining the evidence sought in the case, with consideration being given to lessening the costs by the use of safeguards, photography of the item in the pre-testing condition, and by searching for alternative, non-destructive means of obtaining the desired evidence." *Guerrero v. General Motors Corp.*, NO. 1:06CV01539 LJO-SMS, 2007 WL 3203014, at *2 (E.D. Cal. Oct. 29, 2007) (citation omitted). However, it has been recognized that "a party may not use destructive testing merely to bolster an expert opinion or to gain other potentially intriguing, albeit irrelevant, information," but rather the evidence to be gained "must be integral to proving the movant's case and do more than strengthen an already established claim or defense." *Mirchandani v. Home Depot, U.S.A., Inc.*, 235 F.R.D. 611, 614-615 (D. Md. 2006) (citations omitted). At a minimum, there is no "automatic" right to destructively test evidence.

[4] In addition, with respect to those plaintiffs who were not being offered as representatives of the class proposed in the Class Motion or had subsequently been withdrawn, IP Plaintiffs also objected to the Inspection Request as overbroad, burdensome and excessive. *See* Response to Inspection Request at 7-8. Courts have recognized that where "named" plaintiffs have not been "chosen as class representatives," there are rendered the same as "passive class members, on equal footing with all other non-representative class members" and that "[t]he efficiencies of a class action would be thwarted if routine discovery of absent class members is permitted, particularly on the issue of liability." *In re Carbon Dioxide Industry Antitrust Litig.*, 155 F.R.D. 209, 211-212 (M.D. Fla. 1993); *see, e.g.*, *Gong-Chun v. AETNA, Inc.*, No. 1:09-CV-01995-AWI-SKO, 2010 WL 1980175, at *3 n.5 (E.D. Cal. May 17, 2010) ("Absent class members are not generally subject to discovery"); *In re Lucent Technologies Inc. Sec. Litig.*, No. 2:00-CV-621, 2002 WL 32815233, at *2 (D.N.J. July

As demonstrated, the objections set forth in the Response to Inspection Request to the wholesale and indiscriminate production of the products for inspection are well-founded and asserted in good faith. Thus, Defendants' utter failure to test or otherwise challenge IP Plaintiffs' objections to the Inspection Requests constitutes a waiver of any right of Defendants to affirmatively use the fact that the products were not produced as part of their defense-in-chief. *See, e.g.*, *Strong v. U-Haul Co. of Massachusetts, Inc.*, No. 1:03-CV-0383, 2009 WL 863921, at *13 (S.D. Ohio Mar. 31, 2009) (where opposing party produced over 9,000 pages of documents in response to court's order, but had objected to such production during discovery, the court affirmed the magistrate judge's finding of waiver – requesting party had "filed motions to compel in other situations that they felt warranted sanctions, but did not do so with respect to this dispute"); *Pandrol USA, LP v. Airboss Ry. Products, Inc.*, 320 F.3d 1354, 1369 (Fed. Cir. 2003) (absent filing a motion to compel, party was prohibited from complaining about alleged discovery violations on appeal); *see also United States v. One 1987 BMW 325*, 985 F.2d 655, 661 & n.8 (1st Cir. 1993) (observing that "a motion to compel would have given the court an opportunity to address [the concerns of the party opposing production], to enter an order fixing a firm date for compliance, and, if necessary, to punish [that party's] dilatory conduct by awarding counsel fees and costs"; without first moving to compel, "the [district] court had no discretion [to impose any sanctions] under Rule 37 ...").

For the foregoing reasons, the Court should prohibit Defendants from introducing or otherwise making reference to any Class Representative not producing his, her or its SRAM-containing product to Defendants for inspection.

**4. MIL No. 4: Exclude Argument Or Evidence That Plaintiffs Failed To Mitigate Damages**

IP Plaintiffs join in and incorporate, by this reference, Plaintiffs' arguments in support of MIL No. 4 contained in Direct Purchaser Plaintiffs' Omnibus Notice of Motion and Motion *in Limine*, filed concurrently herewith.

---

16, 2002) (affirming magistrate judge's conclusion that "the forty-one non-lead, non-representative plaintiffs should be treated as passive class members and thus not subject to discovery").

**5. MIL No. 5: Exclude References To And Evidence Of The Ability Of Plaintiffs To Seek Treble Damages And Attorneys' Fees and Costs**

IP Plaintiffs join in and incorporate, by this reference, Plaintiffs' arguments in support of MIL No. 5 contained in Direct Purchaser Plaintiffs' Omnibus Notice of Motion and Motion *in Limine*, filed concurrently herewith.

**6. MIL No. 6: Exclude Reference To Or Evidence Of Class Representative's Financial Condition, Fee Arrangements, Other Litigation**

IP Plaintiffs join in and incorporate, by this reference, Plaintiffs' arguments in support of MIL No. 6 contained in Direct Purchaser Plaintiffs' Omnibus Notice of Motion and Motion *in Limine*, filed concurrently herewith.

**7. MIL No. 7: Exclude Reference To Or Evidence Of Class Members' Financial Condition**

IP Plaintiffs join in and incorporate, by this reference, Plaintiffs' arguments in support of MIL No. 7 contained in Direct Purchaser Plaintiffs' Omnibus Notice of Motion and Motion *in Limine*, filed concurrently herewith.

**8. MIL No. 8: Exclude References To Or Evidence Of Any Indirect Purchaser Class Representative's Alleged Inadequacy As A Class Representative (Alleged Conflicts, Etc.)**

Like other Class members, all Representative Plaintiffs are interested in establishing Defendants' liability. The Representative Plaintiffs have participated in the discovery in this case, are interested and engaged in the case and willing to carry out the duties of Class Representatives. Certain Representative Plaintiffs will testify at the trial of this action.

During class certification proceedings, Defendants proffered an Appendix F entitled "Proposed Class Members Who Are Not Adequate" and used it to support two adequacy arguments: (1) that "several" of the representative Plaintiffs have "antagonistic interests" to absent Class members because they have "close associations" with counsel; and (2) that certain representative Plaintiffs are inadequate because they allegedly did not retain every receipt or document related to their SRAM purchase and thus did not produce voluminous documents, because one plaintiff allegedly resold products, or because Plaintiffs did not recall reviewing particular pleadings. *See*

Docket Entry ("DE") 681-6 (Appendix F to Defendants' Opposition to Indirect Purchaser Plaintiffs' Motion for Class Certification). These arguments were rejected by this Court in the Rule 23 analysis. *In re Static Random Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603, 609-610 (N.D. Cal. 2009). Thereafter, Plaintiffs were successful in overcoming a petition to the Ninth Circuit to review the class certification order pursuant to Fed. R. Civ. Proc. 23(f).

Defendants' attempts to challenge the class certification decision are continuing as Defendants have moved to decertify the Classes based on their argument that certain Plaintiffs lack standing (a view that Plaintiffs vigorously challenge) because they allegedly cannot demonstrate that they purchased products containing SRAM. *See* DE 1050. Defendants should not be allowed another attempt to challenge this Court's ruling by raising these issues again at trial, as the adequacy evidence raised by Defendants is irrelevant to the issues to be tried, and any probative value of such evidence is outweighed by the undue prejudice that will most certainly occur.

Evidence of Representative Plaintiffs' adequacy under Rule 23 of the Federal Rules of Civil Procedure should be excluded as irrelevant. Rule 401 describes relevant evidence as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." All evidence that is not relevant must be excluded pursuant to Rule 402. Here, references to speculative "conflicts" a Representative Plaintiff may have, or the degree of knowledge about the litigation possessed by the Representative Plaintiff, are not relevant to any issue in the case, and do not tend to prove the matters sought to be proven herein – whether there was an agreement to fix the prices for SRAM, whether Defendants participated, and whether the agreement caused damages to IP Plaintiffs' business or property.

As shown by a brief summary of the type of evidence used in Appendix F to their Opposition, Defendants suggest that "certain" representative Plaintiffs – one relative, a few social friends, and a few who worked with (in some capacity at some point in their lives) various Plaintiffs' counsel have a conflict of interest with other Class members. Defendants argue that these "close relationships" with certain counsel (none of whom are with Interim Lead Counsel) create an incentive for those representatives to accept a settlement not in the best interest of the class but

beneficial to counsel. Such irrelevant and baseless speculation was rejected once by this Court and should not be raised again at trial.

As an initial matter, the number of counsel as well as representative Plaintiffs undercuts Defendants' arguments. Moreover, as this Court has noted, "the mere potential for a conflict of interest is not sufficient to defeat class certification; the conflict must be actual, not hypothetical." *Meijer Inc. v. Abbott Laboratories,* 2008 WL 4065839, at *5 (N.D. Cal. August 27, 2008); *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) (this circuit does not favor denial of certification based on speculative conflicts). Since there is no per se rule against relatives or acquaintances of class counsel serving as class representatives, *see, e.g., Malchman v. Davis*, 761 F.2d 893, 899 (2d Cir. 1985); *Fischer v. Int'l Tel & Tel Corp*., 72 F.R.D. 170 (E.D.N.Y. 1976) (plaintiff adequate even though class counsel was his son), nothing suggests an appearance of collusion or impropriety, *see Lewis v. Goldsmith*, 95 F.R.D. 15, 20-21 (D.N.J.1982) (no impropriety where plaintiff represented by uncle and had worked two summers for uncle's law firm). Indeed, as this Court recognized, it "would seem a bit anomalous that an individual whose [relative or friend] has developed a reputation as a competent [class action] lawyer should be prohibited from turning to his [relative or friend] for assistance if he has a legitimate legal claim." *SRAM*, 264 F.R.D. at 609 (citation omitted).

Defendants' second irrelevant challenge is based on representative Plaintiffs' participation in this case. The general standard is that a class representative must be of such a character as to assure the vigorous prosecution of the action. "The threshold of knowledge required to qualify a class representative is low." *Moeller v. Taco Bell Corp*., 220 F.R.D. 604, 611 (N.D. Cal. 2004). While a class representative must be familiar with the basics of, and "understand the gravamen" of, her claims, it is not necessary that she be "intimately familiar with every factual and legal issue in the case." *Id*. Defendants have pointed to some snippets of deposition testimony to insist that a few representative Plaintiffs did not fully understand the basis of their claims independent of counsel or sufficiently in advance of their deposition. However, in a complex antitrust case such as this one, it is neither fair nor realistic to expect non-attorney class representatives to be able to articulate the precise legal theories underlying their claims or to recall precisely when and what documents were

presented to them. *See In re Aluminum Phosphide Antitrust. Litig.*, 160 F.R.D.609, 614 (D. Kan. 1995) (Rule 23 does not require antitrust litigants to possess detailed knowledge of all facts of lawsuit). Here Plaintiffs searched for products and documents, provided answers to written discovery, and gave depositions demonstrating their knowledge of this litigation and that they are interested and engaged in the case and willing to carry out the duties of Class representatives. Thus, this Court has already reviewed and rejected these issues, and they should not be raised at trial as they are wholly irrelevant to the trial issues of whether Plaintiffs can prove Defendants violated the federal and state antitrust and consumer protection statutes.

Even if there were some probative value to the already-rejected arguments about representative Plaintiffs' adequacy under Rule 23 of the Federal Rules of Civil Procedure, that value is certainly outweighed by the probability that its admission will cause undue prejudice and/or confuse the issues and mislead the jury. Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Here, there is no new information or materially changed circumstances and as a result, introduction of evidence of speculative "conflicts" or concerning representative Plaintiffs' participation in the litigation would not only materially prejudice IP Plaintiffs' case, it could also confuse the jury regarding the elements of the claims at trial.

Furthermore, this evidence should also be excluded as an undue waste of trial time under Federal Rule of Evidence 403. For the foregoing reasons, the Court should prohibit Defendants from introducing or otherwise making reference to the adequacy of representative Plaintiffs.

**9. MIL No. 9: Exclude Reference To Or Evidence Of Settlements With Other Defendants**

IP Plaintiffs join in and incorporate, by this reference, Plaintiffs' arguments in support of MIL No. 9 contained in Direct Purchaser Plaintiffs' Omnibus Notice of Motion and Motion *in Limine*, filed concurrently herewith.

**B. Expert Testimony That Invades Province Of Judge And Jury Should Be Excluded**

It is well-established that expert witnesses may not offer opinions that embrace or constitute legal conclusions. *McHugh v. United Servo Auto. Ass'n*, 164 F .3d 451, 454 (9th Cir. 1999); *Aguilar v. Int'l Longshoremen's Union, Local No. 10*, 966 F .2d 443, 447 (9th Cir. 1992); *United States v. Duncan, 42 F.3d 97*, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's.").

**10. MIL No. 10: Exclude Expert Opinion That Defendants Did Not Conspire**

IP Plaintiffs join in and incorporate, by this reference, Plaintiffs' arguments in support of MIL No. 10 contained in Direct Purchaser Plaintiffs' Omnibus Notice of Motion and Motion *in Limine*, filed concurrently herewith.

**IV. CONCLUSION**

For all of the foregoing reasons, plaintiffs request that the Court grant IP Plaintiffs' Motion *in Limine*.

Dated: November 30, 2010

*/s/ Christopher T. Micheletti*

FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JANE YI (257893)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Lead and Liaison Counsel for Indirect Purchaser Class*

3223074v1