UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. 4:07-md-1819 CW<br><br>MDL No. 1819 |
| This Document Relates to:<br><br>ALL ACTIONS | **ORDER GRANTING SAMSUNG'S ADMINISTRATIVE MOTION TO FILE LENIENCY AGREEMENT UNDER SEAL FOR *IN CAMERA* REVIEW** |

At the December 14 Pretrial Conference and by its December 16, 2010 Order on Motions in Limine and For Pre-Trial Preparation (Docket No. 1206), the Court granted defendants Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc.'s (collectively "Samsung") Motion in Limine No. 2 to exclude at trial any evidence of or reference to Samsung's leniency agreement with the U.S. Department of Justice ("DOJ") in connection with DOJ's investigation of the SRAM industry, or any other evidence of or reference to that investigation. However, the Court ordered Samsung to lodge with the Court for *in camera* review, along with a proposed sealing order, a copy of the January 17, 2006 letter memorializing Samsung's leniency agreement with DOJ (the "leniency agreement"), so that the Court could confirm that the letter does not provide a basis for impeachment of Samsung witnesses at trial. On December 29, 2010, Samsung filed an Administrative Motion to File Leniency Agreement Under Seal For *In Camera* Review (the "Motion"), and lodged the leniency agreement with the Court as Exhibit A to the accompanying Declaration of Michael W. Scarborough.

After due consideration of the leniency agreement *in camera*, the other papers submitted, the Court's file in this matter, and for good cause shown, IT IS HEREBY ORDERED THAT Samsung's Motion is GRANTED for the reasons set forth below.

The leniency agreement does not provide a proper basis for impeachment of Samsung witnesses. Samsung's leniency agreement required Samsung to report only a "possible" violation of the Sherman Act, and did not require Samsung to admit to any violation of the antitrust laws or any other wrongdoing. Moreover, the agreement requires "truthful" and "candid" cooperation with DOJ, and expressly bars cooperating witnesses from falsely protecting or falsely implicating any person or entity.

The Court finds that Samsung has shown good cause for permanently filing the leniency agreement under seal pursuant to Civil Local Rule 79-5. Strict confidentiality of leniency agreements is essential to the proper functioning of DOJ's antitrust amnesty program, and Samsung has treated its leniency agreement as confidential and taken reasonable measures to safeguard it from disclosure outside the company. The leniency agreement also shall not be

1  provided to Plaintiffs or Cypress.  In addition to the reasons stated above, the Special Master has
2  already denied Plaintiffs' motion to compel Samsung to produce the leniency agreement in
3  discovery, ruling that disclosure of the letter would unfairly prejudice Samsung.
4          IT IS THEREFORE ORDERED that Samsung's motion is GRANTED as follows:
5          (1)  The leniency agreement (Exhibit A to the December 29, 2010, Declaration of
6  Michael W. Scarborough) shall be filed permanently under seal.
7          (2)  The leniency agreement shall not be provided to Plaintiffs or Cypress.  No
8  person other than the Court, or an appellate court before which this litigation is pending, is
9  authorized to inspect the leniency agreement.
10
11 IT IS SO ORDERED.
12
13 Dated:  1/12/2011
14         Hon. Claudia Wilken
        United States District Court Judge
15
16
17
18 Submitted by:

19 MICHAEL W. SCARBOROUGH
**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
20 *Attorney for Defendants*
*Samsung Electronics Company, Ltd. and*
21 *Samsung Semiconductor, Inc.*
22
23
24
25
26
27
28