SHEPPARD MULLIN RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GARY L. HALLING, Cal. Bar No. 66087
JAMES L. McGINNIS, Cal. Bar No. 95788
MICHAEL W. SCARBOROUGH, Cal. Bar No. 203524
MONA SOLOUKI, Cal. Bar No. 215145
Four Embarcadero Center, 17th Floor
San Francisco, California  94111-4106
Telephone:    415-434-9100
Facsimile:     415-434-3947
E-mail:          ghalling@sheppardmullin.com
                    jmcginnis@sheppardmullin.com
                    mscarborough@sheppardmullin.com
                    msolouki@sheppardmullin.com

Attorneys for Defendants
SAMSUNG ELECTRONICS CO., LTD. and
SAMSUNG SEMICONDUCTOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. 4:07-md-1819 CW<br><br>MDL No. 1819<br><br>**SAMSUNG'S RESPONSE TO MOTION FOR SEPARATE TRIALS**<br><br>Date:           January 18, 2011<br>Time:          2 p.m.<br>Judge:        Hon. Claudia Wilken<br>Courtroom: 2, 4th Floor |
| This Document Relates to:<br><br>ALL ACTIONS | |

1  Samsung agrees with both Cypress and the Direct Purchaser Plaintiffs that there
2 should be separate trials of the Direct Purchaser action and the Indirect Purchaser action.
3 Samsung files this response only because Indirect Purchaser Plaintiffs, in their brief opposing
4 separate trials (Docket No. 1273), appear to suggest that this is not Samsung's clear position.
5  Cypress filed a motion to conduct separate trials of (1) the DPP action against
6 Samsung; and (2) the IPP action against Cypress.  *See* Docket No. 1230.  The motion clearly (and
7 accurately, based on discussions among counsel) stated that Samsung supports conducting
8 separate trials of the DPP and IPP actions.  *See, e.g., id.* at 3:5-7 ("Three of the four concerned
9 parties—Cypress, Samsung, and the DPs—support separate trials.").  Nearly simultaneously,
10 Cypress and the IPPs submitted a Stipulation re Briefing Schedule, later entered as an order of the
11 Court, unequivocally stating that, while IPPs would have until January 12, 2011 to respond to the
12 motion, "Samsung and the Direct Purchaser Plaintiffs support Cypress's Motion for Separate
13 Trials."  *See* Docket No. 1234. [1]
14  Samsung believed that these unequivocal statements in Cypress's moving papers
15 and the Court's Order left no room for doubt that Samsung supports conducting separate DPP and
16 IPP trials, and further, that it would make little sense to file yet more paper in this case to simply
17 repeat the arguments ably made by Cypress.  Samsung has previously made its position well-
18 known that the Court should conduct separate trials of the direct and indirect actions, both in the
19 parties' Joint Pretrial Conference Statement and at the December 14, 2010 pretrial conference.
20 *See, e.g.,* 12/14/2010 Hr. Tr. (lodged with the Court on January 5, 2011) at 27:22-31:14
21 (Samsung's counsel arguing at length that the direct purchaser case should be tried first "from start
22 to finish," followed by the indirect purchaser case); Joint Pretrial Conference Statement (Docket
23 No. 1170) at 27:13-28:22 (arguing that, other than resolving all actions in a non-phased single

---

[1] In their Opposition to the motion for separate trials, IPPs now appear to claim that this stipulation and order should be disregarded because the stipulation was purportedly filed without IPPs' consent.  *See* Docket No. 1273 at 2, n. 1.  Cypress and IPPs have apparently filed a "revised" stipulation which, unlike the stipulation described above, has not been adopted by Court order.  But this later amendment is beside the point.  After the original stipulation and order were filed, Samsung had every reason to believe that its position clearly supporting separate trials was understood by all parties and the Court.

-1-

1  trial, "the most efficient course would be to sever the direct and indirect cases in their entirety").
2  Samsung thus saw no reason to burden the Court with another filing rehashing those arguments.
3  Nevertheless, IPPs now misleadingly suggest in their Opposition to Cypress's
4  Motion that, because Samsung did not file its own motion for separate trials, Samsung may not
5  support conducting separate trials after all.  *See* Docket No. 1273 at 2:1-2 ("While Cypress asserts
6  that the DPs and Samsung 'support separate trials,' those parties have not filed similar motions.");
7  *id.*, at 9:13-14 ("Samsung raises no complaints about 'squaring off' with IP Plaintiffs
8  notwithstanding their settlement").
9  Let the record be unequivocally clear:  Samsung supports separate trials of the
10 direct and indirect actions, for all of the reasons stated in Cypress's motion, DPPs' response to that
11 motion (*see* Docket No. 1271), and the reasons previously articulated by Samsung in the parties'
12 Joint Pretrial Conference Statement and at the December 14, 2010 pretrial hearing.

14 Dated:  January 13, 2010            Respectfully submitted,

15                                     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

17                         By          */s/ Michael W. Scarborough*
                                       MICHAEL W. SCARBOROUGH

                                       Attorneys for Defendants
19                                     SAMSUNG ELECTRONICS CO., LTD. and
                                       SAMSUNG SEMICONDUCTOR, INC.

-2-