IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION <br><br> _____/ | No. 07-md-01819 CW <br><br> ORDER DENYING SAMSUNG'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL <br> (Docket No. 1215) |

Defendants Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc. (collectively Samsung) move for an order certifying an interlocutory appeal under 28 U.S.C. § 1292(b) of this Court's December 7, 2010 Order Denying Defendants' Joint Motions to Decertify Plaintiff Classes, Docket No. 1191, and December 13, 2010 Order Denying Part of Defendant Samsung's Motion for Summary Judgment, Docket No. 1204.  In both Orders, the Court found that Direct Purchaser (DP) Plaintiffs' named representative, Westell, Inc., has standing to pursue its individual claims and to represent the Direct Purchaser class in the present action.  DP Plaintiffs oppose the motion.  Having considered all of the parties' submissions, the Court DENIES Samsung's motion.

LEGAL STANDARD

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an appeal of an interlocutory order only if three factors are

present. First, the issue to be certified must be a "controlling question of law." 28 U.S.C. § 1292(b). Establishing that a question of law is controlling requires a showing that the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982) (citing U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).

Second, there must be "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). This is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F. Supp. 792, 800 (N.D. Cal. 1992).

Third, it must be likely that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); Mateo, 805 F. Supp. at 800. Whether an appeal may materially advance termination of the litigation is linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal on the management of the case. Id. In light of the legislative policy underlying § 1292, an interlocutory appeal should be certified only when doing so "would avoid protracted and expensive litigation." In re Cement, 673 F.2d at 1026; Mateo, 805 F. Supp. at 800. If, in contrast, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning

2

Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988) (refusing to hear a certified appeal in part because the Ninth Circuit's decision might come after the scheduled trial date).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002). Thus, the court should apply the statute's requirements strictly, and should grant a motion for certification only when exceptional circumstances warrant it. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978). The party seeking certification of an interlocutory order has the burden of establishing the existence of such exceptional circumstances. Id. A court has substantial discretion in deciding whether to grant a party's motion for certification. Brown v. Oneonta, 916 F. Supp. 176, 180 (N.D.N.Y. 1996) rev'd in part on other grounds, 106 F.3d 1125 (2d. Cir. 1997).

## DISCUSSION

Samsung's motion for certification fails to satisfy the requirements for certifying an interlocutory appeal. First, while courts have certified for interlocutory appeal orders deciding standing, the mere existence of the standing issue, alone, has not prompted courts to grant certification. The district court certified an interloctory appeal in In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 691 F.2d 1335, 1338 (9th Cir. 1982), in light of the Supreme Court's intervening

3

decision in <u>Illinois Brick v. Illinois</u>, 431 U.S. 720 (1977).  In <u>In re Wyoming Tight Sands Antitrust Cases</u>, the district court certified an interlocutory appeal after a case upon which it relied in issuing its order was been withdrawn, and the question pertained to an area of substantial dispute.  695 F. Supp. 1109, 1119 (D. Kan. 1988); <u>see</u> <u>also</u>, <u>Atlantic City Elec. Co. v. General Elec. Co.</u>, 207 F. Supp. 613, 620 (S.D.N.Y. 1962).  The district court in <u>In re Cintas Corp. Overtime Pay Arbitration Litigation</u> found that certification was particularly appropriate because it enhanced the coordination of multidistrict actions by allowing a single court to review the jurisdictional issue presented.  2007 WL 1302496, at *3 (N.D. Cal.).  The appeal that Samsung seeks permission to pursue does not have the same implications with regard to coordinating this case.  Nor do the cases cited support Samsung's more general proposition that certifications for interlocutory appeal in antitrust cases are granted routinely where the issue of standing is in dispute.

Rather, certification in this case would likely delay resolution of the case.  Trial is scheduled to begin on February, 2011.  The parties have invested substantial time and energy to prepare for trial.  Furthermore, the resolution on appeal of the standing question may not materially affect the outcome of the litigation because DP Plaintiffs have repeatedly indicated their willingness to name an additional class representative, though they think it unnecessary.

4

Finally, Samsung has failed to identify substantial grounds for a disagreement. Samsung's strong disagreement with the Court's decision does not fulfill this statutory requirement. Mateo, 805 F. Supp. at 800. While it is plausible that another court may have arrived at a different decision on the question of Westell's standing, the grounds for disagreement are not substantial. There is no established split of authority among the circuits, nor clearly conflicting decisions by the Ninth Circuit, which merit a departure from the general rule that only final judgments are appealable.

## CONCLUSION

Accordingly, the Court DENIES Samsung's motion for certification. Docket No. 1251.

IT IS SO ORDERED.

Dated: 1/25/2011

CLAUDIA WILKEN
United States District Judge