FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
JANE YI (257893)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:     (415) 693-0700
Facsimile:      (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Lead and Liaison Counsel for
Indirect Purchaser Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Case No. M:07-CV-01819-CW<br><br>MDL No. 1819<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT WITH SAMSUNG**<br><br>Hearing Date:  January 27, 2011<br>Time:  2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:  Hon. Claudia Wilken |

The Court, upon noticed motion and hearing, having reviewed the Settlement Agreement ("the Settlement") entered into between Indirect Purchaser Plaintiffs, on behalf of themselves and the Class, with Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (collectively "Samsung" or the "Settling Defendants") hereby ORDERS that:

1.     For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement;

2.     For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following settlement class (the "Settlement Class"):

> All persons and entities residing in the United States who, from November 1, 1996 through December 31, 2006 (the "Class Period"), purchased SRAM (as defined in paragraph 2) in the United States indirectly from the Defendants. The class excludes the following persons and entities: the Defendants; the officers, directors or employees of any Defendant; any entity in which any of the Defendants has a controlling interest; any affiliate, legal representative, heir or assign of any Defendant; any federal, state or local governmental entities; and any judicial officer presiding over the Action and the members of her immediate family and judicial staff.[1]

3. The Court further provisionally finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a) there are thousands of class members and therefore joinder of all members is impracticable;

(b) there are questions of law or fact common to the class which predominate over individual issues;

(c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

(d) the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

4. The Court finds that the Settlement agreed to by the parties (as set forth in the Settlement) falls within the range of possible approval to justify future publication of notice of the Settlement to Settlement Class members and scheduling of final approval proceedings.

5. The Court hereby preliminarily approves the Settlement, subject to a hearing on the final approval of the Settlement (the "Fairness Hearing").

6. The Court will hold the Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e) on a date to be set. The Fairness Hearing will be held to determine the following:

---

[1] Paragraph 2 of the Settlement Agreement defines SRAM as "all types of static random access memory (including pseudo static random access memory known as "PSRAM"), whether or not packaged, and any parts and modules thereof."

1        (a)     Whether the proposed Settlement is fair, adequate and reasonable and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

       (b)     Whether a final judgment should be entered dismissing the claims of the Settlement Class against the Settling Defendants with prejudice as required by the Settlement; and

       (c)     Such other matters as the Court may deem appropriate.

       7.     To avoid the possible duplication of class notices, notice of this partial class settlement shall be deferred.  The Court will address the content of notice and the notice plan at a status conference on a date to be set.

       8.     Each class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator within a time period, and in a manner and form to be set by the Court.  At a time to be set by the Court, Plaintiffs' Counsel shall file with the Court a list of all persons who have timely requested exclusion from any of the classes.

       9.     Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlement, be bound by all terms and provisions of the Settlement so approved, including but not limited to the releases, waivers, and covenants described in the Settlement, whether or not such person or entity objected to the Settlement and whether or not such person or entity made a claim upon the settlement funds.

       10.     Each class member who does not timely exclude itself from the Settlement Class shall have the right to object to the Settlement by filing written objections with the Court within a time period, and in a manner to be set by the Court, and copies of which shall be served on all counsel listed in the Class Notice.  Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing.

       11.     All further class proceedings as to the Settling Defendants are hereby stayed except for any actions required to effectuate the Settlement or that are otherwise permitted by the Settlement Agreement or agreed to by the settling parties.

///

///

12. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED**.

Dated February 11, 2011

_____
Honorable Claudia Wilken
United States District Court
Northern District of California
Oakland Division

3223232.4