# EXHIBIT 2

## SETTLEMENT AGREEMENT BETWEEN SAMSUNG AND SRAM DIRECT

## PURCHASER CLASS PLAINTIFFS

This Settlement Agreement ("Agreement") is made and entered into this *28*<sup>*TH*</sup> day

of *FEBRUARY* , 2011, by and between defendants Samsung Electronics Company, Ltd.

and Samsung Semiconductor, Inc. (collectively "Samsung"), and Lead Class Counsel on

behalf of the plaintiff class representative Westell, Inc. ("Plaintiff"), both individually

and on behalf of a settlement class of direct purchasers of SRAM (the "Class"), as more

particularly defined in paragraph 1 below.

WHEREAS, Plaintiff is prosecuting the action *In re Static Random Access*

*Memory* (*SRAM*) *Antitrust Litigation,* MDL No. 1819, Northern District of California

Case Number M:07-cv-01819 (CW) (the "Action") on its own behalf and on behalf of the

Class against, among others, Samsung;

WHEREAS, Plaintiff alleges that Samsung participated in an unlawful conspiracy

to raise, fix, maintain, or stabilize the price of SRAM at artificially high levels in

violation of Section 1 of the Sherman Act;

WHEREAS, Samsung denies Plaintiff's allegations and has asserted defenses to

Plaintiff's claims;

WHEREAS, Plaintiff has conducted an investigation into the facts and the law

regarding the Action and has concluded that resolving claims against Samsung according

to the terms set forth below is in the best interest of Plaintiff and the Class;

WHEREAS, Samsung believes that it is not liable for the claims asserted and has

good defenses thereto, but nevertheless has agreed to enter into this Agreement to avoid

further expense, inconvenience, and the distraction of burdensome and protracted

litigation, and to put to rest with finality all claims that have been or could have been asserted against Samsung based on the allegations of the Action, as more particularly set out below; and

WHEREAS, Samsung applied for and was granted amnesty by the U.S. Department of Justice Antitrust Division with respect to SRAM, and is settling the Action pursuant to the Antitrust Criminal Penalty Enhancement and Reform Act of 2004;

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Samsung Releasees, as defined below, and except as hereinafter provided, without costs as to Plaintiff, the Class, or Samsung, subject to the approval of the Court, on the following terms and conditions:

A.    Definitions.

1.    For purpose of this Agreement, definitions of the "Class" and the "Class Period" are as set forth in the operative complaint, (Docket No. 286, dated September 14, 2007), but in no event shall the Class or Class Period be narrower than as set forth in the Court's September 29, 2008 Order Granting Plaintiff's Motion For Class Certification.[1] The definitions of the Class and Class Period herein do not limit the scope of the Release provided in paragraphs 13 through 15 of this Agreement.

---

[1] That order defines the Class and Class Period as follows: "All persons and entities who, during the period November 1, 1996 through December 31, 2005 [the Class Period], purchased: (1) 'fast' SRAM in the United States directly from Defendants or any subsidiaries or affiliates thereof; (2) 'slow' SRAM in the United States directly from Defendants or any subsidiaries or affiliates thereof. Excluded from the Class are Defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, and all government entities."

2. For purposes of this Agreement, "SRAM" is defined to mean all types of static random access memory (including pseudo static random memory known as "PSRAM"), whether or not packaged, and any parts and modules thereof.

3. "Samsung Releasee(s)" shall refer to Samsung and to each and all of their respective past and present, and direct and indirect, parents, subsidiaries, affiliates; the predecessors, successors and assigns of any and all of the above; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing. "Samsung Releasees" does not include any defendant in the Action other than Samsung and former defendant Samsung Electronics America, Inc.

4. "Class Member" means each member of the Class who has not timely elected to be excluded from the Class in accordance with the Court's orders.

5. "Releasors" shall refer to the Plaintiff and the Class Members, and to their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, parent entities, subsidiaries, affiliates, partners, insurers, and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators and assigns of each and any of the foregoing.

6. The "Settlement Fund" shall be $ 33,250,000 (Thirty Three Million Two Hundred Fifty Thousand Dollars) in United States funds, plus accrued interest on said deposits set forth in paragraph 17.

7.    "Lead Class Counsel" shall refer to:

    Joseph W. Cotchett
    Steven N. Williams
    Cotchett, Pitre & McCarthy
    840 Malcolm Road, Suite 200
    Burlingame, CA 94010

B.    Approval of this Agreement and Dismissal of Claims Against Samsung.

8.    Plaintiff and Samsung shall use their best efforts to effectuate this Agreement including cooperating promptly to seek the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rule of Civil Procedure 23(e)) to secure the prompt, complete, and final dismissal with prejudice of the Action as to Samsung only.

9.    As soon as practicable after the date of this Agreement, Plaintiff shall submit to the Court a motion seeking authorization of forms of notice of settlement to the Class and authorization to disseminate notice of the settlement, preliminary approval of the proposed settlement, and final judgment contemplated by this Agreement to all Class Members (the "Motion"). If notice to the Class is given jointly with any other settling defendant, for purposes of paragraph 19 below, the costs of notice and claims administration shall be prorated with any other such defendant based on their respective settlement amounts. The Motion shall include (i) a proposed form of, method for, and date of dissemination of notice; and (ii) a proposed form of order and final judgment. The text of the foregoing items (i) and (ii) shall be agreed upon by Plaintiff and Samsung before submission of the Motion, with the understanding that, among other things, notice to the Class will include, at a minimum, individual notice by regular mail or email, to the extent Class Members can be identified upon reasonable effort, with all expenses paid

4

from the Settlement Fund. Samsung shall supply to Lead Class Counsel such names and addresses of putative class members as it has. The Motion shall recite and ask the Court to find that the mailing by regular mail or email of the notice of settlement to all Class Members who can be identified upon reasonable effort, constitutes valid, due and sufficient notice to the Class, constitutes the best notice practicable under the circumstances, and complies fully with the requirements of Federal Rule of Civil Procedure 23.

10.     Plaintiff and Samsung shall jointly seek entry of an order and final judgment, the text of which Plaintiff and Samsung shall agree upon. The terms of that order and final judgment will include, at a minimum, the substance of the following provisions:

(a)     affirming that the Class certified by the Court's Order dated September 29, 2008 constitutes the Class for purposes of the settlement set forth in this Agreement;

(b)     as to the Action, approving finally the settlement set forth in this Agreement and its terms as being a fair, reasonable and adequate settlement as to the Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c)     as to Samsung, directing that the action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(d)     reserving exclusive jurisdiction over the settlement and this Agreement, including the administration and consummation of this settlement and any motion for the reimbursement of litigation costs, award of attorneys' fees, grant of

incentive award to class representative, or approval of plan of allocation or distribution, to the United States District Court for the Northern District of California; and

(e) determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay in entering a judgment of dismissal as to Samsung and directing that the judgment of dismissal as to Samsung shall be final.

11.    This Agreement shall become final when (i) the Court has entered a final order approving this Agreement under Federal Rule of Civil Procedure 23(e) and a final judgment dismissing the Action with prejudice as to Samsung against all Class Members and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Samsung as described in (i) hereof has expired or, if appealed, approval of this Agreement and the final judgment as to Samsung have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times.  On the date that Plaintiff and Samsung have executed this Agreement, Plaintiff and Samsung shall be bound by its terms, and this Agreement shall not be rescinded except in accordance with paragraphs 17 or 24 of this Agreement.

12.    Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents and discussions associated with them, shall be deemed or construed to be an admission by Samsung (or the Samsung Releasees) or evidence of any violation of any statute or law or of any liability or

wrongdoing whatsoever by Samsung (or the Samsung Releasees), or of the truth of any

of the claims or allegations contained in any complaint or any other pleading filed by

Plaintiff in the Action, and evidence thereof shall not be discoverable or used directly or

indirectly, in any way, whether in the Action or in any other action or proceeding.

Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations

or proceedings connected with it, nor any other action taken to carry out this Agreement

by any of the settling parties shall be referred to, offered as evidence or received in

evidence in any pending or future civil, criminal, or administrative action or proceeding,

except in a proceeding to enforce this Agreement, or to defend against the assertion of

Released Claims (hereinafter defined), or as otherwise required by law. This provision

will survive even if this Agreement does not become final and/or is rescinded.

C.      Release, Discharge and Covenant Not to Sue.

13.      In addition to the effect of any final judgment entered in accordance with

this Agreement, upon this Agreement becoming final as set out in paragraph 11 of this

Agreement, and in consideration of payment of the Settlement Fund, as specified in

paragraph 16 of this Agreement, and for other valuable consideration, the Samsung

Releasees shall be completely released, acquitted, and forever discharged from any and

all claims, demands, actions, suits, causes of action, whether class, individual, or

otherwise in nature (whether or not any Class Member has objected to the settlement or

makes a claim upon or participates in the Settlement Fund, whether directly,

representatively, derivatively or in any other capacity) that Releasors, or each of them,

ever had, now has, or hereafter can, shall, or may have on account of, or in any way

arising out of, any and all known and unknown, foreseen and unforeseen, suspected or

unsuspected injuries, damages, and the consequences thereof in any way arising out of or

relating in any way to any act or omission of the Samsung Releasees (or any of them),

concerning the manufacture, supply, distribution, sale or pricing of SRAM through the

last date of the Class Period, including but not limited to any conduct alleged, and causes

of action asserted or that could have been alleged or asserted, in the Action, including

those arising under any federal or state antitrust, unfair competition, unfair practices,

price discrimination, unitary pricing, or trade practice law, including without limitation,

the Sherman Antitrust Act, 15 U.S.C. § 1 et seq. (the "Released Claims"). Releasors shall

not, after the date of this Agreement, seek to establish liability against any Samsung

Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue

in the Released Claims.

     14.    In addition to the provisions of paragraph 13 of this Agreement, Releasors

hereby expressly waive and release, upon this Agreement becoming final, any and all

provisions, rights, and benefits conferred by Section 1542 of the California Civil Code,

which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE.
> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER
> FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF
> KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS
> OR HER SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law,

which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

Each Releasor may hereafter discover facts other than or different from those which he,

she, or it knows or believes to be true with respect to the claims which are the subject

matter of the provisions of paragraph 13 of this Agreement, but each Releasor hereby

expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the subject matter of the provisions of paragraph 13 of this Agreement, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

15.     The release, discharge, and covenant not to sue set forth in paragraph 13 of this Agreement does not include claims by any of the Class Members other than the Released Claims and do not include other claims, such as those solely arising out of product liability or breach of contract claims in the ordinary course of business not covered by the Released Claims. Further, the release, discharge and covenant not to sue set forth in paragraph 13 of this Agreement includes only direct purchaser claims.

D.     Settlement Amount and Condition for Settlement

16.     Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Samsung shall pay $33,250,000 (Thirty Three Million Two Hundred Fifty Thousand) in United States Dollars into an escrow account to be administered in accordance with the provisions of paragraph 17 of this Agreement (the "Escrow Account") within 15 business days of the Court granting preliminary approval of this Agreement. The Settlement Amount shall be neither increased nor decreased based on (i) any requests for exclusion from the Class or (ii) any past or future separate settlements between Samsung and Class Members.

17.     Escrow Account.

(a)     The Escrow Account will be established at Wells Fargo Bank with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually

acceptable to Lead Class Counsel and Samsung, such escrow to be administered under the Court's continuing supervision and control.

(b)     The Escrow Agent shall cause the funds deposited in the Escrow Account to be invested in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or money market funds invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then-current market rates.

(c)     All funds held in the Escrow Account shall be deemed and considered to be in <u>custodia legis</u> of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)     Plaintiff and Samsung agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph 17, including the "relation-back election" (as defined in Treas. Reg. 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)     For the purpose of Section 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the

Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k)(1)). Such returns (as well as the election described in paragraph 17(d)) shall be consistent with paragraph 17(d) and in all events shall reflect that all Taxes, as defined below (including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in paragraph 17(f) hereof.

(f)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Samsung or any other Samsung Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of paragraphs 17(d) through 17(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph 17(g) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)     Neither Samsung nor any other Samsung Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court. The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution

to any claimants authorized by the Court any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2 (1)(2)). Neither Samsung nor any other Samsung Releasee is responsible nor shall they have any liability therefor. Plaintiff and Samsung agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of paragraphs 17(d) through 17(f).

(h)     If this Agreement does not receive final Court approval, or if this Agreement is otherwise rescinded pursuant to paragraph 24, then all amounts paid by Samsung into the Settlement Fund (other than notice costs actually incurred in accordance with paragraph 19(a)) shall be promptly returned to Samsung from the Escrow Account by the Escrow Agent along with any interest accrued thereon.

18.     Exclusions.

Copies of requests for exclusion pursuant to the Court's January 7, 2009 Stipulation and Order Re: Class Notice (Docket No. 630) have been filed with the Court. Plaintiff and Samsung agree that no additional opportunity for individual class members to request exclusion from the Class beyond that already granted is necessary or appropriate, and Plaintiff and Samsung shall oppose any such additional opportunity.

19.     Payment of Expenses.

(a)     Samsung agrees that a portion of the Settlement Fund may be used towards notice to the Class and administration costs. The notice and claims administration expenses actually paid are not recoverable by Samsung if this settlement does not become final. Other than as set forth in this paragraph 19(a) and except as

Plaintiff's counsel ("Class Counsel") shall apply for reimbursement of costs and attorneys' fees pursuant to paragraph 23 below, neither Samsung nor any of the other Samsung Releasees under this Agreement shall be liable for any of the costs or expenses of the litigation of the Action, including but not limited to attorneys' fees; fees and expenses of expert witnesses and consultants; and costs and expenses associated with discovery, motion practice, hearings before the Court or any Special Master, appeals, trials or the negotiation of other settlements, or for Class administration and costs.

E.    The Settlement Fund.

20.    Releasors shall look solely to the Settlement Fund for settlement and satisfaction against the Samsung Releasees of all Released Claims, and shall have no other recovery against Samsung or any other Samsung Releasee.

21.    After this Agreement becomes final within the meaning of paragraph 11, the Settlement Fund shall be distributed in accordance with a plan to be submitted at the appropriate time by Plaintiff, subject to approval by the Court. In no event shall any Samsung Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration, with the sole exception of the provisions set forth in paragraph 19(a) of this Agreement.

22.    Plaintiff and Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses. The Samsung Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiff's or the Class' respective attorneys,

experts, advisors, agents, or representatives, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

23. <u>Class Counsel's Attorneys' Fees And Reimbursement Of Expenses.</u>

(a) Class Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distribution to them from the Settlement Fund and Samsung shall not oppose such application for: (i) an award of attorneys' fees not in excess of one-third of the Settlement Fund; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action, plus interest on such attorneys' fees, costs and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award"). Class Counsel reserve the right to make additional applications for fees and expenses incurred, but in no event shall Samsung Releasees be responsible to pay any such additional fees and expenses, except to the extent they are paid out of the Settlement Fund.

(b) The Fee and Expense Award, as approved by the Court, shall be paid solely from the Settlement Fund. After this Agreement becomes final within the meaning of paragraph 11, the Fee and Expense Award shall be paid to Lead Class Counsel within ten (10) business days. Lead Class Counsel shall allocate the attorneys' fees among Class Counsel in a manner which they in good faith believe reflects the contributions of such counsel to the prosecution and settlement of the Action.

(c) The procedure for and the allowance or disallowance by the Court of the application by Class Counsel for attorneys' fees, costs and expenses to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of

the settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order or proceeding shall not operate to terminate or cancel this Agreement or affect or delay the finality of the judgment approving the settlement.

(d)     Neither Samsung nor any other Samsung Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any payment to Class Counsel of any Fee and Expense Award in the Action.

(e)     Neither Samsung nor any other Samsung Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Class Counsel, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

24.     If the Court refuses to approve this Agreement or any part hereof, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgment provided for in paragraph 10 of this Agreement, or if the Court enters the final judgment and appellate review is sought, and on such review, such final judgment is not affirmed in its entirety, then Samsung and the Plaintiff shall each, in its sole discretion, have the option to rescind this Agreement in its entirety. Written notice of the exercise of any such right to rescind shall be made according to the terms of paragraph 35 within 15 days of the event triggering the right to rescind. A modification or reversal on appeal of any amount of Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be grounds for rescission of this Agreement under this paragraph.

25.     In the event that this Agreement does not become final, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Samsung less only amounts actually incurred on class notice and administrative costs, as set forth in paragraph 19(a) of this Agreement. Samsung expressly reserves all of its rights if this Agreement does not become final. Notwithstanding the foregoing, Plaintiff, Lead Counsel, and Samsung agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Samsung (or the Samsung Releasees), or of the truth of any of the claims or allegations contained in the complaint or any other pleading filed by Plaintiff in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding.

26.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide for a complete resolution of the relevant claims with respect to each Samsung Releasee as provided in this Agreement.

27.     The parties to this Agreement contemplate and agree that, prior to final approval of the settlement as provided for in paragraph 11 of this Agreement, appropriate notice 1) of the settlement and 2) of a hearing at which the Court will consider the approval of this Agreement will be given to Class Members.

G.    Miscellaneous.

28.    This Agreement does not settle or compromise any claim by Plaintiff or any Class Member asserted in the complaint against any defendant or alleged co-conspirator other than the Samsung Releasees. All rights against such other defendants or alleged co-conspirators are specifically reserved by Plaintiff and the Class, including the right to seek damages from such other defendants or alleged co-conspirators based on Samsung's sales to the Class, and Samsung's sales to the Class shall not be removed from the Action.  This provision is not intended to be and shall not be considered to be an admission or concession of liability on the part of Samsung.

29.    This Agreement shall not affect whatever rights Releasors or any of them may have (i) to seek damages or other relief from any person with respect to any SRAM purchased directly from the manufacturer (or any subsidiary or affiliate thereof) outside the United States and which is beyond the reach of the antitrust laws of the United States and the States thereof; (ii) to participate in or benefit from, where appropriate, any relief or other recovery as part of a settlement or judgment in any action on behalf of any indirect purchasers of SRAM; (iii) to participate in or benefit from any relief or recovery as part of a judgment or settlement in the Action against any other party named as a defendant (other than a Samsung Releasee); and (iv) to assert any product liability or breach of contract claims in the ordinary course of business that are not covered by the Released Claims.

30.    The United States District Court for the Northern District of California shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement and shall have exclusive jurisdiction over any suit, action, proceeding, or

dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiff and Samsung. This Agreement shall be governed by and interpreted according to the substantive laws of the State of California, without regard to its choice of law or conflict of laws principles.

31. This Agreement constitutes the entire, complete and integrated agreement between Plaintiff and Samsung pertaining to the settlement of the Action against Samsung. This Agreement may not be modified or amended except in writing executed by Plaintiff and Samsung, and approved by the Court.

32. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiff and Samsung. Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiff and Lead Class Counsel or Class Counsel shall be binding upon all Class Members and Releasors. The Samsung Releasees (other than Samsung, which is a party hereto) are third party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

33. This Agreement may be executed in counterparts by Plaintiff and Samsung, and a facsimile signature shall be deemed an original signature for purposes of executing this Agreement.

34. Neither Plaintiff nor Samsung shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

35.    Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

36.    Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

DATED: 2/28/11

Joseph W. Cotchett
Steven N. Williams
Cotchett, Pitre & McCarthy
804 Malcolm Road
Burlingame, CA 94010

*Lead Counsel and Attorneys for Plaintiff
and the Direct Purchaser Class*

DATED:

_____
Officer of Samsung Electronics Company, Ltd.

DATED:

_____
Officer of Samsung Semiconductor, Inc.

DATED:

_____
Gary L. Halling
Michael W. Scarborough
Sheppard, Mullin, Richter & Hampton LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111

*Attorneys for Defendants
Samsung Electronics Company, Ltd. and
Samsung Semiconductor, Inc.*

19

communication, or document shall be provided by facsimile or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

36. Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Agreement, subject to Court approval.

DATED:

_____
Joseph W. Cotchett
Steven N. Williams
Cotchett, Pitre & McCarthy
804 Malcolm Road
Burlingame, CA 94010

*Lead Counsel and Attorneys for Plaintiff
and the Direct Purchaser Class*

DATED:

Officer of Samsung Electronics Company, Ltd.

DATED:

Officer of Samsung Semiconductor, Inc.

DATED: 2/28/11

Gary L. Halling
Michael W. Scarborough
Sheppard, Mullin, Richter & Hampton LLP
4 Embarcadero Center, 17th Floor
San Francisco, CA 94111

*Attorneys for Defendants
Samsung Electronics Company, Ltd. and
Samsung Semiconductor, Inc.*

003001298328849