# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION** ) ) ) ) ) ) **This Document Relates to:** ) ) **ALL DIRECT PURCHASER ACTIONS** ) ) ) | Master File No. 4:07-md-01819-CW<br><br>MDL No. 1819<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENTS WITH SAMSUNG AND CYPRESS AND PLAN OF ALLOCATION, AND ISSUANCE OF CLASS NOTICE<br><br>Judge: Hon. Claudia Wilken, Courtroom 2 |

LAW OFFICES
COTCHETT, PITRE & MCCARTHY

[~~PROPOSED~~] **ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENTS**
**Case No. 4:07-md-1819 CW; MDL No. 1819**

The Court, having reviewed each of the settlement agreements (the "Settlements") entered into between Plaintiff, on behalf of itself and the Class, with each of the following Defendants, as well as the proposed plan of allocation related to those settlements:

(a) Cypress Semiconductor Corporation ("Cypress"); and

(b) Samsung Electronics Company, Ltd. and Samsung Semiconductor, Inc. (collectively "Samsung")

(collectively the "Settling Defendants");

having also reviewed the motion in support of preliminary approval of the Settlements and the supporting memorandum of law; and, having also reviewed the proposed notice to potential class members regarding the Settlements, the related plan of allocation, and the request for attorney's fees, reimbursement of expenses and an incentive award, hereby ORDERS that:

1. For purposes of this Order, except as otherwise indicated herein, the Court adopts and incorporates the definitions contained in each of the Settlements.

2. The Class to be covered by each of the Settlements is that which is described in the Consolidated Amended Complaint (filed August 31, 2007) and subsequently certified (on September 29, 2008) as follows:

> All persons and entities who, during the period November 1, 1996 through December 31, 2005, purchased SRAM in the United States directly from Defendants or any subsidiaries or affiliates thereof. Excluded from the Class are defendants, their parent companies, subsidiaries and affiliates, any co-conspirators, and all government entities.[1]

3. The Court finds that each of the Settlements agreed to by the parties (as set forth in the Settlements) falls within the range of possible approval to justify sending and publishing notice of the Settlements to Class members and scheduling final approval proceedings.

---

[1] As reflected in the Court's orders (and the Notice of Class Action sent to Class members), the definition of SRAM includes "Pseudo-SRAM" or "PSRAM" (*see* September 29, 2008 Order Finding PSRAM Within the Scope of Plaintiffs' Claims) and excludes "custom SRAM" as defined by the Court (*see* September 29, 2008 Order Granting Plaintiffs' Motion for Class Certification; *see also* December 19, 2008 Order Defining Custom SRAM).

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENTS
1    Case No. 4:07-md-1819 CW; MDL No. 1819

1    4.     The Court hereby preliminarily approves each of the Settlements, as well as the
proposed plan of allocation, subject to a hearing of final approval (the "Final Approval
Hearing").

     5.     The Court will hold the Final Approval Hearing pursuant to Federal Rule of Civil
Procedure ("FRCP") 23(e) on June 30, 2011 at 2:00 pm.  The Final Approval Hearing will be
held to determine the following:

    (a)     Whether each of the proposed Settlements, as well as the related proposed plan of allocation, is fair, reasonable and adequate and should be granted final approval by the Court pursuant to FRCP 23(e);

    (b)     Whether final judgments should be entered dismissing the claims of the Class against the Settling Defendants with prejudice as required by each of the Settlements; and,

    (c)     Such other matters as the Court may deem appropriate.

Further, on that same date, the Court will hold a hearing pursuant to FRCP 23(h)(1) and 54(d)(2) on the request for attorney's fees, reimbursement of expenses, and an incentive award to determine the following:

    (a)     Whether the requested attorney's fees are fair and reasonable in light of Class Counsel's efforts in creating the total settlement fund in this action;

    (b)     Whether the requested reimbursement of expenses were reasonably and necessarily incurred in connection with the prosecution of this action, as well as whether the anticipated expenses related to the administration of the settlement fund in this action are similarly reasonable and necessary;

    (c)     Whether the requested incentive award for the class representative for its efforts in obtaining relief for the Class is warranted; and

    (d)     Such other matters as the Court may deem appropriate.

     6.     By April 4, 2011, notice substantially in the form attached hereto as Exhibit A ("Mailed Notice") shall be sent by a notice administrator via first class U. S. mail, postage prepaid, to all potential members of the Class at the addresses previously identified in the records

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENTS
2    Case No. 4:07-md-1819 CW; MDL No. 1819

provided to Class Counsel by the Defendants in connection with Class Counsel providing class notice of the Court's order certifying the Class (which addresses have been updated by the notice administrator, including through the use of address tracing services), as well as at the addresses provided by potential Class members directly to Class Counsel.  By April 4, 2011, notice substantially in the form of Exhibit B hereto ("Summary Notice") shall be published in the national edition of the Wall Street Journal, and the Summary Notice (or an email that substantially conforms to the Summary Notice) shall be emailed to those potential Class members for whom the Defendants have provided Class Counsel with an email address in connection with Class Counsel providing class notice of the Court's order certifying the Class. Class Counsel shall also cause a copy of both the Mailed Notice and the Summary Notice and the Settlements to be posted on the Internet at a readily accessible website (currently www.sramcase.com), and as indicated in the Mailed Notice and the Summary Notice other relevant case documents, such as the attorney's fees motion, should be accessible at that website.

7. The Court finds that this manner of giving notice fully satisfies the requirements of FRCP 23 and due process, including the "best notice that is practicable under the circumstances"-standard of FRCP 23(c)(2)(B), the "notice in a reasonable manner"-standard of FRCP 23(e)(1), and the "directed to class members in a reasonable manner-"standard of FRCP 23(h)(1), and shall constitute due and sufficient notice to all persons entitled thereto.

8. Class Counsel shall file proof of compliance with paragraph 6 of this Order; such proof of compliance shall be filed no later than the date set in paragraph 10 of this Order for filing briefs in support of final approval of the Settlements.

9. As provided in the Mailed Notice and the Summary Notice, each Class member shall have the right to object to (i) the Settlements or the plan of allocation (ii) the request for attorney's fees, reimbursement of expenses, or an incentive award, by filing written objections with the Court no later than June 9, 2011, copies of which shall be served on all counsel listed in the Mailed Notice by that same date.  Failure to timely file and serve written objections will preclude a Class member from objecting at (i) the Final Approval Hearing, (ii) the hearing on the request for attorney's fees, reimbursement of expenses and an incentive award.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

**[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENTS**
3          **Case No. 4:07-md-1819 CW; MDL No. 1819**

10. All briefs, memoranda, and supporting papers in support of final approval of the Settlements and the related plan of allocation shall be filed no later than June 23, 2011 (this brief should include responses to objections, if any, to the Settlements or plan of allocation).  Further, all briefs, memoranda, and supporting papers in response to objections, if any, to the request for attorney's fees, reimbursement of expenses, or an incentive award shall be filed no later than that same date.

11. All further class proceedings as to the Settling Defendants are hereby stayed except for any actions required to effectuate the Settlements.

12. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlements.

**IT IS SO ORDERED.**

Date: 3/28/2011

HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

*Submitted by*:
JOSEPH W. COTCHETT (#36324)
STEVEN N. WILLIAMS (#175489)
NEIL SWARTZBERG (#215133)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: 650-697-6000
Fax: 650-697-0577

*Lead Counsel for Direct Purchaser Class*

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY

[PROPOSED] ORDER RE: PRELIMINARY APPROVAL OF SETTLEMENTS
Case No. 4:07-md-1819 CW; MDL No. 1819
3