1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. M:07-CV-01819-CW |
| | MDL No. 1819 |
| | **ORDER GRANTING PRELIMINARY APPROVAL OF DISTRIBUTION PLAN AND NOTICE PLAN AND SETTING FAIRNESS HEARING** |
| This Document Relates to: | |
| ALL INDIRECT PURCHASER ACTIONS | |

The Court previously granted preliminary approval of the Settlement Agreement entered into between Indirect Purchaser Plaintiffs, on behalf of themselves and the Settlement Class, with Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. (collectively "Samsung") (hereinafter the "Samsung Settlement"). *See* Order Granting Preliminary Approval of Settlement With Samsung, dated Feb. 11, 2011 (DE 1324).

The Court also previously granted preliminary approval of the Settlement Agreement entered into between Indirect Purchaser Plaintiffs, on behalf of themselves and the Settlement Class, with Cypress Semiconductor Corporation ("Cypress") (hereinafter the "Cypress Settlement"). *See* Order Granting Preliminary Approval of Settlement With Cypress, dated March 11, 2011 (DE 1329).

The Court, having reviewed and considered Indirect Purchaser Plaintiffs papers submitted in support of the proposed Plan of Distribution attached hereto as Exhibit 1, the Claim Form attached hereto as Exhibit 2, and the list of proposed Cy Pres Candidates attached hereto as Exhibit 3, and having reviewed IP Plaintiffs' proposed Notice Plan detailed in the Declaration of Dennis Gilardi Re Dissemination of Notice to Class Members, including the proposed forms of summary

1

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF DISTRIBUTION PLAN AND NOTICE PLAN AND SETTING FAIRNESS HEARING
Case No. M:07-cv-01819 CW  MDL No. 1819

notice and long form notice attached hereto as Exhibits 4 and 5, respectively, hereby ORDERS that:

1.     For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Samsung and Cypress Settlements;

2.     For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Court previously provisionally certified the following settlement class in connection with Preliminary Approval of the Samsung Settlement and Cypress Settlement (the "Settlement Class"):

> All persons and entities residing in the United States who, from November 1, 1996 through December 31, 2006 (the "Class Period"), purchased SRAM (as defined in paragraph 2) in the United States indirectly from the Defendants. The class excludes the following persons and entities: the Defendants; the officers, directors or employees of any Defendant; any entity in which any of the Defendants has a controlling interest; any affiliate, legal representative, heir or assign of any Defendant; any federal, state or local governmental entities; and any judicial officer presiding over the Action and the members of her immediate family and judicial staff.[1]

3.     The Court reiterates its prior provisional finding that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a)     there are thousands of class members and therefore joinder of all members is impracticable;

(b)     there are questions of law or fact common to the class which predominate over individual issues;

(c)     the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

(d)     the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

---

[1] Paragraph 2 of the Settlement Agreement defines SRAM as "all types of static random access memory (including pseudo static random access memory known as "PSRAM"), whether or not packaged, and any parts and modules thereof."

4.      The Court finds that the Plan of Distribution proposed by IP Plaintiffs in Exhibits 1, 2 and 3 (the "Distribution Plan") falls within the range of possible approval to justify publication of notice of the Distribution Plan to Settlement Class members and scheduling of final approval proceedings.

5.      The Court hereby preliminarily approves the Plan, subject to a hearing on the final approval thereof (the "Fairness Hearing").

6.      The Court will hold the Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e) on October 6, 2011.  The Fairness Hearing will be held to determine the following:

(a)     Whether the proposed Samsung and Cypress Settlements are fair, adequate and reasonable and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

(b)     Whether final judgment should be entered dismissing the claims of the Settlement Class against Samsung and Cypress with prejudice as required by the Settlements;

(c)     Whether the proposed Distribution Plan is fair, adequate and reasonable and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e); and

(d)     Such other matters as the Court may deem appropriate, including any request by Class Counsel for attorneys' fees, reimbursement of costs and expenses, and incentive payments for the court-appointed class representatives.

7.      Gilardi & Co. shall serve as Settlement Administrator and its sister company, Larkspur Design Group shall implement the notice plan.

8.      The Court, having provisionally certified the Settlement Class, directs that notice be issued to all members of the Settlement Class informing them of the Settlements, the Distribution Plan and Fairness Hearing.

9.      The Settlement Class consists of individuals and entities that indirectly purchased SRAM from Defendants during the relevant time period.  The Defendants have previously indicated that they do not possess lists of the members of class.  There does not exist through

reasonable efforts any comprehensive list of individual class members that would enable mailed notice directly to each class member.  Therefore the Court finds that notice by publication is the most appropriate manner to provide notice to the class.  Nevertheless, mailed notice shall also be made to the potential indirect purchasers of SRAM identified by Plaintiffs and their Settlement Administrator in their preliminary approval papers (hereinafter the "Direct Mail Recipients"). Plaintiffs have submitted a proposed notice plan outlined in the Declaration of Dennis Gilardi Re Dissemination of Notice to Class Members (the "Notice Plan"), and are authorized to utilize up to $1,208,090 of the Settlement Fund to administer and disseminate class notice pursuant to the Notice Plan to the Settlement Class.

10.     By **June 23, 2011**, a Long Form Notice substantially in the form attached hereto as Exhibit 5 shall be sent by the Settlement Administrator via first class U.S. mail, postage prepaid, to the Direct Mail Recipients, and shall be made available on a website entitled www.indirectsramcase.com.  The Long Form Notice shall also be sent to all class members who request written notice.

11.     By **June 16, 2011**, Plaintiffs shall commence the published notice program.  By **July 25, 2011**, Plaintiffs shall publish a Summary Notice substantially in the form attached hereto as Exhibit 4 in national newspapers and journals, and on the internet, pursuant to the Notice Plan. In addition, Plaintiffs shall provide notice on the above-described website and on the website of class counsel.

12.     The Court finds that this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

13.     Plaintiffs' Counsel shall file, not later than **August 1, 2011**, proof of compliance with paragraphs 10 and 11 of this Order.

14.     Each class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator not later than **August 25, 2011**. Requests for exclusion must be postmarked on or before **August 25, 2011**, in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names

or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion. By **September 15, 2011,** Plaintiffs' Counsel shall file with the Court a list of all persons who have timely requested exclusion from any of the classes.

15.    Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlements, be bound by all terms and provisions of the Settlements so approved, including but not limited to the releases, waivers, and covenants described in the Settlements, whether or not such person or entity objected to the Settlements and whether or not such person or entity made a claim upon the settlement funds.

16.    As provided by the Notice, each class member who does not timely exclude itself from the Settlement Class shall have the right to object to the Settlements, Distribution Plan or any request for attorneys fees, cost reimbursement or incentive payments, by filing written objections with the Court not later than **August 25, 2011**, copies of which shall be served on all counsel listed in the Class Notice. Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing. Any person or entity submitting any objections shall submit proof of membership in the Settlement Class.

17.    All briefs, memoranda, and supporting papers in support of final approval of the Settlements and/or the Distribution Plan shall be filed not later than **September 15, 2011**. Any briefs, memoranda, and other papers responding to objections, if any, to the request for attorneys' fees, cost reimbursement or incentive payments shall be filed on that date as well. Finally, any Reseller member of the Settlement Class shall submit a claim for payment from the Settlement Fund by no later than **October 24, 2011**. Any Reseller claim submission must be postmarked on or before this date to be considered.

18.    All further class proceedings as to the Settling Defendants remain stayed except for any actions required to effectuate the Settlements.

19.    The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlements.

20.    The Court is disinclined to include the proposed cy pres recipients whose missions, as described in Plaintiffs' motion, are not related to the issues raised in the present action.

21.     The parties shall submit to the Court for approval their proposed pro rata distributions to cy pres recipients on or before August 1, 2011.

22.     To ensure notice in compliance with <u>In re Mercury Interactive Corp. Securities Litigation</u>, 618 F.3d 988 (9th Cir. 2010), Class Counsel shall submit to the Court its attorneys' fee application by August 1, 2011.  The application shall be posted on the class action website.

23. The summary notice shall be modified to incorporate the following information:

(a)     The deadline for the attorneys' fee application: August 1, 2011.

(b)     The attorneys' fee application will be found on the class action website.

(c)     The date of the Fairness Hearing may be changed without further notice to the Class, but the class action website will post a notice in the event that the hearing date or time is changed.

24. The long form class notice shall adopt the following changes.

(a)     On page five, after the sentence, "The time and date of the Fairness Hearing may be continued without further notice to the Class," insert language indicating any change to the date or time of the Fairness Hearing will be published on the class action website.

(b)     On page five, the sentence which states, "To see Class Counsel's [attorneys' fee] requests, review their filings with the District Court or go to the website below" shall be modified to read "or go to the class action website at www.indirectsramcase.com."   This paragraph shall also inform the Class of the August 1, 2011 deadline for Class Counsel to file their attorneys' fee request.

**IT IS SO ORDERED**.

Dated _____ June 6 _____, 2011

_____
Honorable Claudia Wilken
United States District Court
Northern District of California
Oakland Division