Counsel listed on Signature Page

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION** | **Master File No. 4:07-md-01819-CW**<br><br>**MDL No. 1819** |
| **This Document Relates to:**<br><br>**ALL DIRECT PURCHASER ACTIONS** | **FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE CYPRESS DEFENDANT**<br><br>Time:     2:00 p.m.<br>Date:     June 30, 2011<br>Location: Courtroom 2, 4th Floor<br>Judge:    Hon. Claudia Wilken |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the settlement with defendant Cypress Semiconductor Corporation ("Defendant") set forth in the settlement agreement ("Settlement"), dated January 3, 2011, relating to the above-captioned litigation, *In re Static Random Access Memory (SRAM) Antitrust Litigation*, Case No. M:07-cv-1819 CW (N.D. Cal.) ("Action").  The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, has determined (1) that the Settlement should be approved, and (2) that there is no just reason for delay of the entry of this final Judgment approving the Settlement. Accordingly, the Court directs entry of Judgment which shall constitute a final adjudication of this case on the merits as to the parties to the Settlement. Good cause appearing therefor, it is:

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement, including all members of the Class and the Defendant.

2. The definitions of terms set forth in the Settlement are incorporated hereby as though fully set forth in this Judgment.

3. The Court hereby finally approves and confirms the settlement set forth in the Settlement and finds that said settlement is, in all respects, fair, reasonable and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

4. The persons/entities identified in the Notice re: Class Notice and Requests for Exclusion (Dkt. No. 679), filed on April 20, 2009, have timely and validly requested exclusion from the Class and, therefore, are excluded. Such persons/entities are not included in or bound by this Final Judgment.  Such persons/entities are not entitled to any recovery for the settlement proceeds obtained through the Settlement.

5. This Court hereby dismisses on the merits and with prejudice the Action, certified as a class action on September 29, 2008, in favor of the Defendant, with each party to bear their own costs and attorneys' fees (subject to any motion to be made by representative Plaintiff/Class

1 Counsel to seek attorneys' fees, costs, expenses, including expert fees and costs, and other such
2 items from the Settlement Fund – as provided for in the Settlement).

3       6.     All persons and entities who are Releasors are hereby barred and enjoined from
4 commencing, prosecuting, or continuing any claims, demands, actions, suits, or causes of action,
5 or otherwise seeking to establish liability, against any Cypress Releasee based, in whole or in
6 part, upon any of the Released Claims or conduct at issue in the Released Claims (as defined and
7 limited in the Settlement).

8       7.     The Cypress Releasees are hereby and forever released and discharged with
9 respect to any and all claims, demands, actions, suits, or causes of action which the Releasees
10 had or have arising out of or related to any of the Released Claims (as defined and limited in the
11 Settlement).

12       8.     The notice given to the Class of the settlement set forth in the Settlement and
13 other matters set forth therein was the best notice practicable under the circumstances, including
14 individual notice to all members of the Class who could be identified through reasonable efforts.
15 Said notice provided due and adequate notice of the proceedings and of the maters set forth
16 therein, including the proposed settlement set forth in the Settlement, to all persons entitled to
17 such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of
18 Civil Procedure and the requirements of due process.

19       9.     No Class Member has objected to the Settlement.

20       10.    Without affecting the finality of this Judgment in any way, this Court hereby
21 retains continuing jurisdiction over: (a) implementation of this settlement and any distribution to
22 Class Members pursuant to further orders of this Court; (b) disposition of the Settlement Fund;
23 (c) hearing and determining applications by representative Plaintiff/Class Counsel for attorneys'
24 fees, costs, expenses, including expert fees and costs, and other such items; (d) the Class Action
25 until the final judgements contemplated hereby have become effective and each and every act
26 agreed to be performed by the parties all have been performed pursuant to the Settlement; (e)
27 hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and
28 (f) all parties to the Class Actions and Releasees for the purpose of enforcing and administering

LAW OFFICES
COTCHETT,
PITRE, &
MCCARTHY, LLP

**FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE AS TO THE CYPRESS DEFENDANT; Case No. 4:07-md-1819 CW; MDL No. 1819**   2

the Settlement and the mutual releases and other documents contemplated by, or executed in connection with the Settlement.

12. In the event that the settlement does not become effective in accordance with the terms of the Settlement, then the judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void and the parities shall be returned to their respective positions *ex ante*.

13. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that this Final Judgment should be entered and further finds that there is no just reason for delay in the entry of this Judgment, as a Final Judgment, as to the parties to the Settlement. Accordingly, the Clerk is hereby directed to enter Judgment forthwith.

Date: June 30, 2011

_____
THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

*Submitted by:*

JOSEPH W. COTCHETT (#36324)
STEVEN N. WILLIAMS (#175489)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com

*Lead Counsel for the Direct Purchaser Class*