1  FRANCIS O. SCARPULLA (41059)
   CRAIG C. CORBITT (83251)
2  CHRISTOPHER T. MICHELETTI (136446)
   ZELLE HOFMANN VOELBEL & MASON LLP
3  44 Montgomery Street, Suite 3400
   San Francisco, CA 94104
4  Telephone: (415) 693-0700
   Facsimile:  (415) 693-0770
5  fscarpulla@zelle.com
   ccorbitt@zelle.com
6
   *Lead Counsel for Indirect Purchaser Class*
7

8

9

10
                    **UNITED STATES DISTRICT COURT**
11
                    **NORTHERN DISTRICT OF CALIFORNIA**
12
                            **OAKLAND DIVISION**
13

14  IN RE STATIC RANDOM ACCESS         | Case No. 4:07-md-1819 CW
    MEMORY (SRAM) ANTITRUST            | MDL No. 1819
    LITIGATION                         |
15                                     | **[PROPOSED]** **ORDER GRANTING AWARD**
                                       | **OF ATTORNEY'S FEES, REIMBURSEMENT**
16                                     | **OF EXPENSES AND FOR CLASS**
                                       | **REPRESENTATIVE INCENTIVE**
17  This Document Relates to:          | **PAYMENTS**
                                       |
18  ALL INDIRECT PURCHASER ACTIONS     | Hearing Date: October 6, 2011
                                       | Time: 2:00 p.m.
19                                     | Courtroom: 2, 4th Floor
                                       | Judge: Hon. Claudia Wilken
20

21

22

23

24

25

26

27

28

The Court, having considered Indirect Purchaser Plaintiffs' Motion for Award of Attorney's Fees, Reimbursement of Expenses, and Incentive Award (the "Motion") and the memorandum and declarations in support thereof, and after a duly noticed hearing, in addition to the findings stated on the record at such hearing, hereby finds that:

1. The Motion seeks an award of attorney's fees of one-third (1/3) of the Settlement Fund, which is comprised of all of the Settling Defendants' settlement payments ($41,322,000), as well as the interest earned thereon.  IP Plaintiffs' Class Counsel ("IP Class Counsel") also seek reimbursement of their unreimbursed litigation costs and expenses, and incentive awards for the 46 court-appointed class representatives.

2. The amount of attorney's fees requested is fair and reasonable under the "percentage-of-the-recovery" method, including as confirmed by a lodestar "cross-check."

3. The attorney's fees requested were entirely contingent upon success.  IP Class Counsel risked time and effort and advanced costs and expenses with no ultimate guarantee of compensation. The award of one-third is warranted for reasons set out in IP Plaintiffs' moving papers including, but not limited to, the following:  The result obtained for the class – payment by Defendants of more than $41 million; the quality and quantity of work performed by IP Class Counsel over more than fours years of litigation – such as substantial motion practice, discovery and trial preparation on complex fact and legal issues; the risks faced at the outset and throughout the litigation – such as proceeding after the Department of Justice closed its criminal investigation without seeking any indictments; and, the lodestar "cross-check" – which reveals a reasonable lodestar of over $30,000,000 and a 0.45 fractional multiplier or "negative lodestar" for IP Class Counsel's more than 76,000 hours of work on the case.

4. Two objections (Cochran and Foligno) to the attorneys' fees request were filed.  All objections are hereby overruled on the grounds that the objectors have failed to submit proof or otherwise establish that they are members of the Class, and they therefore lack standing to challenge any fee request. Additionally, the objections are otherwise without merit for the reasons set forth in IP Plaintiffs' Motion For Award Of Attorney's Fees, Reimbursement Of Expenses, And Incentive

1

[PROPOSED] ORDER GRANTING AWARD OF ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES AND FOR CLASS REPRESENTATIVE INCENTIVE PAYMENTS
Case No. 4:07-md-1819 CW; MDL No. 1819

Awards (DE 1375) and IP Plaintiffs' Reply In Support of Motion for Award Of Attorney's Fees, Reimbursement Of Expenses, And Incentive Awards, filed Sept. 15, 2011, and for the reasons stated by the Court at the October 6, 2011 Fairness Hearing (the "Fairness Hearing").

5. Cochran and Foligno filed their objections on August 25, 2011.  On August 29, 2011, IP Plaintiffs sought discovery from Cochran and Foligno regarding, *inter alia*, their membership in the Settlement Class and their standing to object to the Settlements, Plan of Distribution and request for attorneys' fees.  Cochran and Foligno objected to the discovery, IP Plaintiffs moved to compel (*see* DE 1386-1 – 1386-4), and Cochran and Foligno opposed the motion (*see* DE 1391).  On September 23, 2011, this Court granted the motion to compel, and ordered Cochran and Foligno to appear for depositions and produce documents to IP Plaintiffs by October 3, 2011.  DE 1393.  Cochran and Foligno refused to comply with and thereby violated the Order.  Neither Cochran nor Foligno, nor counsel representing them, appeared at the Fairness Hearing.  Cochran's and Foligno's failure to appear for a deposition or otherwise provide the Court-ordered discovery provides a separate and alternative basis for overruling Cochran's and Foligno's objections, and the Court overrules the objections on that basis as well.

6. The expenses sought were incurred in connection with the prosecution of the litigation for the benefit of the Class and were reasonable and necessary.  There were no objections to the expenses.

7. Additionally, the 46 class representatives are entitled to the requested incentive awards because of their work performed for the benefit of the Class and the risks undertaken.  There were no objections to the incentive awards.

8. Therefore, upon consideration of the Motion and accompanying declarations and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that: (i) the attorneys' fees requested are reasonable and proper; (ii) the expenses requested were necessary, reasonable and proper; and (iii) the incentive awards requested are warranted.

Accordingly, it is hereby ORDERED and DECREED that:

A. IP Class Counsel are awarded attorney's fees in the amount of $13,774,000.00, which is

2

[PROPOSED] ORDER GRANTING AWARD OF ATTORNEY'S FEES, REIMBURSEMENT OF EXPENSES AND FOR CLASS REPRESENTATIVE INCENTIVE PAYMENTS
Case No. 4:07-md-1819 CW; MDL No. 1819

1  one-third (1/3) of the Settlement Fund of $41,322,000.00, together with interest earned on the
2  Settlement Fund for the same time period and at the same rate as that earned on the Settlement Fund
3  until dispersed to IP Class Counsel.

      B.  IP Class Counsel are awarded reimbursement of their unreimbursed costs and expenses in the amount of $711,756.76.

      C.  The 46 class representatives are awarded incentive payments as follows:  (1) $5,000 to each of the 31 class representatives who were deposed during class certification proceedings; and (2) $2,500 each to the remaining 15 class representatives who were not deposed (including two spouses for whom only one payment is being made), for total payments of $190,000.00.

      D.  The attorneys' fees, reimbursement of expenses, and the incentive awards shall be paid from the Settlement Funds and the interest earned thereon.

      E.  The attorneys' fees and expenses shall be allocated among IP Class Counsel by Lead Counsel (Zelle Hofmann Voelbel & Mason LLP) in a manner which, in Lead Counsel's good-faith judgment, reflects each such IP Class Counsel's contribution to the institution, prosecution and resolution of the litigation.

      F.  This order shall be entered as of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.

**IT IS SO ORDERED**

Date: October 14, 2011

                HONORABLE CLAUDIA WILKEN
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
                OAKLAND DIVISION

3224725v4