FRANCIS O. SCARPULLA (41059)
CRAIG C. CORBITT (83251)
CHRISTOPHER T. MICHELETTI (136446)
ZELLE HOFMANN VOELBEL & MASON LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone:   (415) 693-0700
Facsimile:    (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Lead and Liaison Counsel for*
*Indirect Purchaser Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. 4:07-md-1819 CW<br><br>MDL No. 1819<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SAMSUNG AND CYPRESS SETTLEMENTS AND PLAN OF DISTRIBUTION |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Hearing Date:  October 6, 2011<br>Time:  2:00 p.m.<br>Courtroom:  2, 4th Floor<br>Judge:  Hon. Claudia Wilken |

Indirect Purchaser ("IP") Plaintiffs' request for final approval of the settlements entered into with Samsung Electronics Co., Ltd., Samsung Semiconductor, Inc., and Samsung Electronics America, Inc. and Cypress Semiconductor Corporation (collectively "Settling Defendants") and preliminarily approved by this Court on February 11, 2011 and March 11, 2011, respectively, (collectively, the "Settlements") (*see* Docket Entry ("DE") 1324, 1329) came on for hearing before this Court on October 6, 2011 (the "Fairness Hearing").  This Court has considered the relief requested, the supporting papers, and all other arguments presented at the hearing.  Due and adequate notice having been given, and good cause appearing, the Court hereby finds that:

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SAMSUNG
AND CYPRESS SETTLEMENTS AND PLAN OF DISTRIBUTION
Case No. 4:07-md-1819 CW

1.       This Court has jurisdiction over the subject matter of the request and all matters relating thereto, including all members of the Class.

2.       For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in each of the Settlements.

3.       For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Court certifies the following settlement class (the "Class"):  All persons and entities residing in the United States who, from November 1, 1996 through December 31, 2006, purchased SRAM in the United States indirectly from Defendants.  The Class excludes the following persons and entities: the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; any affiliate, legal representative, heir or assign of any Defendant; any federal, state or local entities; and any judicial officer presiding over this action and the members of her immediate family and judicial staff.

4.       The Court further finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a)       there are thousands of class members and therefore joinder of all members is impracticable;

(b)       there are questions of law or fact common to the class which predominate over individual issues;

(c)       the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

(d)       the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

5.       Jimmy Malo, Florbel Segura and William F. Steigman have timely and validly requested exclusion from the Class and, therefore, are excluded.

6.       Due and adequate notice of the Settlements and Plan of Distribution was provided to the Class, including in notice of the Settlements and Plan of Distribution that was disseminated via direct mail as well as by publications in newspapers, Sunday supplements, consumer magazines,

2

1    internet campaign and press releases, as well as postings on the website established for this case,

2    www.indirectsramcase.com.  Such notice was given in accordance with this Court's Order

3    Preliminarily Approving the Plan of Distribution and Notice Plan and Setting Fairness Hearing.  *See*

4    DE 1361.  Such notice adequately advised the Class of the Settlements, of their right to exclude

5    themselves from the Class or to object to the Settlements and Plan of Distribution.  The manner of

6    giving notice provided in this case fully satisfies the requirements of Federal Rule of Civil Procedure

7    23 and due process, constitutes the best notice practicable under the circumstances, and constituted

8    due and sufficient notice to all persons entitled thereto.  A full and fair opportunity was provided to

9    the members of the Class to be heard regarding the Settlements and Plan of Distribution.

10           7.      Four objections (Cochran, Foligno, Aune and Hallford) to the Settlements and/or Plan

11    of Distribution were filed.  All objections are hereby overruled on the grounds that the objectors

12    have failed to submit proof or otherwise establish that they are members of the Class, and they

13    therefore lack standing to challenge the Settlements and Plan of Distribution.  Additionally, the

14    objections are otherwise without merit for the reasons set forth in IP Plaintiffs' Memorandum in

15    Support of Final Approval of Samsung and Cypress Settlements and Distribution Plan, as argued at

16    the Fairness Hearing, and for the reasons stated by the Court at the Fairness Hearing.

17           8.      Cochran and Foligno filed their objections on August 25, 2011.  On August 29, 2011,

18    IP Plaintiffs sought discovery from Cochran and Foligno regarding, inter alia, their membership in

19    the Settlement Class and their standing to object to the Settlements, Plan of Distribution and request

20    for attorneys' fees.  Cochran and Foligno objected to the discovery, IP Plaintiffs moved to compel

21    (see DE 1386-1 – 1386-4), and Cochran and Foligno opposed the motion (see DE 1391).  On

22    September 23, 2011, this Court granted the motion to compel, and ordered Cochran and Foligno to

23    appear for depositions and produce documents to IP Plaintiffs by October 3, 2011.  DE 1393.

24    Cochran and Foligno refused to comply with and thereby violated the Order.  Neither Cochran nor

25    Foligno, nor counsel representing them, appeared at the Fairness Hearing.  Cochran's and Foligno's

26    failure to appear for a deposition or otherwise provide the Court-ordered discovery provides a

27    separate and alternative basis for overruling Cochran's and Foligno's objections, and the Court

28    overrules the objections on that basis as well.

1    9.    The Settlements and Plan of Distribution are, in all respects, fair, adequate and

2  reasonable to the Class.  Accordingly, the Court hereby grants final approval of the Settlements and

3  the Plan of Distribution.

4

5    **IT IS SO ORDERED.**

6

7  Dated: _____October 14_____, 2011    _____

8                                                                    The Honorable Claudia Wilken
                                                                      Northern District of California
9                                                                    District Court Judge
                                                                      Oakland Division

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  3225545v4

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SAMSUNG
AND CYPRESS SETTLEMENTS AND PLAN OF DISTRIBUTION
Case No. 4:07-md-1819 CW