UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Case No. 4:07-md-1819 CW<br><br>MDL No. 1819<br><br>**[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND** |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

Indirect Purchaser ("IP") Plaintiffs' Motion for an Order Authorizing Distribution of the Settlement Fund ("Motion") came on for hearing on September 27, 2012.  The Court previously granted final approval of IP Plaintiffs' settlements with all defendants in these class action proceedings, granted final approval of the Plan of Distribution submitted by the IP Plaintiffs, including the proposed allocation of the Net Settlement Fund between Reseller Settlement Class members and End User Settlement Class members, and found that due and adequate notice of the settlements and plan of distribution was provided to the Settlement Class.[1]

Having considered the Motion, the Declaration of Markham Sherwood in Support of the Motion, the Declaration of Christopher Micheletti in Support of the Motion, and all other supporting papers and arguments presented at the hearing, it is hereby ORDERED that:

1. IP Plaintiffs' Motion is GRANTED.

2. Claims administration expenses incurred and outstanding in the amount of $77,399.93 are hereby approved and shall be paid from the Settlement Fund to the Claims Administrator, Gilardi & Co.  Sufficient funds shall be reserved in the Settlement Fund for the payment of future claims administration costs, escrow account costs and taxes.  IP Plaintiffs are authorized to reserve $15,303.50 in the Settlement Fund for payment of future claims administration costs, escrow account costs and taxes.

3. In accordance with the approved Plan of Distribution, the Court finds that the Net Settlement Fund of $20,083,595.76 shall be allocated between the Reseller portion of the Settlement Class and the End User portion of the Settlement Class in the amounts previously

---

[1] *See* Order Granting Final Approval of Settlement (Micron, Hynix, Renesas-Hitachi-Mitsubishi, Etron, Toshiba, NEC), DE 1141; Final Judgment of Dismissal with Prejudice as to the Renesas-Hitachi-Mitsubishi Defendants, DE 1143; Final Judgment of Dismissal with Prejudice as to the Toshiba Defendants, DE 1144; Final Judgment of Dismissal with Prejudice as to the NEC Defendants, DE 1145; Final Judgment of Dismissal with Prejudice as to the Micron Defendants, DE 1146; Final Judgment of Dismissal with Prejudice as to the Hynix Defendants, DE 1147; Final Judgment of Dismissal with Prejudice as to the Etron Defendants, DE 1148; Order Granting Final Approval of Samsung and Cypress Settlements and Plan of Distribution, DE 1408; Final Judgment of Dismissal with Prejudice as to Cypress Semiconductor Corporation, DE 1409; Final Judgment of Dismissal with Prejudice as to the Samsung Defendants, DE 1410.

1

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND – MDL NO. 1819

1   approved by the Court (*i.e.*, 36.7% to the Resellers and 63.3% to the End Users). Accordingly,

2   IP Plaintiffs are authorized to transfer $7,370,679.64 from the Settlement Fund to the Claims

3   Administrator for purposes of distribution to approved Reseller claimants as set forth below.

4       4.    The Court finds that the claims review process, as set forth in the Sherwood

5   Declaration, was fair, adequate and reasonable, providing a full and fair opportunity for potential

6   Reseller members of the Settlement Class to submit a valid claim. Claims postmarked by

7   Reseller Settlement Class members and received by the Claims Administrator after the claims

8   filing deadline of October 24, 2011, but on or before May 31, 2012 are hereby accepted and

9   eligible for payment, provided they have otherwise been determined to be eligible for payment.

10  Claims postmarked after May 31, 2012 are not eligible for payment.

11      5.    The Court finds that a prorated distribution of the Reseller portion of the Net

12  Settlement Fund is fair, adequate and reasonable. The prorated amount is 7.468%, and prorated

13  payments to Resellers shall be determined by multiplying 7.468 percent times the claimant's

14  Approved Claim amount.

15      6.    The Claims Administrator's recommendations regarding claims and prorated

16  payment amounts (Sherwood Decl. ¶¶3-9 and Exhibit 1 thereto) are hereby adopted and

17  approved.

18      7.    The Court also finds that distribution of the End User portion of the Net

19  Settlement Fund (*i.e.*, $12,712,916.12) to the nonprofit candidates previously approved by the

20  Court is fair, adequate and reasonable. In making such payments from the Settlement Fund, IP

21  Plaintiffs shall utilize the applicable percentage amounts previously approved by the Court and

22  reflected in Docket Entry 1379-2.

23      8.    The Court hereby authorizes distribution of the Net Settlement Fund (less the

24  funds reserved for claim administration costs, escrow account costs and taxes) as set forth in

25  Exhibit 1 of the Sherwood Declaration and as set forth in paragraph 7 hereto.

26      9.    To the extent any of the reserved funds remain in the Settlement Fund after the

27  above distributions have been made and after IP Plaintiffs have paid all further and remaining

28

1 | claims administration costs, escrow account costs and taxes, Class Counsel may, without further
2 | order of the Court, distribute those funds to one or more of the cy pres candidates previously
3 | approved by the Court and referenced in Docket Entry 1379-2.

      IT IS SO ORDERED.

Dated:   August 30, 2012

                                               Honorable Claudia Wilken
                                               United States District Judge

3236497v1

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND – MDL NO. 1819