JOSEPH W. COTCHETT (#36324)
STEVEN N. WILLIAMS (#175489)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com

*Lead Counsel for the Direct Purchaser Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION | Master File No. 4:07-md-01819-CW <br><br> MDL No. 1819 <br><br> **DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT THEREOF** <br><br> Date: March 14, 2012 <br> Time: 2:00 p.m. <br> Location: Courtroom 2, 4th Floor <br> Judge: The Honorable Claudia Wilken |
| **This Document Relates to:** <br><br> **ALL DIRECT PURCHASER ACTIONS** | |

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT;** Case No. 4:07-md-01819-CW, MDL No. 1819

Law Offices
COTCHETT, PITRE
& MCCARTHY

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ...................................................................................................................1

II. STATEMENT OF FACTS ....................................................................................................2

    A. Background of the Settlements .....................................................................................2

    B. Notice to Class Members Regarding Settlements .........................................................3

    C. The Claims Process .......................................................................................................4

    D. Disputed Claims ............................................................................................................7

    E. Reserving Funds in the Net Settlement Fund ...............................................................7

III. ARGUMENT ........................................................................................................................8

IV. CONCLUSION ...................................................................................................................10

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT;** Case No. 4:07-md-01819-CW, MDL No. 1819        i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ..........................................................................................8

*In re Computron Software, Inc.*
   6 F. Supp. 2d 313 (D.N.J. 1998) ....................................................................................8, 9

*In re Lloyd's Am. Trust Fund Litig.*,
   2002 WL 31663577 (S.D.N.Y. Nov. 26, 2002) ...............................................................8

*In re Paine Webber Ltd. Partnerships Litig.*,
   171 F.R.D. 104 (S.D.N.Y. 1997) .....................................................................................8

*In re Vitamins Antitrust Litig.*,
   2000 WL 1737867 (D.D.C. Mar. 31, 2000) ....................................................................8

## OTHER AUTHORITIES

*Newberg on Class Actions*, § 11:33 (4th ed. Nov. 2012) .............................................................9

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT;** Case No. 4:07-md-01819-CW, MDL No. 1819          ii

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 14, 2013, at 2:00 p.m., or as soon thereafter as counsel can be heard, before the Honorable Claudia Wilken, United States District Judge, at the United States District Courthouse, 1301 Clay Street, Courtroom 2, 4th Floor, Oakland, California, 94612, Direct Purchaser Plaintiffs will move this Court for an Order authorizing the distribution of settlement proceeds obtained in the Direct Purchaser Actions to class members who submitted a valid claim.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the Declaration of Markham Sherwood in Support of Motion Authorizing Distribution of Settlement Fund, the Declaration of Steven N. Williams in Support of Direct Purchaser Plaintiffs' Motion for an Order Authorizing Distribution of Settlement Fund, the [Proposed] Order Granting Motion Authorizing Distribution of Settlement Fund, submitted herewith, as well as the complete files and records in this case.[1] This motion, and the papers filed in support, are being posted on the case website www.sramcase.com.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Direct Purchaser Plaintiffs ("Plaintiffs") settled this action with all named defendants, resulting in settlement proceeds of $76,872,476.99 plus accrued interest.[2] This Court has

---

[1] After Plaintiffs file this Motion, all documents including the Notice of Motion and Motion, the Memorandum of Points and Authorities in Support thereof, the Declaration of Markham Sherwood in Support of Motion Authorizing Distribution of Settlement Fund, the Declaration of Steve Williams in Support of Direct Purchaser Plaintiffs' Motion for an Order Authorizing Distribution of Settlement Fund, and the [Proposed] Order Granting Motion Authorizing Distribution of Settlement Fund will be posted on the SRAM website (http://www.gilardi.com/sramcase).

[2] The settling defendants include: Cypress Semiconductor Corporation, Etron Technology, Inc., Etron Technology America, Inc., Hynix Semiconductor Inc., Hynix Semiconductor America Inc., Integrated Silicon Solutions, Inc., Micron Technology, Inc., Micron Semiconductor Products, Inc., NEC Electronics Corporation, NEC Electronics America, Inc., Renesas Technology Corp. (formerly known as Hitachi, Ltd. and Mitsubishi Electric Corporation), Renesas Technology America, Inc. (formerly known as Hitachi America, Ltd. and Mitsubishi Electric & Mitsubishi Electronics USA, Inc.), Samsung Electronics Company, Ltd., Samsung Semiconductor, Inc., Toshiba Corporation, and Toshiba America Electronic Components, Inc. (collectively, "Settling Defendants").

---

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT;** Case No. 4:07-md-01819-CW, MDL No. 1819          1

granted final approval to each of the settlement agreements and the time for appeal has expired. All settlement payments have been made and placed in an interest-earning escrow account. Notice of the settlements was sent to class members, and potential class members submitted claims to the settlement proceeds. (Decl. of S. Williams in Support of Direct Purchaser Plaintiffs' Motion for an Order Authorizing Distribution of Settlement Fund ((("Williams Decl." ¶3)).

The claims administrator has completed an extensive, fair and reasonable review of each submitted claim. As of January 28, 2013, the Net Settlement Fund, which includes the settlement proceeds plus interest through that date, less Court-ordered attorneys' fees, costs and expenses, and incentive benefits to the Class Representative, amounts to approximately $50,402,242.73. ("Williams Decl." ¶ 4).

Plaintiffs recommend reserving sufficient funds in the Net Settlement Fund for the payment of federal and state taxes, and claims administration costs.

Pursuant to the settlement agreements, Plaintiffs request that the Court enter the Proposed Order, submitted herewith, which approves the *pro rata* distribution of the Net Settlement Fund, less funds reserved for taxes and claims administration costs, and authorizes payment of all claims approved by the Claims Administrator.

## II. STATEMENT OF FACTS

### A. Background of the Settlements

Plaintiffs brought this action alleging that from November 1, 1996 through December 31, 2005, defendants unlawfully agreed to fix, raise, maintain and stabilize the prices of Static Random Access Memory ("SRAM") in violation of the federal antitrust laws by the following means: agreeing to set SRAM prices and directly coordinating SRAM pricing; directly exchanging recent and future SRAM prices; directly exchanging other "highly confidential" SRAM pricing and production plans; policing each other's SRAM pricing practices; and seeking to control the supply of SRAM. Plaintiffs further alleged that, as a result of defendants' unlawful conduct, they and members of the Certified Class paid more for SRAM than they

Law Offices
COTCHETT, PITRE
& MCCARTHY

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT; Case No. 4:07-md-01819-CW, MDL No. 1819     2

would have in the absence of defendants' wrongful conduct. Defendants denied Plaintiffs' allegations and asserted numerous affirmative defenses. In exchange for the release of Plaintiffs' claims, nine separate settlement agreements were reached with Settling Defendants. The settlements total $76,872,476.99. (Williams Decl. ¶ 5).

On July 2, 2010 and June 30, 2011, the Court issued orders granting final approval of the settlements, determining that each settlement was fair, adequate and reasonable, and dismissed the litigation with prejudice against the Settling Defendants.[3] The Court also found that the notice given to the class regarding the settlements was the best notice practicable under the circumstances, and that such notice provided due and adequate notice of the proceedings and satisfied the requirements of due process. The judgments entered provided that the Court retains jurisdiction over disbursement of the settlement fund. (Williams Decl. ¶ 6).

### B. Notice to Class Members Regarding Settlements

The Claims Administrator mailed and emailed notice to class members, and Lead Counsel for the case also created a settlement website, which contained the notice and claim form. (Williams Decl. ¶ 7). Notice occurred in two phases, based on the timing of the settlements. The first notice informed class members about Plaintiffs' settlements with Etron, Hynix, ISSI, Micron, NEC, Renesas and Toshiba. The second notice informed class members of Plaintiffs' settlements with Cypress and Samsung. Both of these notices informed class members that the plan of allocation provides for distribution of the Net Settlement Fund on a *pro rata* basis, based on the dollar amount each class member paid to defendants for direct

---

[3] *See* Order Granting Final Approval of Plan of Allocation (July 2, 2010) (Dkt. No. 1021); Order Granting Final Approval of Settlement with Cypress and Samsung and Plan of Allocation (June 30, 2011) (Dkt. No. 1371); Final Judgment of Dismissal with Prejudice as to the Etron Defendants (July 2, 2010) (Dkt. No. 1028); Final Judgment of Dismissal with Prejudice as to the Hynix Defendants (July 2, 2010) (Dkt. No. 1027); Final Judgment of Dismissal with Prejudice as to the ISSI Defendant (July 2, 2010) Dkt. No. 1026); Final Judgment of Dismissal with Prejudice as to the Micron Defendants (July 2, 2010) (Dkt. No. 1025); Final Judgment of Dismissal with Prejudice as to the NEC Defendants (July 2, 2010) (Dkt. No. 1024); Final Judgment of Dismissal with Prejudice as to the Renesas-Hitachi-Mitsubishi Defendants (July 2, 2010) (Dkt No. 1023); Final Judgment of Dismissal with Prejudice as the Toshiba Defendants (July 2, 2010) (Dkt. No. 1029); Final Judgment of Dismissal with Prejudice as to the Cypress Defendant (June 30, 2011) (Dkt. No. 1373); and Final Judgment of Dismissal with Prejudice as to the Samsung Defendants (June 30, 2011) (Dkt. No. 1372) (collectively, "Final Approval Orders")

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT; Case No. 4:07-md-01819-CW, MDL No. 1819**   3

purchases of SRAM from November 1, 1996 through December 31, 2005. The deadline to submit a Proof of Claim was March 2, 2012. (Williams Decl. ¶ 8).

### C. The Claims Process

On or before November 17, 2011, pursuant to the November 2, 2011 Order Approving Claim Form and Claim Period for Direct Purchaser Action (Dkt. No. 1416) ("November 2 Order"), Gilardi mailed the Claim Form to 5,255 entities and electronically mailed a notification that Claim Forms were available ("e-mail notification") to 491 entities. A copy of the e-mail notification is attached as **Exhibit A**. The claim form was also available on Gilardi's company website, www.gilardi.com/sramcase. A copy of the Claim Form is attached as **Exhibit B**. (Decl. of Markham Sherwood in Support of Motion Authorizing Distribution of Settlement Fund ("Sherwood Decl." ¶ 4)).

The Claims Administrator created and maintained a website (http://www.gilardi.com/sramcase) which made available the Settlement Agreements, Class Notices, Preliminary Approval Orders, Final Approval Orders and access to the Claim Form. In addition, claimants could file Claim Forms on-line at the website from November 23, 2011 until March 2, 2012. (Williams Decl. ¶ 9).

As a result of the mailings of the Notice of Pendency of Class Action and Partial Class Action Settlements, and during the normal course of the administration of the Settlements, the mailing list for the Claim Form changed as a result of the following:

 a. Gilardi manipulated the data to ensure adequate formatting and to remove duplicate name and address records;

 b. Gilardi submitted the names and physical addresses to the United States Postal Service ("USPS") National Change of Address Service ("NCOA") to ensure adequate physical address formatting, obtain current physical addresses and qualify for postal discounts;

 c. Gilardi updated Claimants' addresses pursuant to their written requests;

Law Offices
COTCHETT, PITRE
& MCCARTHY

DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT; Case No. 4:07-md-01819-CW, MDL No. 1819          4

   d. Gilardi updated Claimants' addresses as a result of receiving forwarding addresses from the USPS or addresses found through a trace processing service;

   e. Gilardi added Claimants and their addresses, per their request for previous Notices; and

   f. Gilardi removed Claimants' names from the mailing list due to failure to obtain a deliverable address during the administration of the settlements and failure to receive a deliverable address prior to the Claim Form mailing in the current action.

Of the 491 e-mail notifications sent, 158 e-mails were returned as undeliverable. Where physical addresses were available, Gilardi mailed Claim Forms by standard first-class mail, postage pre-paid, to these records. ("Sherwood Decl." ¶ 6). Additional Claim Forms were mailed by standard first-class mail, postage prepaid, to 7 entities, at their request. The USPS returned 22 Claim Forms as undeliverable with a forwarding address, and Gilardi re-mailed Claim Forms to all forwarding addresses provided. ("Sherwood Decl." ¶ 6-7).

The United States Postal Service ("USPS") returned 1,670 Claim Forms as undeliverable without forwarding addresses. Gilardi used a trace processing service to obtain updated addresses for Claim Forms returned as undeliverable and received 192 updated addresses. Gilardi subsequently re-mailed Claim Forms to these updated addresses. ("Sherwood Decl." ¶ 8).

On or before November 17, 2011, Gilardi established a toll-free number (866-252-7551) and dedicated a Post Office Box to respond to inquiries and communications from Claimants. ("Sherwood Decl." ¶ 9).

Notice of the plan of distribution was provided to class members, and no objections to this plan were received. (Williams Decl. ¶ 10). The claim form was designed so that class members could easily provide the required information. Pursuant to the November 2 Order, class members had at least ninety (90) days to file a Claim Form. The Claim Form filing deadline was March 2, 2012. (Williams Decl. ¶ 11).

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT;** Case No. 4:07-md-01819-CW, MDL No. 1819       5

Gilardi received and processed 236 Claim Forms. For quality control purposes, each paper and on-line Claim Form submitted was given a unique claim number and entered into Gilardi's proprietary database. ("Sherwood Decl." ¶ 10).

From March 3, 2012 through January 7, 2013, Gilardi reviewed each submitted Claim Form to determine whether it was valid and included all required information. ("Sherwood Decl." ¶ 11).

Of the 236 claims received, Gilardi identified 28 duplicate claims, and 12 claims were withdrawn by Class Members, leaving 196 unique remaining claims. Of these, Gilardi determined that certain Claim Forms were missing information that was necessary to confirm the validity of the claim or a Claimant's *pro rata* share. ("Sherwood Decl." ¶ 12).

Of the unique remaining claims, 10 Claim Forms did not contain purchase information, 107 Claim Forms either did not appear in the sales data provided by the Defendants ("Defendant Records") or indicated purchase totals in excess of the amounts demonstrated in Defendant Records, and 65 Claim Forms fell into both of the above categories (for a total of 182 deficient claims). ("Sherwood Decl." ¶ 13).

On September 25, 2012, Gilardi mailed a Notice of Deficient Claim, Request for Documentation, or Notice of Deficient Claim and Request for Documentation (collectively the "Audit Letters") to these Claimants, advising the Claimants that unless the indicated deficiency was corrected or requested documentation was provided within fourteen (14) days, his or her filing of a Claim Form may be denied. Examples of the Audit Letters are attached as **Exhibit C**. To protect the privacy of the Claimants, their personal information has been redacted. ("Sherwood Decl." ¶ 14).

Gilardi reviewed documentation supplied by Claimants in response to the Audit Letters, which was comprised of documentation in the form of invoices, payment confirmations, purchase orders, spreadsheets, and other such documentation. ("Sherwood Decl." ¶ 15).

Ultimately, as a result of Gilardi's document review, 38 claims were approved at or above the amount submitted on their Claim Form; 25 claims were approved at reduced amounts

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT;** Case No. 4:07-md-01819-CW, MDL No. 1819       6

for a variety of reasons including but not limited to: inclusion of foreign purchases, purchases outside the Class Period, purchases made from a company other than a defendant, or purchases that were not SRAM; 8 claims were denied for a variety of reasons including but not limited to: late submission, lack of available records, inclusion of foreign purchases, purchases made from a company other than a defendant, or purchases that were not SRAM; and 125 claims were denied as they provided no response to the Audit Letters. Where possible, Gilardi followed up with these 125 claimants via email one time. ("Sherwood Decl." ¶ 16).

In sum, after the completion of audits, document review, and communications with potential Class Members, 63 claims were approved in their entirety or at reduced amounts. A total of 133 claims are being recommended for denial. A list of claims recommended for denial is attached as **Exhibit D**. To protect the privacy of these Claimants, their names have been redacted. ("Sherwood Decl." ¶ 17).

After the completion of processing and auditing claims, there are 63 Claimants recommended for approval (the "Authorized Claimants"). A list of the Authorized Claimants and their percentages of the Net Settlement Fund are attached as **Exhibit E**. To protect the privacy of the Authorized Claimants, their names have been redacted. ("Sherwood Decl." ¶ 18).

### D. Disputed Claims

There are no disputed claims.

### E. Reserving Funds in the Net Settlement Fund

As of January 28, 2013, approximately $50,402,242.73 remains in the Net Settlement Fund, which includes the settlement proceeds plus interest through that date, less Court-ordered attorneys' fees, costs and expenses, and incentive benefits to Class Representatives. (Williams Decl. ¶ 12). Plaintiffs recommend reserving sufficient funds in the Net Settlement Fund for payment of state and federal taxes as they become due during the claims distribution period. In addition, the Claims Administrator submitted a budget showing that approximately $40,000.00 should be reserved in the Net Settlement Fund for claims administration costs incurred, and for future claims administration costs, which include distributing, processing and tracing settlement

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT;** Case No. 4:07-md-01819-CW, MDL No. 1819      7

award checks, website updates and fees, communications with claimants, and FDIC charges. (Williams Decl. ¶ 13). Thus, Plaintiffs recommend distributing the Net Settlement Fund, less funds reserved for the payment of taxes, and claims administration costs.

## III.   ARGUMENT

Plaintiffs request an order authorizing distribution of the Net Settlement Fund to the approved valid claimants in the amount set forth in Exhibit E of the Sherwood Declaration. The Court has already approved a *pro rata* distribution (Dkt. Nos. 1021 and 1371). A *pro rata* distribution is determined by multiplying each claimants' percentage of the total valid claims (individual valid claimant purchases divided by total valid claims) times the Net Settlement Fund (approximately $50 million). This calculates each claimant's individual payment from the Net Settlement Fund. Attached as Exhibit E to the Sherwood Declaration is a spreadsheet of each valid claimant's *pro rata* percentage of the Net Settlement Fund.

Like final approval of a settlement agreement, a plan of allocation must be "fair, adequate and reasonable" to warrant court approval. *See In re Computron Software, Inc.* 6 F. Supp. 2d 313, 321 (D.N.J. 1998); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1284-85 (9th Cir. 1992). A plan of allocation, like the one proposed here, that compensates class members based on the type and extent of their injuries is generally considered to be reasonable. *Computron Software, Inc.* 6 F. Supp.2d at 321.

Courts have repeatedly found that *pro rata* distributions are "fair, adequate and reasonable." *See e.g., In re Vitamins Antitrust Litig.,* 2000 WL 1737867 at *6 (D.D.C. Mar. 31, 2000) ("Settlement distributions, such as this one, that apportion funds according to the relative amount of damages suffered by class members, have repeatedly been deemed fair and reasonable."); *In re Lloyd's Am. Trust Fund Litig.,* 2002 WL 31663577 at *19 (S.D.N.Y. Nov. 26, 2002) ("*pro rata* allocations provided in the Stipulation are not only reasonable and rational, but appear to be the fairest method of allocating the settlement benefits."); *In re Paine Webber Ltd. Partnerships Litig.,* 171 F.R.D. 104, 135 (S.D.N.Y. 1997) ("*pro rata* distribution of the Settlement on the basis of Recognized Loss will provide a straightforward and equitable nexus

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT; Case No. 4:07-md-01819-CW, MDL No. 1819**        8

for allocation and will avoid a costly, speculative and bootless comparison of the merits of the Class Members' claims").

Distribution of the Net Settlement Fund, as set forth in Exhibit E of the Sherwood Declaration is fair, adequate and reasonable. The plan of distribution provides for a straight *pro rata* distribution to class members with valid claims (with no class members being favored over others). Like allocation plans previously adopted by courts, this plan compensates class members based on the extent of their injuries. *See Computron Software, Inc.,* 6 F.Supp.2d at 321. Notice of this plan of distribution was provided to class members, and no objections to this plan were received. (Williams Decl. ¶ 10). Distribution of the Net Settlement Fund is appropriate at this time because final judgment has been entered and the time to appeal the settlement agreements has expired. *See Newberg on Class Actions*, § 11:33 (4th ed. Nov. 2012) ("settlement fund is usually not distributed until final judgment has been entered and the appeal period has expired").

In addition, the proposed distribution is appropriate because the Claims Administrator has completed a fair, reasonable, and adequate review of the claims. First, the Claims Administrator established quality control measures to ensure that each claim was properly tracked and notified claimants of any deficiencies, including incomplete claim forms, duplicate claims, unsupported claim amounts, and claims that did not satisfy the class definition. If emails, claim forms, or deficiency letters were returned as undeliverable, the Claims Administrator attempted to obtain updated addresses and re-mailed the letters where possible.

Second, claimants had every opportunity to cure any deficiencies by providing additional information or documentation. The Claims Administrator processed late claims and, if in appropriate circumstances and after consultation with counsel, extended the deadline to submit supporting documentation. Additionally, where possible, the Claims Administrator used data provided by Class Counsel and Settling Defendants if a claimant could not locate supporting documentation regarding purchases.

Law Offices
COTCHETT, PITRE
& MCCARTHY

**DIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND; MEMORANDUM IN SUPPORT; Case No. 4:07-md-01819-CW, MDL No. 1819**    9

Third, the Claims Administrator and Class Counsel spent a significant amount of time working with claimants and/or their counsel to resolve claim disputes.

Finally, the claims process resulted in significant savings to the Class. After the completion of audits, document review, communications with claimants, and processing late claims, the Claims Administrator determined that $3,830,544,766.01 of claims were not eligible.

In sum, distributing the Net Settlement Fund on a *pro rata* basis to all approved claimants is fair, reasonable, and adequate.

## IV. CONCLUSION

For the foregoing reasons, Direct Purchaser Plaintiffs respectfully request an Order authorizing the distribution of the Net Settlement Fund as set forth in Exhibit E of the Sherwood Declaration.

Dated: January 31, 2013

**COTCHETT, PITRE & McCARTHY, LLP**

By  /s/ Steven N. Williams

JOSEPH W. COTCHETT (#36324)
STEVEN N. WILLIAMS (#175489)
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone:  (650) 697-6000
Facsimile:   (650) 697-0577
jcotchett@cpmlegal.com
swilliams@cpmlegal.com

*Lead Counsel for the Direct Purchaser class*