IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STATIC RANDOM ACCESS MEMORY (SRAM) ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL DIRECT PURCHASER ACTIONS<br>_____/ | No. 07-md-1819 CW<br><br>ORDER GRANTING MOTION TO WITHDRAW REQUEST FOR EXCLUSION (Docket No. 1428) |

    Hewlett-Packard Company (HP) moves to withdraw its April 2009 request for exclusion from the Direct Purchaser Class. The Direct Purchaser Class opposes the motion. Defendants do not oppose the motion. The Court takes the matter under submission on the papers and grants the motion.

## BACKGROUND

    Plaintiffs, purchasers of static random access memory (SRAM), filed this antitrust class action in October 2006, alleging that Defendants had conspired to fix prices and production of SRAM. After the Court certified a class of SRAM purchasers (Direct Purchaser Class) in September 2008, Docket No. 566, potential class members were notified and given until April 6, 2009 to opt out of the class. On April 1, five days before the deadline, HP notified counsel for the Direct Purchaser Class that it wished to withdraw from the class.

    One year later, the Direct Purchaser Class reached a settlement with all Defendants except Samsung and Cypress. The Court granted final approval of the settlement in July 2010.

Docket No. 1021.  In early 2011, after additional discovery and motion practice involving Samsung and Cypress, the Class negotiated settlements with these two Defendants, as well.  The Court granted final approval of those settlements in June 2011.  Docket No. 1371.  Taken together, the final settlements provide for roughly $77 million in total recovery for members of the Direct Purchaser Class.  The settlement agreements provide for a pro rata distribution of a combined settlement fund.

On January 31, 2013, the Direct Purchaser Class moved for an order authorizing distribution of the settlement fund.  Two weeks later, on February 15, HP filed this motion seeking to rejoin the class.  The parties agree that the Court should decide HP's motion before it authorizes distribution of the settlement fund.

## DISCUSSION

Only a small handful of cases have addressed whether putative class members may rejoin a class after they have previously opted out.  In re Brand Name Prescription Drugs Antitrust Litig., 115 F.3d 456, 457 (7th Cir. 1997) ("Although it would be peculiar for an opt-out to seek to opt back in, this is occasionally sought and allowed.").  These cases do not point to any unifying standard for deciding requests to rejoin a class nor do the Federal Rules of Civil Procedure.  See In re Elec. Carbon Prods. Antitrust Litig., 447 F. Supp. 2d 389, 396-97 (D.N.J. 2006) ("Where a putative class member has timely filed an opt-out notice, the rules are silent on the procedure to be followed when the party seeks to rejoin the class.").

In large, multidistrict antitrust class actions, such as this one, courts have repeatedly allowed putative class members to

rejoin a class at the settlement stage.[1]  These courts have reasoned that, if a plaintiff who previously opted out "is permitted back into the settlement class, the remaining members will receive no less than what they would have received had [that plaintiff] never opted out."  In re Elec. Weld Steel Tubing, 1982 WL 1873, at *3.

Requests to rejoin will generally only be denied when the putative class member's initial "decision to opt out of the settlement class was part of a conscious plan to squeeze additional settlement dollars from the defendants."  Id.; In re MoneyGram Int'l, Inc. Secs. Litig., 2011 WL 855311, at *3 (D. Minn.) (denying request to rejoin because the initial opt-out decision appeared motivated by a desire "to gain leverage for a separate settlement").  Thus, a party challenging a request to rejoin must typically produce some evidence that the plaintiff's initial opt-out decision was exploitative.  In re Elec. Weld Steel Tubing, 1982 WL 1873, at *3.

Here, the Direct Purchaser Class has not offered evidence to show that HP's initial opt-out decision was motivated by a desire to extract a larger settlement for itself.  Although HP might have incurred certain litigation-related costs had it remained in the class, the Direct Purchaser Class has not shown that these costs would have been substantial.  Nor has the Direct Purchaser Class shown that HP's pro rata share of the settlement distribution --

---

[1] See In re Urethane Antitrust Litig., 2008 WL 5215980, at *3 (D. Kan.); In re Elec. Carbon Prods., 447 F. Supp. 2d at 396-97; In Re Elec. Weld Steel Tubing Antitrust Litig., 1982 WL 1873, at *3 (E.D. Pa.); In re Corrugated Container Antitrust Litig., 1981 WL 2093, at *14 (S.D. Tex.).

3

1.5 percent -- is large enough to prejudice Class members significantly. The Court therefore grants HP's request to rejoin the Direct Purchaser Class.

## CONCLUSION

HP's motion to withdraw its request for exclusion from the Direct Purchaser Class (Docket No. 1428) is GRANTED.

In addition, the Direct Purchaser Class' motion for an order authorizing distribution of the settlement fund (Docket No. 1425) is TERMINATED. Counsel for the Direct Purchaser Class is directed to re-file the motion after amending its proposal for distribution of the settlement fund to account for HP's inclusion in the Class.

IT IS SO ORDERED.

Dated: 3/25/2013

CLAUDIA WILKEN
United States District Judge